Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br>    v.<br><br>DAVID TRINH,<br><br>    Defendant. | No. 3:12-cv-02393-CRB<br><br><br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submit this Case Management Conference Statement pursuant to the Court's ADR Scheduling Order (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and

---

[1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is the only party in this case at this time. *See* Exhibit A Declaration of Brett L. Gibbs.

controversy under Article III of the United States Constitution. As defendant David Trinh has only recently been identified and has not been served yet, he has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, David Trinh is in the State of California. Plaintiff used geolocation technology to trace the IP address used by David Trinh to a point of origin within the State of California. Upon production of information by David Trinh's Internet Service Provider ("ISP") Comcast Cable Communications LLC ("Comcast"), Plaintiff confirmed that David Trinh resides in San Francisco, California. Thus, there are no actual or potential personal jurisdiction issues in this case.

On May 30, 2021, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery. (ECF No. 7.) On June 14, 2012, Honorable Donna M. Ryu granted Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery. (ECF No. 10.) Plaintiff served the subpoena on Comcast on June 18, 2012. Plaintiff recently received the requested discovery from Comcast and proceeded to amend its Complaint. On August 19, 2012, Plaintiff filed the Amended Complaint naming the Defendant in this case. (ECF No. 13.) Plaintiff is currently in the process of contacting and serving David Trinh.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. David Trinh is the alleged copyright infringer.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. David Trinh, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. (ECF No. 1 ¶¶ 18-24.) David Trinh operated under the cover of a network address when he joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. (ECF No. 1

¶¶ 14, 32-37.) Due to the quasi-anonymous fashion in which David Trinh conducted himself online, Plaintiff was unaware of his actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information—at the time of filing its initial Complaint. (*See* ECF No. 1.)

Through unique proprietary software, Plaintiff's agents identified David Trinh by a unique IP address, assigned to him by his ISP on the date and at the time of his infringing activity. (ECF No. 7-2 ¶¶ 16, 27.) While these were not the only times of David Trinh's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's investigators. (ECF No. 1 at 18-25; ECF No. 7-1 ¶ 27.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that David Trinh unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. (ECF No. 7-1 ¶ 25.) A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on David Trinh was accurate. (ECF No. 7-1 ¶ 16.)

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. Motions:**

On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) On June 14, 2011, the Court granted that Application. (ECF No. 13.)

**5. Amendment of Pleadings:**

Plaintiff filed its Amended Complaint on August 19, 2012, and named David Trinh as the Defendant to this case. (ECF No. 13.)

**6. Evidence Preservation:**

Plaintiff's agents at 6881 Forensics LLC ("6881") engaged in real time monitoring of David Trinh's infringing activity using its proprietary software. (ECF No. 7-1 ¶ 16, 27.) 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. (ECF No. 7-1 ¶ 16.) 6881's processes are designed to ensure that information

gathered about David Trinh is accurate. (*Id.*) Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial. (ECF No. 7-1 ¶ 26.)

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures.

**8. Discovery:**

Plaintiff only recently received the requested discovery from Comcast and filed its Amended Complaint on August 19, 2012. Plaintiff is currently in the process of contacting and serving the defendant David Trinh.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that David Trinh infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that David Trinh has injured the business reputation and business of Plaintiff by David Trinh's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against David Trinh, enjoining and restraining David Trinh and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring David Trinh to destroy all copies of those unlawfully copyrighted files in his possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against David Trinh for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

///

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. A conference seems inappropriate considering that Plaintiff is only party at this time.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

Without David Trinh being involved in this process, any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without David Trinh being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Corporate Party Disclosure Statement and Certification of Interested Entities or Persons. (ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other

kind of interest that could be substantially affected by the outcome of the proceedings other than the parties. (*See* ECF No. 2.)

**20. <u>Other Matters</u>:**

Plaintiff is currently in the process of contacting and serving David Trinh. So far, this attempt has been unsuccessful, but without Mr. Trinh participating in the Case Management Conference, it would be a waste of the Court's and Plaintiff's time and resources. Plaintiff is continuing its efforts to encourage participation on Mr. Trinh's part and have both parties participating in the proceedings. Currently, Plaintiff needs more time to serve and establish contact with David Trinh.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: August 24, 2012**

By: /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.