Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AF HOLDINGS, LLC.,

      Plaintiff,

v.

DAVID TRINH

      Defendants.

Case No. 3:12-cv-02393-CRB

**ANSWER TO AMENDED COMPLAINT DENYING ALLEGATIONS OF 1) DIRECT COPYRIGHT INFRINGEMENT; 2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND 3) NEGLIGENCE**

COME NOW the defendant David Trinh, by and through his attorney, and submits Defendant's Answer to Plaintiff's Amended Complaint for Copyright Infringement and Negligence as follows:

**Nature of the Case**

1.     Defendant admits that the instant matter is filed under the Copyright Act and common law negligence theories. Defendant denies the remaining allegations of Paragraph 1.

2.     Answering Paragraph 2, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

3.     Answering Paragraph 3, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

4.     Mr. Trinh admits that he is over the age of 18 and resides in San Francisco, California. Defendant admits that he is a Comcast Cable Communications internet subscriber. As to

the remainder of Paragraph 4, Defendant lacks information sufficient to form a belief as to the facts alleged, and therefore denies the remaining allegations.

### Jurisdiction and Venue

5.      Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims.

6.      Defendant admits that this Court has personal jurisdiction and that Defendant resides in the State of California.  Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant admits that venue is appropriate in this district.

8.      Defendant admits the allegations of Paragraph 8.

9.      Answering Paragraph 9, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

10.      Answering Paragraph 10, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

11.      Answering Paragraph 11, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

12.      Answering Paragraph 12, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

13.      Answering Paragraph 13, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

14.      Answering Paragraph 14, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

15.      Answering Paragraph 15, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

16.      Answering Paragraph 16, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

17.      Answering Paragraph 17, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

**Allegations Common to All Counts**

18.   Answering Paragraph 18, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

19.   Defendant admits that the Video is apparently registered in the United States Copyright Office.  As to the remaining allegations in Paragraph 19, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

20.   Answering Paragraph 20, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

21.   Answering Paragraph 21, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

22.   Defendant denies the allegations in Paragraph 22.

23.   Defendant denies the allegations in Paragraph 23.

24.   Defendant denies the allegations in Paragraph 24.

**Count I – Copyright Infringement**

25.    Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.

26.   Defendant denies the allegations in Paragraph 26.

27.   Defendant denies the allegations in Paragraph 27.

28.   Defendant denies the allegations in Paragraph 28.

29.   Defendant denies the allegations in Paragraph 29.

30.   Defendant denies that Plaintiff is entitled to statutory damages against Defendant.

31.   Defendant denies the allegations in Paragraph 31.

**Count II – Contributory Infringement**

32.   Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.

33.   Answering Paragraph 33, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

34.   Defendant denies the allegations in Paragraph 34.

35.   Defendant denies the allegations in Paragraph 35.

36.   Defendant denies the allegations in Paragraph 36.

37.   Defendant denies the allegations in Paragraph 37.

38.   Defendant denies the allegations in Paragraph 38.

39.   Defendant denies the allegations in Paragraph 39.

**Count III - Negligence**

40.   Defendant hereby reincorporates by reference each admission or denial contained in the preceding paragraphs as if fully set forth herein.

41.   Defendant denies the allegations in Paragraph 41.

42.   Defendant denies  the allegations in Paragraph 42.

43.   Defendant denies the allegations in Paragraph 43.

44.   Defendant denies the allegations in Paragraph 44.

45.   Defendant denies  the allegations in Paragraph 45.

46.   Defendant denies the allegations in Paragraph 46.

47.   Defendant denies the allegations in Paragraph 47.

48.   Defendant denies the allegations in Paragraph 48.

49.   Defendant denies the allegations in Paragraph 49.

50.   Defendant denies the allegations in Paragraph 50.

**Prayer for Relief**

1-7.   Defendant denies any and all allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief stated therein or any relief whatsoever on the claims brought herein.

**Defendant's Affirmative Defenses**

Defendant hereby asserts the following Affirmative Defenses in this case:

First Affirmative Defense

1.   Plaintiff's Complaint fails to state a claim upon which relief may be granted against defendant.

Second Affirmative Defense

2.   The measure of statutory damages sought by Plaintiff is unconstitutionally excessive as applied.

Third Affirmative Defense

3.   Plaintiff's claims are barred because Plaintiff lacks standing to bring or maintain the instant action.

Fourth Affirmative Defense

4.   Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Fifth Affirmative Defense

5.   Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Sixth Affirmative Defense

6.   Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

Seventh Affirmative Defense

7.   While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any infringement of Plaintiff's work qualifies as an "innocent infringement."

Eighth Affirmative Defense

8.     While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred.

Ninth Affirmative Defense

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Tenth Affirmative Defense

10.    Plaintiff's copyrights are invalid and/or unenforceable.

Eleventh Affirmative Defense

11.    While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent, and the claims are therefore barred by the doctrine of implied license.

Twelfth Affirmative Defense

12.    Plaintiff's claims are barred by the doctrine of misuse of copyright.

Thirteenth Affirmative Defense

13.    To the extent Plaintiff has suffered any damages, which defendant expressly denies, Plaintiff has failed to take reasonable steps to mitigate the damages sustained.

Fourteenth Affirmative Defense

14.    Plaintiff's claims are barred because the alleged infringement was not cause by a volitional act attributable to defendant.

Fifteenth Affirmative Defense

15.     Plaintiff is barred from further recovery by the doctrines of accord and satisfaction and the single satisfaction rule.

Sixteenth Affirmative Defense

16.     Plaintiff action is barred by the doctrine of collateral estoppel.

**Additional Defenses**

16.     Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

**Defendant's Relief Requested**

WHEREFORE, Defendant Prays this Court for the following relief:

1.     For dismissal of the Plaintiff's action with prejudice;

2.     For an order that Plaintiffs shall take no relief from their complaint herein;

3.     For an award of Defendant's costs and attorneys' fees herein incurred; and

4.     For such other relief as this Court deems just.

**Demand for a Jury Trial**

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a jury trial on all issues so triable.


DATED: September 26, 2012            Respectfully Submitted,



By:   _____/s/ Nicholas Ranallo_____
       Nicholas Ranallo (Cal Bar # 275016)
       Attorney for David Trinh
       371 Dogwood Way
       Boulder Creek, CA 95006
       (831) 703-4011
       Fax: (831) 533-5073
       nick@ranallolawoffice.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 26th day of September, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/          Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law