Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| AF HOLDINGS, LLC., | Case No. 3:12-cv-02393-CRB |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF MOTION AND DEFENDANT'S MOTION TO POST UNDERTAKING |
| DAVID TRINH | Judge: Honorable Charles R. Breyer<br>Courtroom 6 – 17th Floor<br>Date:  November 16, 2012 |
| Defendants. | |

## DEFENDANT TRINH'S NOTICE OF MOTION AND MOTION TO REQUIRE UNDERTAKING PER CCP §1030

PLEASE TAKE NOTICE that on Friday, November 16, 2012, at 10:00 a.m. Defendant David Trinh, by and through undersigned counsel and pursuant to federal law and CCP §1030, shall appear before the Honorable District Judge Charles Breyer at the San Francisco Courthouse, Courtroom 6-17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, and will present his motion to require Plaintiff AF Holdings to post an undertaking pursuant to Cal. Code Civ. Proc. §1030.

Defendant relies on this motion, the attached memorandum in support, all supporting declarations filed herewith, including the declarations of the defendant and defendant's counsel, and any oral arguments made before the court. For the reasons set out more fully herein, Defendant Trinh requests that this court require Plaintiff AF Holdings to post an undertaking in

the amount of $85,000 to cover costs and fees that Defendant expects to incur in this action.


Dated: October 5, 2012                                    Respectfully Submitted,

                                                                     /s/ Nicholas Ranallo
                                                                     Nicholas Ranallo, Attorney at Law
                                                                     Counsel for Defendant
                                                                     371 Dogwood Way
                                                                     Boulder Creek, CA 95006
                                                                     (831) 703-4011
                                                                     nick@ranallolawoffice.com

Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRINH <br><br> Defendants. | Case No. 3:12-cv-02393-CRB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO POST UNDERTAKING** |

**TABLE OF CONTENTS**

I. A BRIEF INTRODUCTION TO PRENDA LAW, INC................................................................2

II. LITIGATION HISTORY AND STATEMENT OF FACTS............................................................5

III. LEGAL STANDARD AND AUTHORITY TO REQUIRE UNDERTAKING............................5

IV. ARGUMENT..................................................................................................................................6

    A. PLAINTIFF IS A FOREIGN CORPORATION................................................................6

    B. THERE IS A REASONABLE POSSIBILITY THAT DEFENDANT WILL OBTAIN JUDGMENT IN HIS FAVOR..................................................................................................7

        1. An IP Address Cannot Identify the Infringer of Plaintiff's Copyright..................7

        2. Plaintiff's Counsel Has Repeatedly Admitted the Insufficiency of an IP Address..................................................................................................................8

        3. Defendant Has Not Committed Copyright Infringement.....................................10

        4. Plaintiff's Cause of Action for Negligence Fails to State a Claim........................11

    C. DEFENDANT CAN EXPECT TO INCUR AT LEAST $85,000 IN RECOVERABLE COSTS AND FEES..............................................................................................................12

    D. THIS COURT SHOULD ISSUE A STAY PURSUANT TO CAL. CODE CIV. PROC. 1030(E)..................................................................................................................................14

V. CONCLUSION.............................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*AF Holdings v. Does 1-135*, No. 11-cv-03336-LHK (ECF No. 42 – Minute Order)
(N.D. Cal. Feb. 23, 2012 at 1)..................................................................................................3

*AF Holdings v. John Doe & Josh Hatfield,* 4:12-cv-02049; 2012 WL 3835102
(N.D. Cal. September 4, 2012)..................................................................................................3

*Boy Racer, Inc. v. Does 1-52,* 2011 WL 7402999 (N.D. Cal. 2011).............................................8

*Hard Drive Productions v. Doe,* No. 4:11-cv-05634-PJH
(ECF No. 9 – Plaintiff's Ex Parte Application for Discovery at 9-10)(January 6, 2012)...............9

*Hard Drive Productions v. John Doe,* 4:11-cv-05630-YGR
(ECF No. 9 – Plaintiff's Ex Parte Application at 9)(N.D. Cal. January 6, 2012)..........................9

*Hard Drive Productions, Inc. v. John Doe*, No. 4:11-cv-05630-YGR (Order Granting Leave to Issue Deposition Subpoena)(N.D. Cal. January 18, 2012)(ECF No. 10 at 2).........................................9

*In Re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447
(E.D.N.Y. May 1, 2012).............................................................................................................2

*Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987)............................................12

*Kourtis v. Cameron,* 358 Fed. Appx. 863 (9th Cir. 2009)..........................................................6-7

*Liberty Media v. Tabora,* No. 12 Civ. 2234; 2012 WL 2711381 (S.D.N.Y. July 9, 2012).........11

*Pacific Century International, Ltd., v. Does 1-101* No. C-11-02533, 2011 WL 5117424 at *2
(N.D. Cal. Oct. 27, 2011)............................................................................................................7

*SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620. (N.D.Cal. Nov. 30, 2011)....................7

*Simulnet E. Assocs. V. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir. 1994)..............5

*VPR Internationale v. Does 1-1017,* 11-cv-02068-HAB-DGB, Dkt. No. 15 (C.D. Ill. 2011).......7

**STATUTES**

Cal. Code Civ. Proc. §1030..................................................................................................5,14

## I.     **A BRIEF INTRODUCTION TO PRENDA LAW, INC.**

This case is the latest installment in the "nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals." *In Re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012). Plaintiff herein is a foreign corporation and a prolific litigant in district courts throughout the country. The instant case is the latest effort by AF Holdings and its counsel to punish an ISP account-holder – whether by law or sheer litigation cost – for infringements committed by another individual via the defendant's wireless router.

Plaintiff's counsel herein, as affiliate for "Prenda Law, Inc.," (formerly known as Steele Hansmeier, PLLC), has been an active player in this arena and has filed numerous lawsuits, in multiple forms, in an attempt to leverage embarrassing accusations into "settlements." As described further herein these lawsuits have taken several forms, but the fundamental element has remained the same: pay a "settlement" to make the accusations go away, or face the embarrassment and expense required to prove your innocence. The fundamental flaw of these suits has likewise remained throughout each incarnation – an IP address is simply not sufficient to identify the individual that infringed on a Plaintiff's copyright.

Initially, Plaintiff's counsel was content to file a series of massive "John Doe" suits. These suits followed a common course. First, a plaintiff files suit against a massive number of "Doe" defendants based on generalized allegations that they have "shared" a pornographic work. Plaintiff's counsel filed dozens of these suits in the Northern District alone. See, e.g. *AF Holdings v. Does 1-135,* 5:11-cv-03336-LHK; *Hard Drive Productions v. Does 1-84,* 5:11-cv-3648-HRL; and *MCGIP v. Does 1-30;*

Plaintiffs then sought an ex parte order authorizing pre-service discovery from the court, in the form of ISP subscriber names, addresses, phone numbers, etc. Upon receiving the list of ISP subscriber names, the mass case would be dismissed "without prejudice," and Plaintiff's counsel would then begin sending settlement demands and making telephone calls to the ISP subscribers, threatening individual suits unless the subscriber settled. The dirty little secret of these early cases

was that Plaintiff's counsel never, in fact, filed individual suits. Plaintiff's counsel was forced to admit that fact in a mass case involving the present Plaintiff, AF Holdings.

In *AF Holdings v. Does 1-135,* Plaintiff was initially allowed to conduct the early discovery requested herein, and was able to identify many of the 135 ISP subscribers sought in the suit. After several months of inactivity, Plaintiff's counsel was ordered to provide a declaration that included, inter alia,

> "A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed by Plaintiff's counsel's law firm or predecessor firm in federal court. Identify the case by name, case number, court, and filing date. **For each case, indicate how many Doe Defendants were actually served**."

In response, Plaintiff's counsel was forced to admit that, despite filing suit against over 15,000 Does, neither Prenda nor Steele Hansmeier had ever served a single identified individual with a copyright complaint. A copy of Plaintiff's response is annexed hereto as Exhibit A. The reason for plaintiff's reluctance to serve anyone is simple– an IP address is not sufficient to identify the infringer of a particular copyrighted work. Numerous courts have recognized this fact, and Plaintiff's counsel has been forced to admit it on numerous occasions. See Section IV B. (2), infra.

Following its "emperor-has-no-clothes" moment, Prenda was forced to reconsider their approach. Plaintiff initially began forwarding a new cause of action for negligence, whereby (they say) an ISP account-holder can be held liable based on his failure to prevent others from infringing Plaintiff's copyrights. See, e.g. *AF Holdings v. John Doe & Josh Hatfield;* 4:12-cv-02049-PJH; *AF Holdings v. John Doe & John Botson,* 5:12-cv-2048. Indeed, Mr. Trinh is also accused of negligence in the instant case. Unfortunately for Plaintiff, the negligence cause of action is simply not viable in the present context, as recognized by the two district courts that have confronted the issue on a motion to dismiss (including this district). See *AF Holdings v. John Doe & Josh Hatfield,* 4:12-cv-02049; 2012 WL 3835102 (N.D. Cal. September 4, 2012) and Section IV (b)(4), infra.

Plaintiff has been left with a difficult dilemma. In response, they could have decided to adequately investigate individual cases of copyright infringement, in an effort to determine the actual infringer in each case. Although this would perhaps satisfy Rule 11, it is inefficient and poorly suited to a litigation campaign that has ensnared over 15,000 ISP subscribers in the course of a few short years. So, instead, Plaintiff has chosen a second route: "blindly serving"[1] the ISP subscriber and hoping that the very real costs of litigation will force the subscriber to settle, whether guilty or not.

The day after Judge Hamilton's order rejecting the negligence cause of action, Plaintiff served David Trinh in the instant case. Mr. Trinh is accused of copyright infringement based solely on the fact that he is the ISP subscriber associated with a particular IP address. Plaintiff has also alleged that Mr. Trinh was negligent in failing to prevent the infringement of Plaintiff's copyrights, despite the rulings described above. Plaintiff failed to make a reasonable factual investigation of its claim, and consequently has unjustly accused an innocent individual of a serious offense involving embarrassing subject matter. Plaintiff seeks to leverage these accusations, and the potential cost of federal litigation, into a dubious settlement. So far Mr. Trinh has resisted, but the potential costs of litigation are a very real concern for the Defendant.

As such, David Trinh respectfully requests the court to order Plaintiff AF Holdings to post an undertaking in the amount of $85,000 per California Civil Procedure Code §1030(a). Defendant is entitled to this relief, as Plaintiff is a foreign corporation and Defendant stands a reasonable possibility of obtaining judgment herein. $85,000 represents the amount that Defendant estimates will be required to litigate this case through a summary judgment motion, as further described herein.

## II.   LITIGATION HISTORY AND STATEMENT OF FACTS

A. **Procedural History**

The complaint in the instant matter was filed on May 10, 2012, against a single unidentified John Doe defendant, alleging that the Doe had violated the Plaintiff's copyrights via a

---

[1] These are Mr. Gibbs own words – see Section IV(B)(2), infra.

4

specified IP address. On May 30, 2012, Plaintiff applied Ex Parte for an order authorizing early discovery to determine the ISP subscriber assigned to the IP address in question at the date/time of the alleged infringement. On June 14, 2012, Magistrate Judge Ryu granted Plaintiff's request. Subsequently, Plaintiff was notified that David Trinh was *the subscriber* associated with IP address 69.181.62.141 on the date in question. Plaintiff offers no further basis for the accusation that Mr. Trinh has infringed any copyrights.

**B.    The Alleged Infringement**

According to Plaintiff's complaint, the individual that infringed its copyright did so on December 23, 2011, at 6:31:51 PM (UTC). See Amended Complaint at ¶23. This translates to 10:31:51 AM Pacific Standard Time, on the day after Christmas. As noted in the Trinh Declaration, the Defendant was not home at the time of the alleged infringement. See Trinh Dec. at ¶7 Mr. Trinh was with his wife and children, at his in-laws home, preparing to celebrate Christmas. Trinh Dec. at ¶7

Plaintiff's complaint further alleges that the infringement was committed via a particular BitTorrent client – Azureus 4.7.0.2. Mr. Trinh has stated that he does not have any such program installed on any of his computers, and did not have any such program on the date in question. Trinh Dec. at ¶ 5-6. Indeed, Mr. Trinh's declaration goes even further, noting that he doesn't believe he has *any* BitTorrent client installed on his machine and that he doesn't believe he has ever used BitTorrent for any purpose, legal or illegal. The sum of Mr. Trinh's declaration is clear: he did not share Plaintiff's video via BitTorrent and is therefore not liable for either direct or contributory infringement.

**III.    LEGAL STANDARD AND AUTHORITY TO REQUIRE UNDERTAKING**

"[T]he federal district courts have the inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. V. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir. 1994). District courts typically "follow the forum state's practice" when deciding whether security is appropriate. *Id.* The Ninth Circuit has recognized the appropriateness of requiring a bond securing costs and attorney fees in the copyright context in *Kourtis v. Cameron,* 358 Fed. Appx.

5

863 (9th Cir. 2009). In that case, the Court held that a district court's imposition of $100,000 bond pursuant to Code Civ. Proc. §1030 was warranted under the circumstances of that case. *Id.* at 366.

California Code of Civil Procedure §1030(a) provides that "When the plaintiff in an action or special proceeding resides out of state, or is a **foreign corporation**, the defendant may at any time apply...for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees..." Cal. Code Civ. Proc. §1030(a). A defendant shall have grounds for an order requiring security if "there is a **reasonable possibility that the moving defendant will obtain judgment in the action...**" Cal. Code Civ. Proc. §1030(b) (emphasis added). Additionally, "If the defendant's motion for an order requiring an undertaking is filed not later than 30 days after service of summons on the defendant, further proceedings may be stayed in the discretion of the court..." Cal Code Civ. Proc. §1030(e).

As described more fully below, Defendant has met the standard articulated above. Plaintiff is a foreign corporation, and Defendant has a reasonable (or far better) possibility of obtaining judgment in this action.

### IV. <u>ARGUMENT</u>

#### A. <u>PLAINTIFF IS A FOREIGN CORPORATION</u>

To establish entitlement to security under Code Civ. Proc. §1030, a defendant must first establish that the Plaintiff resides out of state, or "is a foreign corporation." §1030(b). Here, it is undisputed that Plaintiff is a foreign corporation. Paragraph 2 of the instant complaint specifically identifies the Plaintiff as a "limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis." (ECF No. 1, at ¶2). As such, the first prong in the §1030 test has been met.

#### B. <u>THERE IS A REASONABLE PROBABILITY THAT DEFENDANT WILL OBTAIN JUDGMENT IN HIS FAVOR</u>

**1. An IP Address Cannot Identify the Infringer of Plaintiff's Copyright**

The premise of Plaintiff's case can be stated as follows: Defendant is the individual that paid the internet bill associated with IP address 69.181.62.141, and therefore Defendant must have

6

been the individual that infringed Plaintiff's copyright via that IP address. This premise does not hold up to even limited scrutiny, and multiple judges throughout the United States have recognized the fallacy involved.

As the court in *SBO Pictures, Inc.* understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." *SBO Pictures, Inc v. Does 1-3036.*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011). Indeed, as Judge Baker noted in *VPR Internationale v. Does 1-1017,* 11-cv-02068-HAB-DGB, Dkt. No. 15 (C.D. Ill. 2011), obtaining subscriber identities will not "tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of the household, or any number of other individuals who had direct access to the Subscriber's network." *VPR Internationale* at pg. 2.

The Northern District of California (in responding to a motion from Plaintiff counsel herein) has also recognized this crucial distinction. Specifically, Judge Ryu has noted that:

> "In its motion, Plaintiff redefines "Defendants" in a manner that would ensnare unknown numbers of innocent individuals or entities into this matter. Tucked away in a footnote, **Plaintiff discreetly attempts to expand "Defendants" for purposes of this expedited discovery request to encompass not only those who allegedly committed copyright infringement – proper defendants to Plaintiff's claims – but ISP "Subscriber(s)" over whose internet connection the Work allegedly was downloaded."**

*Pacific Century International, Ltd., v. Does 1-101* No. C-11-02533, 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011)(emphasis added).

As illustrated above, identifying the ISP subscriber associated with a particular IP address is not sufficient to identify the individual that actually infringed a plaintiff's copyright via that IP address. As shown below, Plaintiff's counsel herein has been forced to repeatedly admit this fact. Plaintiff has, nonetheless, chosen to sue Mr. Trinh in the instant case based solely on his identity as an account-holder. Plaintiff's failure to undertake a sufficient factual investigation ensures that there is a "reasonable possibility" that Defendant will obtain favorable judgment on the copyright infringement claims.

### 2. Plaintiff's Counsel Has Repeatedly Admitted the Insufficiency of an IP Address

As described above, Plaintiff's present counsel has been litigating BitTorrent claims, in some form or another, against tens of thousands of "John Does" nationwide. In attempting to justify its general failure to serve any of the thousands of defendants in its mass cases, Plaintiff's counsel has frequently been forced to admit that an IP address is insufficient to identify the actual infringer of its copyright. These admissions effectively began in *Boy Racer v. Does 1-52*. In that case, Judge Grewal severed Does 2-52 as improperly joined, leaving Mr. Gibbs with a sole remaining defendant. Plaintiff received the same ISP subscriber information for John Doe 1 that was requested herein.

As described by Judge Grewal:

> "To the court's surprise, in its filing and oral argument to the court, Boy Racer admitted that, its previous representations notwithstanding, the subpoenas were not sufficient to "fully identify" "each P2P network user suspected of violating the plaintiff's copyright." Instead, it revealed for the first time that still more discovery was required. **Boy Racer would require nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computer and the computers of those sharing his network."**

*Boy Racer, Inc. v. Does 1-52,* 2011 WL 7402999 (N.D. Cal. 2011) (emphasis added).

Mr. Gibbs admission in Boy Racer would not be his last. Indeed, Plaintiff's counsel subsequently filed a series of suits against "John Doe" defendants, despite having received the precise ISP subscriber information that it received herein. The Plaintiff's justification in each was explicit – that an IP address is not sufficient, without further investigation, to determine whether a particular subscriber is actually the individual that committed copyright infringement via a particular IP address. To quote Mr. Gibbs again,

> "As some courts in this District have noted, 'the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best." *Diabolic Video Productions, Inc.,* No. 5:10-cv-05865-PSG, at 5 (quoting *VPR Internationale v. Does 1-1017,* No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011),(ECF No. 15). **Accordingly, Plaintiff must conduct additional limited ex parte discovery to determine who should be named as the defendant in this case.** Without this discovery

from Mr. Abrahams, Plaintiff cannot be certain if Mr. Abrams is the defendant who should be named and served with process, or merely the sole material witness..." *Hard Drive Productions v. Doe,* No. 4:11-cv-05634-PJH (ECF No. 9 – Plaintiff's Ex Parte Application for Discovery at 9-10)(January 6, 2012)(emphasis added).

Mr. Gibbs has repeated this formulation in a number of cases throughout this district and the Eastern District. In each, Plaintiff goes on to state that instead of "**blindly naming**" the account-holder, additional discovery should be allowed in order to identify the "true infringer." See, e.g. *Hard Drive Productions v. Doe,* No. 4:11-cv-05634-PJH (ECF No. 9 – Plaintiff's Ex Parte Application for Discovery at 9)(N.D. Cal. January 6, 2012) ("However, instead of blindly naming Mr. Abrahams as a defendant based solely on the fact that he is the IP address account holder, Plaintiff seeks discovery to gather evidentiary support for its contentions...").

Judge Seeborg was faced with an identical request for a subscriber deposition in *Hard Drive Productions, Inc. v. John Doe*, No. 4:11-cv-05630-YGR. As above, Mr. Gibbs requested that instead of "blindly naming" the subscriber in that case, that he should be given the opportunity to depose the account holder to determine the "true identity" of the infringer. In granting Plaintiff's request for a deposition, Judge Seeborg noted that:

> "Plaintiff's motion includes an argument that it more reasonable to take Wang's deposition than simply to name her as a defendant. **Given plaintiffs' admission that it lacks knowledge as to whether Wang is responsible for the alleged infringement, naming her as a defendant at this juncture would present a serious Rule 11 issue. As such, the argument has the appearance of an improper threat."**

in *Hard Drive Productions, Inc. v. John Doe*, No. 4:11-cv-05630-YGR (Order Granting Leave to Issue Deposition Subpoena)(N.D. Cal. January 18, 2012)(ECF No. 10 at 2)(emphasis added).

Finally, in approximately April of this year, Plaintiff's counsel was again forced to admit the insufficiency of an IP address in a series of cases seeking to impose liability on the account-holder via a "negligence" theory , like that alleged in Plaintiff's third cause of action against Mr. Trinh. See, e.g. *AF Holdings v. John Doe & Josh Hatfield,* 4:12-cv-2049; *AF Holdings v. John Doe & John Botson,* 5:12-cv-2048; *AF Holdings v. John Doe & Soukha Phimpasouk,* 4:11-cv-03826.

1  In each of these cases, Plaintiff filed suit against "John Doe" for copyright infringement
2  and alleged that the ISP subscriber had been negligent in failing to secure his or her internet. In
3  each case Plaintiff received the same ISP subscriber information that he received in the instant
4  matter, and in each case Plaintiff was forced to conclude that **"At this stage of the litigation**
5  **Plaintiff does not know if Defendant Doe is the same individual as [the account-holder]."** *AF*
6  *Holdings v. John Doe & Josh Hatfield,* 4:12-cv-2049-PJH (Plaintiff's Complaint & Amended
7  Complaint, at FN 1)(ECF Nos. 1&14)(April 24, 2012 & June 14, 2012, respectively). The precise
8  statement can be found in each of Plaintiff's negligence cases cited above and again, the reason is
9  simple: an IP address is not sufficient to identify the infringer of Plaintiff's copyright.

10  Notwithstanding the foregoing, Plaintiff has ignored Judge Seeborg's warning about the
11  "serious Rule 11 issue" afoot, and has instead "blindly named" David Trinh as the defendant in
12  this action, based solely on Mr. Trinh's status as the bill-payer associated with an IP address.
13  Plaintiff's failure to complete a sufficient factual investigation before filing this matter, in
14  conjunction with Defendants denials described below, lead to the obvious conclusion that
15  Defendant has a "reasonable possibility" of obtaining judgment in the instant matter. Moreover,
16  Plaintiff's failure to even attempt such an investigation is likely to lead to liability for costs and
17  attorney fees under both Copyright Act §505 and Fed. R. Civ. Pro. 11, and security for attorney
18  fees and costs is therefore appropriate under Cal. Code Civ. Proc. §1030.

19  **3.    Defendant Has Not Committed Copyright Infringement**

20  As outlined above, there are many circumstances where the infringer of a Plaintiff's
21  copyright will not be the same individual that pays the internet bill associated with an allegedly
22  infringing IP address. This case presents one such circumstance. Here, Mr. Trinh has specifically
23  denied downloading or sharing the allegedly offending film, via BitTorrent or any other method.
24  See Declaration of David Trinh at ¶2 (hereinafter "Trinh Dec."). In addition, Mr. Trinh has
25  declared that he did not allow any other individual to download the work via his internet
26  connection. Trinh Dec. at ¶3. Mr. Trinh has further declared that he **has never used BitTorrent**
27  to download any file, let alone Plaintiff's file, and has likewise declared that he **does not have the**
28

**BitTorrent client** used to download and share the work on any of his machines, and does not believe that he has any BitTorrent client installed on any machine in his home. Trinh Dec. at ¶4-6. Without a BitTorrent client on his machine, it would not have been possible for him to have committed the infringements alleged in Plaintiff's complaint.

Finally, Defendant's declaration establishes that he was not even home at the time of the sole infringement alleged in the instant complaint. Trinh Dec. at ¶7. Taken as a whole, and viewed in light of the recognized insufficiency of an IP address to identify the infringer of a Plaintiff's copyright, it is clear that Defendant has established at least a reasonable possibility that he will obtain judgment in the instant action. As such, the instant request for security should be granted.

### 4. Plaintiff's Cause of Action for Negligence Fails to State a Claim

As mentioned above, Mr. Trinh is also accused of negligence based on his alleged failure to adequately secure his internet connection . However, such a cause of action does not exist and has been dismissed via Fed. R. Civ. Proc. 12(b)(6) in each instance where a motion to dismiss has been brought before the court. First, in mid-July, 2012, the Southern District of New York considered a negligence claim in this exact BitTorrent context, and held that the claim failed to state a cause of action. *Liberty Media v. Tabora,* No. 12 Civ. 2234; 2012 WL 2711381 (S.D.N.Y. July 9, 2012). Specifically, the court held that "**The negligence claim suffers from at least two problems, each independently fatal to its survival**." *Id.* (emphasis added).

The Northern District of California followed suit on September 4, 2012, one day before Mr. Trinh was served with the instant complaint. In a case involving the same Plaintiff, Plaintiff's counsel and defense counsel as herein, Judge Hamilton dismissed the negligence cause of action via Fed. Rule Civ. Proc. 12(b) for failure to state a claim, noting that a) Defendant did not owe a duty to protect the Plaintiff from infringement; b) Plaintiff's cause of action was preempted by Section 301 of the Copyright Act; and c) Defendant "appears to meet the qualifications for CDA §230 immunity." *AF Holdings v. John Doe & Josh Hatfield,* 4:12-cv-2049-PJH; 2012 WL 3835102, (N.D. Cal. September 4, 2012)). A copy of this order is attached as Exhibit B.

Finally, on October 3, 2012, the Northern District again dismissed AF Holdings' negligence theory for failure to state a claim. Judge Davila went even further than Judge Hamilton, and held explicitly that the claim failed on *three* separate grounds, including preemption, lack of duty, and CDA immunity. A copy of this decision is likewise attached hereto, as Exhibit C. It is quite clear, therefore, that Defendant stands a "reasonable possibility" of obtaining judgment on the negligence claims.

### C. DEFENDANT CAN EXPECT TO INCUR AT LEAST $85,000 IN RECOVERABLE COSTS AND FEES

Defendant herein has already incurred significant costs based on this ill-considered lawsuit, and can expect to incur significantly more in an effort to establish his innocence. The Ninth Circuit has adopted the Lodestar method for calculating reasonable recoverable attorney fees in situations like the instant case. See, e.g. *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987). The Lodestar amount is calculated by multiplying the number of hours the prevailing party reasonably expends on the litigation by a reasonable hourly rate. Although necessarily an estimate in this context, defense counsel can expect to expend between 300 and 350 hours on the instant litigation, through the summary judgment stage. See Ranallo Declaration at ¶11-13. Moreover, $275/hour represents an extremely conservative estimate of the reasonable rate to which defense counsel is entitled under the Lodestar method. It is thus possible, if not likely, that the actual amount of recoverable fees and costs in this matter could exceed $85,000, and defendant reserves the right to request additional security, should it prove necessary.

#### 1. Reasonable Hourly Rate

The first step in the Lodestar inquiry is to establish a reasonable hourly rate for attorney services. After review of surveys on the issue and comparison with the Laffey matrix, the rate of $275/hour appears reasonable, if not unreasonably low, for IP litigation in the Bay Area.

The Laffey Matrix, annexed to this motion as Exhibit E, is frequently used to determine reasonable hourly rates for attorneys of varying levels of experience. The Northern District of California has previously endorsed the use of the Laffey Matrix in evaluating the reasonableness

of attorney fees in this district. For example, in *HPL Technologies, Inc. Securities Litigation*, Chief Judge Walker described the Laffey Matrix as a "well-established objective source for rates that vary by experience," and used the Laffey rates to establish reasonable attorney fees in this district. *HPL Technologies, Inc. Securities Litigation,* 366 F.Supp.2d 912 (N.D. Cal. 2005). In so doing, the court recognized that the Laffey rate would tend to undercompensate attorneys in this district, and noted that "adjusting the Laffey matrix figures upward by approximately 9% will yield rates appropriate for the Bay Area." *Id.*

The Laffey Matrix sets the reasonable hourly rates for an attorney with 4-7 years experience, like defense counsel herein, at $290/hour for work performed in 2012-2013. Once the 9% upward adjustment for the Bay Area is figured in, the adjusted amount for this district would be $316.10/hour. As such, the rate of $275/hour chosen for the instant calculations should be deemed reasonable.

In addition to the Laffey Matrix, defense counsel has also consulted a recent survey of attorney billing rates that was published in the San Francisco Daily Journal to determine the reasonable rate in the instant matter. This survey, published on Friday, August 10, 2012, noted that the average rate for an Associate in San Francisco law firms was $482/hour in 2012, up from $449/hour in 2011. A copy of the relevant chart is annexed to the Ranallo Declaration as Exhibit F.

### 2. Hours Reasonably Expected

At the present time, it is only possible to give a rough estimate of the number of hours that can be expected in the instant litigation, but counsel has attempted to produce such an estimate. In so doing, counsel has determined that he can expect to expend approximately 343 hours on the instant litigation, through the summary judgment stage. This estimate is broken down in detail in the Ranallo Declaration and Exhibit D hereto. As such, counsel has done four calculations in an effort to identify the range of potential fees that could be incurred, using average hourly rates of $250 and $275 and estimating the "hours expected" at 300 and 350. The result is a low-end range of $75,000 (300 X 250) and a high-end range of $96,250 (350 X 275). In addition, as noted on the

Ranallo Declaration and Exhibit D, counsel has estimated that defendant could incur between $10,500 and $18,000 in additional costs during the course of this litigation. When added to the numbers above, this creates a range of $85,500 – $114,250. Defendant in this matter is content to rely on the lower-end of the estimates for present purposes, and therefore requests that this court order Plaintiff to post an undertaking in the amount of $85,000 to cover anticipated costs and fees in the instant matter.

### D. THIS COURT SHOULD ISSUE A STAY PURSUANT TO CAL. CODE CIV. PROC. §1030(e).

Cal. Code. Civ. Proc. 1030(e) provides that "If the defendant's motion for an order requiring an undertaking is filed not later than 30 days after service of summons on the defendant, further proceedings may be stayed in the discretion of the court..." Defendant in the instant matter was served on September 5, 2012. As such, October 5, 2012 is the thirtieth day after service, and the instant motion is therefore timely. Defendant believes that a stay is warranted in the instant matter in order to prevent Defendant from incurring further costs unless Plaintiff is willing to post a bond to ensure that Defendant can recover such costs upon obtaining judgment. Defendant is concerned that Plaintiff, an offshore entity apparently created for the purpose of litigating these suits, will be extremely difficult to collect from in the event that a judgment in favor of Defendant is issued. As such, Defendant requests that the matter be stayed and further costs delayed until Plaintiff posts the requested security.

### V. CONCLUSION

Cal. Code Civ. Proc. §1030 provides that a Plaintiff shall be required to post an undertaking to secure expected costs and fees if the Plaintiff is a foreign corporation and there is a reasonable possibility that Defendant will obtain favorable judgment. Each criteria is satisfied in the instant matter. Plaintiff is undeniably a foreign corporation, organized under the laws of St. Kitts & Nevis.

In addition, there is a reasonable possibility (if not much higher) that Defendant will obtain judgment in the instant matter. Plaintiff has failed to conduct any sort of inquiry in this matter,

beyond identifying the ISP subscriber and "blindly suing" this individual, despite prior admissions by Plaintiff's counsel that an IP address is insufficient to identify the infringer. Defendant has declared under penalty of perjury that he has not infringed Plaintiff's copyright and was not, in fact, home at the time of the alleged infringement. Moreover, Defendant has stated that he does not have the particular BitTorrent client (Azureus v. 4.7.0.2) on his computer, nor does he believe that he has any BitTorrent client whatsoever installed on any of his machines.

Based on the foregoing, it is clear that there is at least a "reasonable possibility" that Defendant will obtain judgment in this matter. As such, Plaintiff should be required to post an undertaking sufficient to secure an eventual award of costs and fees. Defendant has estimated that the total costs and fees in this matter could easily approach or exceed $100,000, and requests an undertaking in the amount of $85,000, as more fully described herein.

DATED: October 5, 2012          NICHOLAS RANALLO, ATTORNEY AT LAW


By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar #275016)
Attorney for David Trinh
371 Dogwood Way,
Boulder Creek, CA 95006
P: 831.703.4011
F: 831.533.5073
nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 5th day of October a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/            Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law