Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DAVID TRINH, ) <br> ) <br> Defendant. ) <br> ) <br> ) | No. 3:12-CV-02393-CRB <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CCP § 1030** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CCP § 1030**

Defendant David Trinh filed a motion asking the Court to require Plaintiff to post an $88,000 bond before proceeding further in this case. (ECF No. 20.) Mr. Trinh's motion is brought pursuant to California Code of Civil Procedure § 1030. (*Id.*) For the reasons described herein, Mr. Trinh's motion cannot be granted.

**LEGAL STANDARD**

In a federal question case, state provisions regarding security for costs or expenses clearly are inapplicable. *See* 10 Wright, Miller & Kane, Federal Prac. & Procedure: Civil 3rd § 2671 ("When suit is brought under a federal statute, state provisions regarding security for costs or expenses clearly are inapplicable."); *see also A. Farber and Partners, Inc. v. Garber*, 417 F.Supp.2d 1143, 1145 (C.D. Cal. 2006) ("Although Garber defendants cite California Code of Civil Procedure … §

1030 as the statute supporting their motion, that may not be so since the pending action is based on federal question jurisdiction, rather than diversity of citizenship jurisdiction.").

Nevertheless, the federal district courts have inherent power to require security for costs. *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987). This inherent power does not extend to requiring security for attorney's fees. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 (1980) (holding that federal courts do not have statutory or inherent power to tax attorney's fees as "costs" under 28 U.S.C. § 1927 because the definition of "costs" in 28 U.S.C. § 1920 does not include attorney's fees—even where a federal statute incorporates attorneys fees into its definition of "costs"); *see also* 10 Wright, Miller & Kane, Federal Prac. & Procedure: Civil 3rd § 2671 ("When suit is brought under a federal statute … the court should not require security for expenses as distinguished from the more modest security for costs.").

In deciding a motion to post security for costs, the district court's own rules or state practice may be applied in a discretionary manner that does not interfere with the policy of the underlying federal statute. 10 Wright, Miller & Kane, Federal Prac. & Procedure: Civil 3rd § 2671. Civil Local Rule 65.1-1 states, "[U]pon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate."). The rule does not elaborate on what constitutes a showing of "good cause." (*Id.*) The practice of federal courts sitting in federal question jurisdiction in California suggests that good cause can be demonstrated where:

    i. Defendant can prove a reasonable probability of success on the merits

    ii. Defendant demonstrates a need for the security; and

    iii. Plaintiff will not be unduly burdened by the request.

*A Farber and Partners, Inc.*, 416 F.Supp.2d at 1146.

## DISCUSSION

In the following sections, Plaintiff presents a brief statement regarding Defendant's counsel and demonstrates: (1) why Defendant's expected costs are nontaxable; (2) why Defendant is

ineligible for an undertaking with respect to attorney's fees; (3) why Defendant has failed to meet his burden to show good cause; and (4) why Defendant's statements regarding negligence and arguments for a stay are irrelevant.

## I.   A BRIEF STATEMENT REGARDING DEFENDANT'S COUNSEL

There is no finer opposing counsel than one who declines to research the law. The opening section of Mr. Ranallo's brief is devoted not to legal arguments, but to disparaging Plaintiff's *counsel*. (*See generally* ECF No. 20.) Again, for the record, Mr. Ranallo's spends over one-third of his brief disparaging Plaintiff's *counsel*. (*Id.*) To be clear, Plaintiff's counsel is pleased to bear the brunt of Mr. Ranallo's vitriol. An attorney who spends his brief complaining about opposing counsel has missed an opportunity to advocate for his client.

Mr. Ranallo heavily disparages Plaintiff's counsel for representing copyright holders who are victims of epidemic-scale digital copyright infringement. (*Id.*) Mr. Ranallo lacks a sense of history. Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. CONST. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928-929 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on an epidemic scale.

In response to similar attacks on Plaintiff's counsel, the Honorable Judge Beryl A. Howell of the United States District Court for the District of Columbia observed, "[T]he plaintiff aptly states that without a large and growing problem of copyright infringement, there could not be an increasing level of copyright infringement litigation." *AF Holdings LLC v. Does 1-1,058*, No. 12-0048 (BAH) (D.D.C. August 6, 2012). The economic harm to the United States that is inflicted by the actions of infringers like Defendant Trinh is breathtaking. *See* U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-10-423, INTELLECTUAL PROPERTY. OBSERVATIONS ON EFFORTS TO QUANTIFY THE ECONOMIC EFFECTS

OF COUNTERFEIT AND PIRATED GOODS 23-24 (2010) (estimating that the U.S. economy annually loses $58 billion, over 370,000 jobs, and $2.6 billion in tax revenue as a result of copyright infringement over the Internet) (citing Stephen E. Siwek, THE TRUE COST OF COPYRIGHT INDUSTRY PIRACY TO THE U.S. ECONOMY, Institute for Public Policy Innovation (IPI), IPI Center for Technology Freedom, Policy Report 189 (Oct. 2007)).

Mr. Ranallo's attacks lack factual accuracy. He claims that Plaintiff's counsel has never named and served an individual in a lawsuit, notwithstanding that *his client*, of course, has been named and served in *this lawsuit*. Defendant Trinh is in good company. *See, e.g., AF Holdings LLC v. Darryl Lessere*, No. 12-22156 (S.D. Fla. Aug. 27, 2012); *AF Holdings LLC v. Felix Naylor*, No. 12-3566 (N.D. Ill. Aug. 16, 2012); *AF Holdings LLC v. Bobby Rammos*, No. 12-4232 (N.D. Ill. Aug. 16, 2012); *AF Holdings LLC v. Fernando Shu Yeh*, No. 12-1658 (E.D. Cal. Sept. 12, 2012); *AF Holdings LLC v. Terence Ma*, No. 12-1075 (E.D. Cal. Sept. 18, 2012).

As will be exhaustively demonstrated herein, Mr. Ranallo would have done well to remember his role. He is an attorney and an officer of the Court. His client's future hangs in the balance. Instead of engaging in cathartic name-calling, Mr. Ranallo should have focused on the legal issues that control his client's destiny.

## II.  SECURITY CANNOT BE HAD FOR COSTS THAT ARE NOT TAXABLE

If Mr. Ranallo had spent his time conducting legal research, he would know that the costs he outlined in his declaration are not taxable under 28 U.S.C. § 1920. It obviously makes no sense for a court to require a plaintiff to post security for costs that a prevailing defendant is not even eligible to recover. 28 U.S.C. § 1920, as further refined by Civil Local Rule 54, is limited in scope. Some costs are taxable. The rest are not. A review of Exhibit D to the Declaration of Mr. Ranallo readily reveals that the costs for which Defendant Trinh seeks security are unrecoverable.

Mr. Ranallo anticipates his client will incur somewhere between $10,500 and $18,000 in costs over the course of this litigation. (Ranallo Decl. Ex. D.) One component of these costs is what Mr. Ranallo labels as, "Expert Witness Fees" in the amount of $2,500-$5,000. (*Id.*) Expert witness

fees are not taxable, as Civil Local Rule 54-3 makes clear, "No other witness expenses, including fees for expert witnesses, are allowable." Plaintiff cannot be required to post security for expert witness fees because expert witness fees are not taxable.

Another component of Mr. Ranallo's costs breakdown is "Travel and Accommodations for Depositions" in the amount of $3,000. (Ranallo Decl. Ex. D.) Mr. Ranallo's expected travel and accommodations for depositions are not taxable, as Civil Local Rule 54-3 makes clear, "The expenses of counsel for attending depositions are not allowable." Plaintiff cannot be required to post security for Mr. Ranallo's hotel accommodations, because these expenses are not taxable.

The final component of Mr. Ranallo's costs breakdown is "Document Production/Preservation Costs (Incl. E-disc)" in the amount of $5,000 - $10,000. (Ranallo Decl. Ex. D.) Once again, these costs are not taxable. The Ninth Circuit has expressed, "[s]ection 1920(4) speaks narrowly of '[f]ees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in part on other grounds by Townsend v. Homan Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1991) (en banc). "Those courts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, *preserving*, processing, searching, culling and extracting ESI simply do not amount to 'making copies.'" *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169-70 (3rd Cir. 2012) (emphasis added). Only actual copying costs are taxable.

The only copying that Defendant Trinh could conceivably be expected to do in this case is provide a copy of his hard drive to Plaintiff, and Plaintiff fully intends to pay a neutral expert to perform this task to assure that it is done professionally. Substantially all of the rest of Plaintiff's planned discovery in this case will involve third-party discovery. In any event, Defendant failed to specifically enumerate a copying charge in his costs, and it is the defendant's burden to do so.

Plaintiff cannot be required to post security for "Document Production/Preservation Costs (Incl. E-disc)" because, outside of copying costs, these costs are not taxable.

In sum, Mr. Ranallo's declaration fails to identify a single taxable cost. It makes no sense for the Court to require Plaintiff to post security for costs that a prevailing defendant is ineligible to recover.

### III. WHEN SUIT IS BROUGHT UNDER A FEDERAL STATUTE, A FEDERAL DISTRICT COURT SHOULD NOT REQUIRE SECURITY FOR EXPENSES

If Mr. Ranallo had spent his time conducting legal research, he would know that when suit is brought under a federal statute, a "[federal district] court should not require security for expenses as distinguished from the more modest security for costs." 10 Wright & Miller: Federal Prac. & Proc. § 2671 (3d ed.). On the issue of security for attorney's fees, it is critical to distinguish between federal actions in diversity jurisdiction and actions in federal question jurisdiction. "In diversity cases federal courts follow *state law* in determining whether the allowance of counsel fees is proper." *Montserrat Overseas Holdings, SA v. Larsen,* 709 F. 2d 22, 24 (9th Cir. 1983) (emphasis added). If the instant action were a diversity case, it would be appropriate for this Court to look to California Code of Civil Procedure § 1030 on the issue of security for attorney's fees.

This action, however, arises under the U.S. Copyright Act. 17 U.S.C. § 101 *et seq*. As such, the Court must look to federal law as well as its inherent authority to determine whether it may require Plaintiff to post security for Mr. Ranallo's attorney's fees. Although the Copyright Act provides that attorney's fees may be awarded to a prevailing party, it does not authorize a federal district court to require a plaintiff to post security for attorney's fees. *See* 17 U.S.C. § 505.

Turning to the Court's inherent authority, federal courts have inherent authority to require plaintiffs to post security for costs. The definition of costs is set forth in 28 U.S.C. § 1920, and is further refined in Civil Local Rule 54. The definition does not include attorney's fees. *See* 28 U.S.C. § 1920. Further, a district court cannot rely on its inherent authority to expand the definition of costs beyond that expressly authorized by 28 U.S.C. § 1920. *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th

Cir. 1989) (overruled in part on unrelated grounds). Finally, the mere fact that the statute underlying this action has an attorney's fees provisions does not change 28 U.S.C. § 1920's definition of costs. *Roadway Express, Inc. v. Piper*, 447 US 752, 759-61 (1980) (rejecting the view that attorney's fees provisions in civil rights statutes may upset the uniform approach embodied in 28 U.S.C. § 1920). In sum, federal courts sitting in federal question jurisdiction do not have the authority to expand the definition of costs, even if they believe that equity requires this result. This result is consistent with the principle that, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc.* 447 U.S. at 764 (1980).

Defendant's superficial citations in his "Legal Standard and Authority to Require Undertaking" section do not counter the foregoing analysis. (ECF No. 20 at 9-10.) Defendant's citation to the California Code of Civil Procedure clearly has no relevance in this federal question action. His citation to *Simulnet East Assoc. v. Ramada Hotel Operating Co.*, 37 F. 3d 573 (9th Cir. 1994) stands for the non-controversial proposition that federal district courts have inherent authority to require plaintiffs to post security for costs. His citation to the unreported decision in *Kourtis v. Cameron*, 358 Fed. Appx. 863 (9th Cir. 2009) stands for the non-controversial proposition that a district court may impose a cost bond if the plaintiff's action appears to be frivolous. None of the authority cited by Defendant establishes a basis for this Court's authority to require Plaintiff to post security for Mr. Ranallo's attorney's fees.

It bears mentioning that Mr. Ranallo's attempt to require Plaintiff to post security for his attorney's fees is contrary to statements he has made elsewhere. In an advertisement Mr. Ranallo posted on a piracy forum, Mr. Ranallo stated:

> Defendants would still be responsible for 'costs' associated with litigation, though it is possible that these costs could be shifted to plaintiff, as mentioned above. 'Costs' include anything that's not paid to me (i.e. for filing fees to the court, costs for expert witnesses, etc.). I know this sucks, but I can only do so much ☹).

Nicholas Ranallo piracy forum advertisement (attached hereto as Exhibit A) (emoticon in original). It seems disingenuous—to put it charitably—for Mr. Ranallo to attempt to solicit clients using one

definition of costs and then appear before the Court and make a completely different argument. He has a duty to both prospective clients and the Court to tell the truth, and it appears he has fallen well short of that ideal.

## IV. DEFENDANT FAILS TO MEET HIS BURDEN TO SHOW THAT A REQUIREMENT OF SECURITY IS APPROPRIATE

Pretending, *arguendo*, that Defendant's expected costs and expenses were eligible for an undertaking in a federal question case, Defendant would still be required to demonstrate good cause for the imposition of security. The practice of federal courts sitting in federal question jurisdiction in California suggests that good cause can be demonstrated where:

i.  Defendant can prove a reasonable probability of success on the merits

ii. Defendant demonstrates a need for the security; and

iii. Plaintiff will not be unduly burdened by the request.

*A Farber and Partners, Inc.*, 416 F.Supp.2d at 1146. Defendant makes a fatally weak case on the first element, and makes absolutely no case with respect to the latter two.

### A. A Mere Denial of Liability Does Not Prove a Reasonable Probability of Success on the Merits

To satisfy the first prong, Defendant must produce sufficient evidence to demonstrate that it has a "reasonable probability of defeating each of Plaintiffs' claims." (*Id.*) Although California cases have not defined "reasonable possibility," this burden has been satisfied at the pleading stages where the defendant can point to serious defects in the plaintiff's case. The unreported decision in *Kourtis v. Cameron* illustrates this point. In *Kourtis*, the Kourtis' sued producer Mario Kassar and director James Cameron on a variety of state and federal claims. *Kourtis v. Cameron*, 358 Fed. Appx. 863 (9th Cir. 2009). The very same federal judge that heard the Kourtis' case had recently decided a case brought by the Kourtis' screenwriter and granted summary judgment in the defendants' favor. *Id.* The Kourtis' case involved the same claims as the screenwriter's case and the Kourtis' failed to offer

any new evidence or arguments that would justify a different result.[1] *Id.* The district court understandably concluded that it was very unlikely that the Kourtis' could succeed in their action and required them to post security for costs before further proceeding. *Id.* In other cases, a "reasonable possibility" has been shown where the defendant identified a statute of limitations bar to the plaintiff's claims, provided evidence of a prior favorable arbitration award or provided evidence of exonerating police reports. *See, e.g, A Farber and Partners, Inc.*, 416 F.Supp.2d at 1146 n.3.

In this case, the only evidence offered by the Defendant is a self-serving statement that he is innocent.[2] He offers no evidence to show that Plaintiff's case is procedurally or substantively defective. He fails to provide any facts that would provide a foundation for this Court to conclude that Defendant has a reasonable possibility of defeating Plaintiff's claims. The burden is on Defendant to offer evidence that would demonstrate his likelihood of success. Plaintiff's counsel's survey of relevant cases failed to uncover a single case where a self-serving denial of liability was sufficient to meet this burden.

Perhaps recognizing his failure to provide evidence, Mr. Ranallo salts his brief with two wild claims. His first wild claim is that an IP address cannot identify the infringer of Plaintiff's copyright. His second wild claim is that Plaintiff's counsel agrees with the first wild claim.

With respect to Mr. Ranallo's first wild claim, courts nationwide disagree. Two bellwether trials with respect to digital infringement show that an IP address can be used to identify and secure judgments against digital pirates, such as Mr. Trinh. *See Capitol Records, Inc. v. Thomas-Rasset*,

---

[1] The only reason that the Kourtis' case was not barred by *res judicata* was that there was no privity between the Kourtis' and the screenwriter. *Kourtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005).
[2] Defendant also claims he was at Christmas dinner at the time of the alleged infringement. Of course, this claim has no relevance unless Defendant can also show that it is necessary for him to be at his computer in order for his computer to run BitTorrent software. He cannot make this showing. Just as it is unnecessary for an individual to be at his or her computer for an e-mail program (e.g. Microsoft Outlook) to receive an e-mail, so too is it unnecessary for an individual to be at his computer for his BitTorrent software to operate. There is nothing that precludes the possibility that Defendant commenced the download before heading out to Christmas dinner and left his computer running. Defendant's ISP logs would readily clear up that matter, but Defendant conspicuously failed to provide any.

No. 11-2858 (8th Cir. September 11, 2012) (describing the process used by the plaintiff's agents to link an IP address with the defendant and instructing the district court to enter a judgment in the amount of $222,000 against the defendant); *see also Sony BMG Music Entertainment v. Tennenbaum*, No. 1:07-cv-11446 (Aug. 23, 2012) (affirming verdict of $675,000 in digital infringement case). Further, in an analogous context, courts nationwide have determined that the observation of an IP address in illegal activity, such as the distribution of child pornography, constitutes probable cause for searching an account holder's residence—this would obviously not be true if Mr. Ranallo's first wild claim was true. *See, e.g., United States v. Perez*, 484 F.3d 735 740 (5th Cir. 2007) (probable cause established through IP address used to access child pornography and ISP records of physical address); *United States v. Carter*, 549 F. Supp. 2d 1257, 1261 (D. Nev. 2008) (probable cause established through IP address, ISP records, and utility records); *United States v. Hanson*, 2007 WL 4287716, at *8 (D. Me. Dec. 5, 2007) (finding probable cause based on IP address and physical address despite "no direct knowledge whether any computer hardware … was physically located at the" residence).

With respect to Mr. Ranallo's second wild claim, Plaintiff's counsel denies the implication that it agrees with Mr. Ranallo's first wild claim. In every case, an IP address identifies an account holder. In some cases the account holder is clearly the infringer. In other cases, it is unclear whether the account holder is the infringer. The fact that Mr. Ranallo cited Plaintiff's counsel's statements where the relationship was unclear literally has no bearing on whether the relationship is unclear in this case. Moreover, Mr. Ranallo's citations to other cases involving Plaintiff's *counsel* has no collateral estoppels or res judicata effect on the *Plaintiff's* ability to proceed unencumbered against the infringer, Mr. Trinh. Mr. Ranallo's fixation with Plaintiff's counsel is both bizarre and unhelpful for his client.

**B. Defendant Has Made Absolutely No Showing of a Need for Security**

Defendant's motion completely ignores the second prong of the showing. In order for Defendant to have need for security for attorney's fees, for example, there must be some showing of

his attorney's fees. Mr. Ranallo advertises on piracy forums for "reduced fee and flat-fee representation for some classes of p2p defendants." There is no justification for why Plaintiff should be required to post security for attorney's fees that Mr. Ranallo is not even charging his client. From Mr. Ranallo's piracy advertisement:

> Plaintiffs want you to believe that there is no way to obtain adequate representation for the cost of a settlement, and therefore its best if you just settle and make it go away. I want you to know that isn't true. I can provide reduced fee and flat-fee representation for some classes of p2p defendants, neutralizing one of the troll's biggest threats.

Nicholas Ranallo piracy forum advertisement (attached hereto as Exhibit A). Further, Defendant has made no showing of why he could not simply attach Plaintiff's property in this District. Plaintiff is pursuing judgments against significant numbers of California infringers, and if Defendant achieves a recovery against Plaintiff for attorney's fees then he can simply intervene to attach whatever judgment Plaintiff achieves in a separate action.

### C. Plaintiff Would be Unduly Burdened by Mr. Ranallo's Request

Finally, Defendant's motion ignores the impact of Mr. Ranallo's request on Plaintiff. Suffice it to say, if Plaintiff is required to deposit $88,000 before proceeding in every copyright infringement case it has filed, then Plaintiff simply will not be able to proceed in any copyright infringement case. To be clear, Mr. Ranallo's position is not specific to the instant case. He argues that in *any* case involving digital infringement the relationship between an IP address and the infringer is entirely opaque. Under this world view, in any case involving digital infringement a non-California based copyright holder would have to post security of $88,000 before proceeding in the matter. This framework would seem to trump the statutory framework for copyrights as established by the Congress.

### V. DEFENDANT'S ARGUMENTS REGARDING NEGLIGENCE AND HIS REQUEST FOR STAY ARE ERRONEOUS

Defendant's arguments regarding negligence and his request for a stay are irrelevant. Regarding his request for a stay, California state law has no relevance to this federal question

diversity action. Regarding his arguments on negligence, neither federal nor California state law awards attorney's fees for prevailing in a negligence action. In a parallel fashion, neither federal nor state law allows a stay in actions where attorney's fees are not awardable.

## CONCLUSION

For the reasons described herein, Defendant's motion must be denied.

PRENDA LAW INC.,

**DATED: October 19, 2012**

By:     /s/ Brett Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                            /s/ Brett L. Gibbs
                                              Brett L. Gibbs, Esq.