Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC.,<br><br>　　Plaintiff,<br><br>v.<br><br>DAVID TRINH<br><br>　　Defendants. | Case No. 3:12-cv-02393-CRB<br><br>**REPLY MEMO IN SUPPORT OF DEFENDANT'S MOTION TO POST UNDERTAKING**<br><br>Judge: Honorable Charles R. Breyer<br>Hearing Date: November 16, 2012<br>Courtroom 6 – 17th Floor |

### I.    <u>INTRODUCTION</u>

On October 5, 2012, Defendant David Trinh moved this court for an order requiring Plaintiff to post an undertaking in the amount of $85,000 to cover anticipated costs and attorney fees to which he may be entitled under Copyright Act §505. On October 19, 2012, Plaintiff filed its opposition to the instant motion, raising several arguments regarding why Mr. Trinh is not entitled to the requested relief. For the reasons set forth below, Plaintiff's arguments must be rejected. David Trinh has satisfied the requisite standard for imposition of an undertaking in the instant case, and seeks assurances that he will ultimately be able to recover any costs and fees expended in this action.

/

/

/

## II.    LEGAL ARGUMENT
### A. THIS COURT HAS THE AUTHORITY TO REQUIRE A BOND FOR COSTS AND ATTORNEY FEES UNDER THE CAL. CODE CIV. PROC. §1030 STANDARD

Plaintiff's fundamental argument in opposition to Defendant's Motion for an Undertaking is that this court lacks the authority to require a bond for costs, including attorney fees, in the instant action.  As described further below, Plaintiff's argument is simply incorrect.  Mr. Trinh is entitled to a bond in order to assure that, upon obtaining judgment in this action, he is able to recover his costs and attorney fees from AF Holdings, a foreign corporation and prodigious litigant that does not appear to engage in any business apart from filing unsupported copyright suits.

#### 1. This Court Has Authority to Include Recoverable Attorney Fees in the Bond Amount

Plaintiff's first argument is that this court lacks authority to include recoverable attorney fees in any bond imposed.  Plaintiff cites virtually no case law for this proposition, instead selectively quoting a single section of a federal practice guide.  In reality, there are numerous instances of District Courts in California requiring Plaintiffs to file a bond to cover both costs and attorney fees (in both diversity and federal question cases), pursuant to Cal. Code Civ. Proc. §1030.  For example, in *Pittman v. Avish Partnership,* the Central District of California required the plaintiff to post a bond to cover all recoverable costs, including attorney fees, in a federal case based on the American with Disabilities Act, a federal statute.  *Pittman v. Avish Partnership,* 2011 WL 9160942 (C.D. Cal. June 2, 2011).  The court in *Pittman* explicitly noted that attorney fees were *only* available under the federal statute, but that a bond securing both costs and attorney fees was appropriate under the standard set forth in Cal. Code Civ. Proc. §1030.  The court stated that "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; **this is especially common when a non-resident party is involved.**" *Id.* (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2nd § 2671).[1]

---

[1] It is also worth noting that, if Plaintiff's position was correct, the above statement would make no sense. Indeed, "a non-resident party" *must necessarily* be involved in any case where jurisdiction is based on diversity.

2

The court in *Pittman* then proceeds to analyze Defendant's entitlement to an undertaking under the standard set forth in Cal. Code Civ. Proc. §1030. The court notes that

> "Section 1030 holds that if a foreign plaintiff files suit in California and "there is a reasonable possibility that the moving defendant will obtain judgment in the action," at a defendant's request, the Court may order the plaintiff to file an undertaking in an amount specified by the Court "as security for costs and attorney's fees." Cal.Civ.Proc.Code § 1030(a)-(c); *see Alshafie,* 89 Cal.Rptr.3d at 794 ("Plaintiffs who reside outside of California may be required to post an undertaking to ensure payment of costs to a prevailing defendant."). **Section 1030 states that "attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract." Cal.Civ.Proc.Code § 1030(a). The Court has the discretion to award attorney's fees and costs to the prevailing party on Plaintiff's ADA claim. 42 U.S.C. § 12205.**

As illustrated by *Pittman*, Plaintiff's position is simply incorrect. This court has the authority to require a bond from Plaintiff, <u>including recoverable costs and attorney fees.</u> Indeed, *Pittman* is not the only support for this position. The Southern District of California has likewise recognized that Cal. Code Civ. Proc. §1030 is the appropriate standard when determining whether a bond for costs and attorney fees is appropriate in federal court. See *Gabriel Technologies Corp v. Qualcomm Inc.,* 2010 WL 3718848 (S.D. Cal. Sept. 20, 2010). *Qualcomm* was a patent action, involving solely federal question jurisdiction. Nonetheless, the Southern District determined that a bond in the amount of $800,000 was appropriate to secure costs and attorney fees in the event the Defendant prevailed. The court noted that the Patent Act authorizes an award of attorney fees to a defendant in certain circumstances, and those circumstances appeared to exist in *Qualcomm*. Similar to the Court in *Pittman*, this court held that:

> "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Simulnet,* 37 F.3d at 574 (9th Cir.1994); *see also Plata v. Darbun Enterprises, Inc.,* 2009 U.S. Dist. LEXIS 89608 *33–37, 2009 WL 975233 (S.D.Cal.) ("federal courts have inherent authority to require plaintiffs to post security for costs"). **Here, the forum state's statute regarding imposition of a cost bond is California Code of Civil Procedure section 1030.** Under section 1030, a defendant may move the court to issue a cost bond against a plaintiff who resides outside of California, or, is a foreign corporation. The defendant must also demonstrate that there is "a reasonable possibility ... [it] will obtain judgment in

the action ..." Cal.Civ.Proc.Code § 1030. California state courts describe the purpose of section 1030 as a way to assist California defendants to "secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction." *Shannon v. Sims Serv. Center,* 164 Cal.App.3d 907, 913, 210 Cal.Rptr. 861 (1985).

Finally, as described in Defendant's original motion, the Ninth Circuit has explicitly affirmed (albeit in an unpublished decision) a district court's imposition of a bond which included recoverable attorney fees, based on alleged violations of the Copyright Act.  See *Kourtis v. Cameron,* 358 Fed. Appx. 863 (9th Cir. 2009)(unpublished).  Plaintiff's opposition to the instant motion states that Kourtis "stands for the non-controversial proposition that a district court may impose a cost bond if the plaintiff's action appears to be frivolous." ECF No. 21 at 7.  This is a deliberate mischaracterization of the holding in Kourtis.  First, the district court imposed a bond encompassing *both costs and attorney fees* recoverable under the Copyright Act.  Second, the court explicitly based its decision to impose the bond on the factors enunciated in Cal. Code Civ. Proc. §1030, exactly as urged herein, and not due to the "frivolous" nature of the claim.  Specifically, the Ninth Circuit stated that:

> **Costs bonds were appropriate under California law because the Kourtises "reside[] out of the state" and there was "a reasonable possibility" that Cameron and Kassar would prevail. Cal. Civ. Proc. Code § 1030(a), (b).** At least a reasonable possibility of prevailing was established by the district court's determination in a prior suit brought by the Kourtises' hired screenwriter that "no reasonable factfinder could find that [the screenplay based on the Kourtises' concept] and `Terminator 2' are substantially similar under federal copyright law."*Green v. Schwarzenegger,* 1995 U.S. Dist. LEXIS 14031, at *2 (C.D. Cal. July 17, 1995). The $100,000 amount initially ordered was not unreasonable based on the information available to the district court. The court properly considered "the nature and amount of the **costs and attorney's fees** [each] defendant . . . expects to incur," Cal. Civ. Proc. Code § 1030(b)

*Kourtis v. Cameron,* 358 Fed. Appx. 863, (9th Cir. 2009).

Courts in the Ninth Circuit are not alone in concluding  that attorney fees represent an appropriate part of a cost bond in Copyright Act cases. See, e.g. *Selletti v. Carey,* 173 F.3d 104, 111 (2d Cir. 1999)(holding that the requirement of a security bond in the amount of $50,000 to cover costs and attorney fees in an action brought under the Copyright Act was "well within the

Court's discretion"); *Beverly Hills Design Studio (N.Y.) Inc. v. Morris,* 126 F.R.D. 33, 39 (S.D.N.Y. 1989) (requiring security for costs and attorney fees in the amount of $20,000 in an action to recover damages for copyright and trademark infringement); See Also *"Access to Federal Courts and Security for Costs and Fees,* 74 St. John's L. Rev. 953, 969 (2000)(In copyright cases, courts have required plaintiffs to post substantial bonds, including attorney fees).

In light of the foregoing, it is clear that this court has the authority to require a bond sufficient to cover both costs and attorney fees in the instant action.

### 2. Recoverable Costs Under Copyright Act §505 are Not Limited to Those Enumerated in 28 U.S.C. §1920.

Plaintiff's second argument is that a number of the costs outlined by Defendant in his original brief are "non-taxable" costs under 28 U.S.C. §1920 and Local Rule 54 and therefore are not recoverable in the instant action. Plaintiff's argument is wrong, and ignores clear Ninth Circuit precedent. Indeed, the Ninth Circuit explicitly held in that recoverable costs under the Copyright Act **are not limited** to those costs outlined in 28 U.S.C. §1920 and Rule 54. See *20th Century Fox Film v. Enter Distributing,* 429 F.3d 869 (9th Cir. 2005).

The Ninth Circuit in *20th Century Fox* was faced with essentially the same argument that Plaintiff makes herein – that recoverable costs under the Copyright Act are limited to those enumerated in 28 U.S.C. §1920. The Ninth Circuit explicitly rejected Plaintiff's argument and stated that **"we hold that district courts may award otherwise non-taxable costs, including those that lie outside the scope of §1920, under §505"** Id. at 885 (emphasis added). The Ninth Circuit went on to note that "we think there can be no other import to the phrase "full costs" within §505. Construing §505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word "full" out of the statute." *Id.*

In light of Ninth Circuit precedent described above, it is clear that Plaintiff's arguments regarding "taxable costs" under 28 U.S.C. §1920 are simply inapplicable to actions under the Copyright Act. The Copyright Act allows recovery of "full costs," and a bond encompassing "full costs," is thus clearly warranted. Moreover, despite Plaintiff's puzzling claims to the contrary, there is simply nothing inconsistent with warning potential clients that they are initially

5

responsible for the payment of costs, "though it is possible that these costs could be shifted to Plainitff, as mentioned above." Indeed, the entire purpose of the instant motion is to ensure that Mr. Trinh has the opportunity to recover the costs he has expended, and expects to expend, in order to defend himself from Plaintiff's allegations.

### B. DEFENDANT HAS SATISFIED THE STANDARD FOR IMPOSITION OF A COST BOND IN THE INSTANT CASE

As outlined in detail above, numerous courts across California have determined that Cal. Code Civ. Proc. §1030 represents the appropriate standard to evaluate a motion for an undertaking in California's federal courts (both in diversity and federal question cases). §1030 has two requirements for imposition of a bond: the defendant must have a reasonable possibility of success and the Plaintiff must be a foreign corporation. Plaintiff cites a separate standard, purportedly derived from *A Farber and Partners, Inc. v. Garber,* 416 F.Supp.2d 1143, 1146, though an examination of that case reveals that Plaintiff has essentially created its own standard. The Court in *Farber* examined the request for security under §1030, and denied imposing a bond on the ground that Defendant had not established a reasonable probability for success under §1030. Here, for the reasons outlined in Defendant's brief and described further below, Mr. Trinh has established that he has "a reasonable possibility of obtaining judgment" in this action. Moreover, Plaintiff cannot deny that AF Holdings is a foreign corporation that apparently engages in no business beyond the filing copyright cases based on insufficient proof.

#### 1. Defendant Has A Reasonable Possibility of Obtaining Judgment

##### a. An IP Address is Insufficient to Identify a Copyright Infringer

Plaintiff describes two "wild claims" made in Defendant's original brief. Unfortunately for Plaintiff, each "wild claim" is wholly supported. First, an IP address is insufficient to identify the infringer of Plaintiff's copyright. This is obvious, and well recognized. As Judge Brown in the Eastern District of New York stated,

> "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time. An IP address

provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones." *In Re BitTorrent Adult Film Copyright Infringement Cases,* 2012 WL 1570765 (E.D.N.Y. May 1, 2012).

This point simply cannot be disputed, and Plaintiff's only response is that *sometimes* an ISP subscriber will, in fact, be the same individual as the infringer. Plaintiff would, of course, like this court to believe that the instant case is one of these instances, however they have provided no evidence from which such an inference may be drawn. Instead, Plaintiff cites to several completely irrelevant cases where a judge determined that an IP address was sufficient **to authorize the issuance of a search warrant** in a criminal case. Of course, the standard for obtaining a search warrant is far different from the quantum of proof required to impose liability in the civil context.

Defendant, of course, does not contend that an ISP subscriber is *never* the individual who committed discrete acts over a network, simply that there is no necessary connection between the subscriber and the infringer. This, when combined with a sworn statement indicating that the Defendant has not committed infringement (and does not, in fact, have the proper software installed to have done so), leads to the inevitable conclusion that there is a "reasonable possibility" that Defendant will obtain judgment in the instant action.

                b.      <u>Plaintiff's Counsel has Admitted That an IP Address is Insufficient</u>

Plaintiff's counsel takes obvious umbrage to the fact that he was quoted extensively in support of Defendant's motion for an undertaking. Mr. Gibbs even goes so far as to assert that his own prior statements regarding the insufficiency of an IP address "literally has no bearing" on its identification of David Trinh as the infringer in the instant case. Although Plaintiff's counsel would like this court to share his amnesia, the relevance of Plaintiff's statements to the instant case is apparent. Plaintiff has received *precisely the same ISP subscriber* information in the instant case as he received in each of the prior cases cited in Defendant's brief. In each of the prior cases cited by Defendant, Plaintiff admitted that the ISP subscriber information is insufficient to identify the

infringer.

If an IP address was not sufficient in past cases to identify the actual infringer of his client's copyright, how can the identical information be sufficient to identify the infringer in the instant case? Plaintiff makes no effort to describe how this case differs from any of the cases cited in Defendant's brief, and in fact there does not appear to be any difference. Plaintiff received precisely the same information from Mr. Trinh's ISP that they received in each of the cases cited in Defendant's brief. Plaintiff cites to no additional evidence supporting the inference that the ISP subscriber is, in fact, the infringer in the instant case. Moreover, Defendant has specifically denied the allegations in the instant complaint and provided evidence that, if credited, would establish that he *could not* have committed the infringement in the instant case. As such, Defendant is entitled to an undertaking sufficient to ensure that his recoverable costs and attorney fees can, in fact, be recovered.

### 2. Plaintiff is a Foreign Corporation

The remaining requirement for an undertaking under Cal. Code Civ. Proc. §1030 is that the Plaintiff be a foreign corporation. The logic for this is simple – California courts have limited authority to enforce awards against non-resident Plaintiffs. As this court has previously explained,

> "The purpose of Section 1030 is to afford security for an award of costs which the defendant might otherwise have difficulty in enforcing against a nonresident plaintiff. Cal. Civ. Proc. § 1030, Law Revision Commission Comments. It is also to enable California residents sued by a non-resident to secure costs in light of the difficulty of enforcing a judgment for costs against one who is not within the court's jurisdiction and to thereby act to prevent out-of-state residents from filing frivolous lawsuits against California residents. *Alshafie v. Lallande,* 171 Cal.App.4th 421, 89 Cal.Rptr.3d 788 (2009).

*Hiraide v. Vast Systems Technology Corp.,* 2009 WL 2390352 (N.D. Cal. 2009).

Plaintiff argues that Defendant has articulated no need for security in the instant case. However, as recognized by this court, the need for security arises precisely because of the Plaintiff's status as a non-resident and the difficulty that can be expected in enforcing a judgment against Plaintiff. This need is even more pressing in the instant case, as Plaintiff herein appears to engage in no business beyond the filing of lawsuits.

Plaintiff's opposition opines that no security is necessary, since Defendant can easily attach any of Plaintiff's judgments.² See ECF No. 21 at 11. There are two fundamental problems with this. First, Plaintiff does not appear to have ever actually obtained judgment against a California defendant. Second, as laid out in Defendant's original brief and this reply, Plaintiff's copyright claims are extremely specious and are based on admittedly insufficient evidence. Thus, defendant doubts Plaintiff's ability to actually obtain judgment on future claims in this state. Defendant likewise expects a long line of prevailing defendants with whom he must compete to attach any judgment that is ultimately obtained by AF Holdings during the course of this campaign. Simply put, Plaintiff is engaged in a highly questionable litigation campaign and would like Mr. Trinh, a victim of that campaign, to place his hopes for recompense on the success of the campaign. Mr. Trinh is acutely aware of the weakness of Plaintiff's claims, and has no confidence that AF Holdings' other suits will result in an attachable judgment of sufficient size to satisfy an award of costs and fees in the instant action.

### III.     CONCLUSION

For the reasons set forth above, Defendant's Motion for an Undertaking should be granted. Plaintiff is a foreign corporation, and Defendant herein has an extremely high probability of ultimately succeeding on the merits. Defendant seeks assurances that he will ultimately be able to recover the full measure of costs and attorney fees when he ultimately prevails in this action.

---

² Plaintiff also seems to argue that since some of my clients receive reduced fee representation, that Lodestar attorney fees are not available in the instant action. Plaintiff cites no support for this proposition, and it is contrary to precedent. Reasonable fees under the Copyright Act are determined according to the Lodestar method, and are not capped based on the actual billing arrangements of the parties. See, e.g. *Yahoo!, Inc. v. Net Games, Inc.* 329 F.Supp.2d 1179, 1186 (N.D. Cal. 2004)(" the average market rate in the local legal community as a whole is a better approximation of the hourly rate that would be charged by reasonably competent counsel than the actual billing rate charged by a single attorney). See also *United States v. $186,416 in US Currency* __F.3d__, (9th Cir. April 26, 2011); *Blanchard v. Bergeron,* 489 U.S. 87, 93-94. In addition, as a factual matter, Mr. Trinh is being charged on an hourly basis for his defense in this action.

Respectfully Submitted,

DATED: October 26, 2012     NICHOLAS RANALLO, ATTORNEY AT LAW

By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
Attorney for David Trinh
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 26th day of October, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/     Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law