IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID TRINH,<br><br>    Defendant._____/ | No. C 12-02393 CRB<br><br>**ORDER GRANTING MOTION TO POST UNDERTAKING** |

Now pending is Defendant David Trinh's Motion to Post Undertaking, in which he seeks to have Plaintiff AF Holdings post an undertaking with this Court pursuant to Cal. Code Civ. Proc. § 1030. See Mot. (dkt. 20). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument or further briefing, and GRANTS the Motion.

Although state provisions regarding security for costs or expenses are inapplicable in federal question cases, courts may apply state practice as a discretionary matter when not inconsistent with federal legislation. See 10 Wright, Miller & Kane, Federal Prac. & Procedure: Civil 3d § 2671. "Federal district courts have the inherent power to require plaintiffs to post security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). District courts typically "follow the forum state's practice" when deciding whether security is appropriate. Id.

1   California's practice is set forth in its Code of Civil Procedure section 1030, which
2   provides:

3
4   When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action. . . . For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute[1] apart from this section or by contract.
5
6
7   Code Civ. Proc. § 1030(a). Such motion is to be made "on the grounds that the plaintiff
8   resides out of state or is a foreign corporation and that there is a reasonable probability that
9   the moving defendant will obtain judgment." Id. § 1030(b).
10  Defendant has demonstrated that Plaintiff is a foreign corporation. See Comp. (dkt.
11  13) ¶ 2 ("Plaintiff AF Holdings LLC is a limited liability company organized and existing
12  under the laws of the Federation of Saint Kitts and Nevis."). Defendant has also shown a
13  reasonable probability that he will obtain a judgment in his favor. He has done so by noting
14  that Plaintiff's current evidence of infringement is weak. See Mot. at 7 (citing SBO Pictures,
15  Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011)
16  ("As many courts have noted, however, the ISP subscriber to whom a certain IP address was
17  assigned may not be the same person who used the Internet connection for illicit purposes.").
18  He has also done so by noting that Plaintiff's negligence claim is deeply flawed. See Mot. at
19  11 (citing Trinh Ex. B, an order of Judge Hamilton in AF Holdings v. John Doe & Josh
20  Hatfield, No. 12-2049 PJH (dkt. 26) at 4 (dismissing similar negligence claim and explaining
21  that defendant had no duty to prevent infringement of plaintiff's copyrighted works)).
22  Courts considering the imposition of bonds in the Ninth Circuit are also to consider:
23  "(i) the degree of probability/improbability of success on the merits, and the background and
24  purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from
25  the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any,
26
27  _____
    [1] There is no dispute that Defendant, if he prevailed on the copyright claim, would be eligible to recover his attorneys' fees under 17 U.S.C. § 505. See 20th Century Fox Film v. Enter Distrib., 429
28  F.3d 869, 885 (9th Cir. 2005) ("Under § 505, the district court has discretion to award 'reasonable attorney[s'] fee[s] to the prevailing party.'").

2

viewed from the noncomicilliary plaintiff's perspective." <u>Simulnet</u>, 37 F.3d at 576. In light of Defendant's showing, discussed above, the Court finds that Defendant is likely to succeed on the merits, and also that the suit is one of a great many like it brought by Plaintiff. <u>See</u> Mot. at 2-4.

The Court now turns to the reasonableness of the requested security. The Court rejects Plaintiff's argument that attorneys' fees are inappropriate here. <u>See</u> Response (dkt. 21) at 4-8. Instead the Court will follow <u>Gabriel Tech. Corp. v. Qualcomm Inc.</u>, No. 08-1992 MMA, 2010 WL 3718848, at *14 (S.D. Cal. Sept. 20, 2010) ("the $1 million in attorneys' fees that Defendants have incurred to date may reasonably be included in the Court's determination of an appropriate bond amount"), <u>Pittman v. Avish P'ship</u>, No. 10-1390 JST, 2011 WL 9160942, at *8 (C.D. Cal. June 2, 2011) ("Defendant requests a $240,000 bond, which would cover approximately $45,000 in costs and $195,000 in attorney's fees that Defendants would incur through trial in this matter"), and <u>Kourtis v. Cameron</u>, No. 08-55659, 2009 WL 4885054, at **1 (9th Cir. Dec. 2, 2009) ("The court properly considered 'the nature and amount of the costs and attorney's fees [each] defendant . . . expects to incur'") in including attorneys' fees in its calculation of the appropriate undertaking under section 1030. <u>See also</u> <u>20th Century Fox Film</u>, 429 F.3d at 885 ("district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505").

The Court is mindful of Plaintiff's concern that if it "is required to deposit $88,000 before proceeding in every copyright infringement case it has filed, then Plaintiff simply will not be able to proceed in any copyright infringement case." <u>See</u> Response at 11. The Court is also mindful that it could be difficult for Defendant, should he prevail in this case, to collect from Plaintiff, a foreign corporation (hence the policy behind section 1030). The bond amount must therefore be significant but no greater than necessary. The Court finds that Plaintiff counsel's proposed hourly rate, of $250/hour is reasonable. <u>See</u> Ranallo Decl. (dkt. 20-2) ¶¶ 7-9, 15. However, the Court finds Plaintiff's counsel's proposed hourly breakdown to be excessive, as it envisions, in defending a case that Defendant characterizes

3

as so lacking in merit as to implicate Rule 11, see Mot. at 10, spending, for example, 25 hours on client communication, 40 hours reviewing Plaintiff's responses, and 10 hours researching a fees motion, despite having spent only 2 hours researching the pending motion, see Ranallo Decl. Ex. D (dkt. 20-6). The Court therefore calculates the estimated attorneys' fees as $250/hour times 150 (not 300) hours, for a loadstar of $37,500. The Court then adds the $37,500 to Defendant's anticipated $10,500 in costs, for a total of $48,000.

Plaintiff is therefore ORDERED to post an undertaking of $48,000 with the Court within thirty (30) days of this Order, or face dismissal of the action. See Code Civ. Proc. § 1030(d).

**IT IS SO ORDERED.**

Dated: November 9, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE