IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | No. C 12-02393 CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| DAVID TRINH, | |
| Defendant. | |

The Court is in receipt of Plaintiff AF Holdings LLC's Motion for Leave to File a Motion for Reconsideration (dkt. 25, hereinafter "Motion"), which urges the Court to reconsider its Order of November 9, 2012 (dkt. 23, hereinafter "Order"), requiring Plaintiff to post an undertaking or face dismissal. To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).[1] Plaintiff's Motion relies on the Rule's third prong, see Mot. at 1, but fails to identify any unconsidered material facts or dispositive legal arguments.

---

[1] Plaintiff erroneously cites to Local Rule 7-3(b)(3), which does not exist. See Mot. at 1.

1   Plaintiff's first argument is that the Court failed to use the word "contributory" in its
2   Order, but Plaintiff goes on to acknowledge both that the Court found, broadly, that
3   "Plaintiff's current evidence of infringement is weak," and that Defendant had addressed the
4   contributory infringement claim in his moving papers. Id. at 2-3. That Plaintiff disagrees
5   with the Court does not render the Court's analysis a manifest failure.

6   Plaintiff next argues that its negligence claim is simply an "alternative theory."
7   See id. at 5. That might be so, but it is a theory that the Court continues to find deeply
8   flawed. See Order at 2. Plaintiff's attempt to distinguish SBO Pictures, Inc. v. Does 1-3036,
9   No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011), is likewise
10  unpersuasive. The Court cited that case not because the procedural posture was the same as
11  it is here, but because Judge Conti there noted that "many courts" had reached the same
12  conclusion about IP addresses. See Order at 2. Defendant's moving papers included
13  additional authorities for that proposition, including some from Plaintiff's counsel. See Mot.
14  to Post Undertaking (dkt. 20) at 6-10.

15  Plaintiff's final argument, that the Court's Order is "inapposite to [the] principle" that
16  the "United States is supposed to demonstrate leadership in promoting the rule of law" is
17  simply hyperbolic. Although the Court recognizes, and recognized in its Order, that posting
18  an undertaking of any real amount is inconvenient to Plaintiff, see Order at 3 (reiterating
19  Plaintiff's concern that undertaking would bar it from proceeding in any copyright case and
20  concluding that undertaking should be "no greater than necessary"), Plaintiff's doomsday
21  predictions about the fate of commerce in California, see Mot. at 9 ("many organizations
22  might simply choose to exclude California residents from accessing their businesses") strain
23  its credibility. Only this case is before the Court, and Defendant has met his burden in this
24  case.

25  Accordingly, the Motion for Leave to File a Motion for Reconsideration is DENIED.
26  **IT IS SO ORDERED.**

27
28  Dated: December 6, 2012        CHARLES R. BREYER
                                   UNITED STATES DISTRICT JUDGE