Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRINH <br><br> Defendants. | Case No. 3:12-cv-02393-CRB <br><br> **NOTICE OF MOTION AND DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO POST UNDERTAKING** <br><br> **Judge: Honorable Charles R. Breyer** <br> **Courtroom 6 – 17th Floor** <br> **Date: February 8, 2013** <br> **Time: 10:00 AM** |

### DEFENDANT TRINH'S NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Friday, February 8, 2013 Defendant David Trinh, by and through undersigned counsel, shall appear before the Honorable District Judge Charles Breyer at the San Francisco Courthouse, Courtroom 6-17th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, and will present his motion to dismiss this matter pursuant to Cal. Code Civ. Proc. 1030(d), and Fed. R. Civ. Proc. 41, and this Court's November 9, 2012 Order.

Defendant relies on this motion, the attached memorandum in support, all supporting declarations filed herewith, and any oral arguments made before the court. For the reasons set out more fully herein, Defendant Trinh requests that this court dismiss the instant matter, with prejudice, based upon Plaintiff's failure to comply with this Court's November 9th Order requiring an undertaking.

Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID TRINH<br><br>　　　　Defendant. | Case No. 3:12-cv-02393-CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

## I.　　INTRODUCTION & PROCEDURAL BACKGROUND

The complaint in the instant matter was filed on May 10, 2012, against a single unidentified John Doe defendant, alleging that the Doe had violated the Plaintiff's copyrights via a specified IP address. This suit is one of dozens of suits filed by AF Holdings in this district and one of hundreds nationwide. On May 30, 2012, Plaintiff applied Ex Parte for an order authorizing early discovery to determine the ISP subscriber assigned to the IP address in question at the date/time of the alleged infringement. On June 14, 2012, Magistrate Judge Ryu granted Plaintiff's request. Subsequently, Plaintiff was notified that David Trinh was *the subscriber* associated with IP address 69.181.62.141 on the date in question. Plaintiff offered no further basis for the accusation that Mr. Trinh has infringed any copyrights.

On October 5, 2012, Defendant Trinh filed a motion to require an undertaking, pursuant to this Court's inherent power and Cal. Code Civ. Proc. §1030. On November 9, 2012, this court granted defendant's motion, and ordered Plaintiff "to post an undertaking of $48,000 with the

Court within thirty (30) days of this Order, or face dismissal of the action." ECF No. 23, at 4. Thirty days have now passed and Plaintiff has failed to comply with this Court's November 9 Order. As such, and for the reasons outlined further below, this matter should be dismissed.

## II. LEGAL STANDARD

As noted above, this court has ordered an undertaking pursuant to Cal. Civ. Code §1030(a) – (c). Cal. Civ. Code §1030(d) subsequently states that "The Plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action or special proceeding **shall be dismissed**..." (emphasis added).

Additionally, Fed. R. Civ. P. 41(b) provides this court with the authority to dismiss a complaint "If the plaintiff fails to prosecute or to comply with these rules **or a court order.**" Rule 41(b) contemplates that all involuntary dismissals under this section operate as an adjudication on the merits, except those for lack of jurisdiction, venue, or failure to join a party, or those specifically designated "without prejudice" by the dismissing court.

The Court's November 9th Order gave Plaintiff the allotted thirty days to post the bond amount, and warned that Plaintiff would face dismissal if it failed to post the required amount, citing §1030(d). Plaintiff has failed to comply with this Court's November 9th Order, assuring the appropriateness of dismissal under Fed. R. Civ. P. 41(b). As described further in Section III(B) infra, dismissal with prejudice is appropriate based on Plaintiff's failure to post the required amount.

## III. ARGUMENT

**A. This Court Should Dismiss the Instant Matter Pursuant to Cal. Code Civ. Proc. 1030(d), Fed. R. Civ. P. 41(b), and This Court's November 9th Order**

Cal. Code Civ. Proc. 1030(d), by its terms, *requires* a court to dismiss an action if the Plaintiff fails to comply with an order to post an undertaking to secure costs and fees. In the instant case, it is undisputed that this court required an undertaking in its November 9th Order and notified the Plaintiff that it would face dismissal if it failed to post the required amount. It is likewise undisputed that more than 30 days have passed since the November 9th Order, and that

3
CV 12-2393-CRB Defendant's Motion to Dismiss and Memo in Support

1 Plaintiff has not posted the required amount. As such, under the terms of §1030(d), dismissal is
2 mandatory. Defendant is aware that this court is not bound to the strict terms of §1030(d),
3 however Defendant can see no reason why this Court would, or should, depart from its earlier
4 order.

5 In addition to the strict terms of §1030(d) requiring dismissal, this court has the authority
6 to dismiss the complaint based on Plaintiff's failure to comply with this court's November 9th
7 Order. Fed. R. Civ. P. 41(b) authorizes a court to dismiss a cause of action based upon, inter alia,
8 Plaintiff's failure to obey a court order. As noted above, it is undisputed that this court required
9 Plaintiff to post an undertaking in the amount of $48,000 to proceed in this action, and Plaintiff
10 has failed to do so. As such, dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate in the
11 instant case.

**B.     Dismissal With Prejudice is Appropriate in the Instant Case**

§1030(d) is explicit that dismissal following a Plaintiff's failure to post bond is mandatory, however the statute does not say whether this dismissal should be with prejudice or without. Upon review of the relevant case law, it appears that dismissal with prejudice is certainly allowed, if not mandatory, for failure to post required security. As demonstrated below, federal and state case law support dismissal with prejudice, and the balance of equities in the instant case weigh heavily in favor of a dismissal on the merits.

    1.     <u>State and Federal Case Law Support Dismissal With Prejudice</u>

The clearest statement (in a published decision) supporting dismissal with prejudice for failure to post an undertaking pursuant to §1030 can be found in the California Supreme Court case of Lyons v. Wickhorst, 42 Cal.3d 911 (Cal., 1986). In Lyons, the California Supreme Court was discussing the appropriateness of a dismissal with prejudice in another setting, and noted the "general proposition" that "the power of the court to dismiss actions with prejudice ' has in the past been confined to two types of situations: (1) the plaintiff has failed to prosecute diligently; or (2) the complaint has been shown to be 'fictitious or sham' such that the plaintiff has no valid cause of action'" *Lyons*, 42 Cal.3d 911, 915 (Cal. 1986). This citation to past authorities includes

an important footnote, however, which states as follows: "Several additional grounds for dismissal have been recognized over the years. These include:...(4) **plaintiff's failure to give security for costs."** Id. at 915, fn 4 (emphasis added). It is apparent, therefore, that the California Supreme Court has recognized that dismissal with prejudice can be (or *must* be) the appropriate sanction for failing to post required security. A survey of federal case law supports this result.

*Pittman v. Avish Partnership*, a case cited by this court in requiring an undertaking, provides further support for dismissal with prejudice. See 2011 WL 9160942 (C.D. Cal. June 2, 2011). In Pittman, the Plaintiff was required to post an undertaking in the amount of $50,000 to cover prospective costs and attorney fees under CCP §1030. The court further noted that "Failure to do so will result in dismissal of the action," exactly as herein. See Pittman, at *9. Following Plaintiff's failure to post the required security, the matter was dismissed. A copy of this dismissal is annexed hereto as Exhibit A. Although the order doesn't specify that the dismissal is "with prejudice," Fed. R. Civ. P. 41(b) is clear that involuntary dismissals, unless otherwise specified, are considered adjudications on the merits. Thus, the dismissal in *Pittman* was considered an adjudication on the merits – i.e. a dismissal with prejudice.

Although the Ninth Circuit has never directly spoken on the matter, other circuits have recognized that a matter may be dismissed, with prejudice, based on the Plaintiff's failure to post required security. For example, the Second Circuit has recognized that a dismissal with prejudice is appropriate following a Plaintiff's failure to post security required by the district court. In *Atlanta Shipping Corp. v. Chemical Bank,* the Second Circuit affirmed dismissal of Plaintiff's claims based on Plaintiff's failure to post required security for costs. See 818 F.2d 240, 245 (2nd Cir. 1987)(specifically noting that, upon the failure of the Plaintiff to post the required bond, Judge Goettel "entered final judgment dismissing Atlanta's complaint with prejudice pursuant to Fed. R. Civ. P. 41(b)"). Multiple other courts agree. See *Haberman v. Tobin,* 626 F.2d 1101,1103 (2nd Cir. 1980)(upholding dismissal where the court ordered Plaintiff "to post a bond pursuant to Local Rule 2 in the amount of $10,000 within 15 days as a condition of his prosecuting the federal claims. The order stated that his failure to do so 'shall constitute good cause for the

5
CV 12-2393-CRB Defendant's Motion to Dismiss and Memo in Support

involuntary dismissal, with prejudice, of this action'"); *Hodge v. American Home Assurance Co.,* 25 F.3d 1037; 1994 WL 224165 at *3 (1st Cir. 1994)(unpublished) (affirming order of dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to post a non-resident undertaking); *Drake v. St. Paul Travelers Ins. Co.,* 353 Fed. Appx. 901, 2009 WL 4035470 (5th Cir., 2009)(unpublished)(affirming circuit court decision and noting that "Plaintiff's lawsuit was subsequently dismissed with prejudice after he failed to provide the required bond."); *Hawkins v. Lindsley,* 327 F.2d 356 (2nd Cir. 1964)(affirming dismissal with prejudice based on Plaintiff's failure to post security for costs) *Lattomus v. General Business Svcs. Corp.,* 911 F.2d 723 (4th Cir. 1990)(unpublished)(affirming dismissal of action, with prejudice, based on Plaintiff's failure to post required security); *Rua v. Glodis,* 2012 WL 2244817 at *4(D.Mass. June 14, 2012)("plaintiff must post a $6000 bond. If a bond is not posted within 30 days of this order, the medical malpractice claims against defendants Somers, Rogers, and Jones will be dismissed with prejudice").

As outlined above, the weight of authority firmly supports the proposition that this court has the authority, if not the duty, to dismiss this action with prejudice. As described further below, dismissal with prejudice is consistent with the policies underlying §1030 and in accord with the balance of equities in the present case.

2. <u>Dismissal With Prejudice Best Supports the Policies Underlying §1030 and the Balance of Equities in the Instant Case</u>

As mentioned in Defendant's motion for an undertaking, this case represents the latest incarnation in a "nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals." *In Re: BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012). As recognized in this court's November 9th Order, these cases are built upon objectively weak evidence tying a particular individual to a particular infringement. Other courts have gone further, describing similar BitTorrent pornography suits as "essentially an extortion scheme." *Malibu Media v. Does 1-10,* 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012).

The mechanics of this scheme are well documented, and rely on heavy doses of embarrassment and the inherent cost of defending one's self in federal court in order to secure dubious "settlements" of several thousands of dollars per claimed infringement. This aspect was recognized by the Northern District in *On the Cheap, LLC v. Does 1-5011,* No. 10-4472, 2011 WL 4018258 at *11 (N.D. Cal. Sept.6, 2011), which recognized that plaintiff's settlement tactics leave putative defendants with "a decision to either accept Plaintiff's demand or incur significant expense to defend themselves," and finding that this does not "comport with the 'principles of fundamental fairness.'" Other courts have recognized that

> "[p]laintiff would likely send settlement demands to the individuals whom the ISP has identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not- would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand. This creates a great potential for a coercive and unjust settlement." *SBO Pictures, Inc. v. Does 1-3036,* 2011 WL 6002620 at *3 (N.D. Cal. Nov. 30, 2011)(internal quotations omitted).

Indeed, it is a disappointing-but-true fact that a putative defendant, whether innocent or not, must put his reputation and financial security on the line in order to defend himself from Plaintiff's scurrilous allegations. This situation is further exacerbated by the fact that, as admitted by Plaintiff's counsel, the identity of an ISP subscriber is insufficient to actually identify the infringer of its copyright.

It is clear, based on the facts and circumstances of this case and Plaintiff's response to the motion for undertaking, that Plaintiff has chosen to sue Mr. Trinh as the ISP subscriber without any further evidence that he is actually the individual that has infringed Plaintiff's copyrights. Moreover, Plaintiff's counsel has deliberately attempted to leverage the embarrassment factor into a settlement by including defendant's name on its website, thereby guaranteeing that anyone who subsequently conducts an internet search of Mr. Trinh will be made aware of the baseless allegations. This is a technique used en masse by this Plaintiff in suits throughout the country, and is usually enough to coerce a reputation-minded defendant into accepting a dubious "settlement." In the instant case, however, Mr. Trinh has accepted Plaintiff's challenge and has resolved to

defend himself.  Suddenly, however, Plaintiff is no longer interested in pursuing its claims against Mr. Trinh, since it has been ordered to post security to ensure that Mr. Trinh is made whole following a successful defense.  When asked to put its money where its mouth is, Plaintiff has declined.  Defendant requests that this court remain mindful of this fact when deciding whether a dismissal should be with, or without, prejudice.

A dismissal with prejudice will accomplish two important aims.  First, it will give Defendant the peace of mind that he deserves.  Plaintiff will not be able to threaten defendant with still further litigation and potential embarrassment.  In short, the present suit is Plaintiff's chance to prove its claims.   If it is not interested in doing so now that it has met resistance, then the matter should be finally dismissed.  Notwithstanding its protestations, it is clear that Plaintiff has given up this case when it became apparent that they would actually be required to stand behind their claims or be financially responsible for the havoc they have wrought.  As the 7th Circuit has recognized in a similar setting, defendant has "obtained a favorable judgment.  That this case ended "when [plaintiff] threw in the towel does not make [defendant] less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor.  [Plaintiff] sued; [Defendant] won, no more is required." *Riviera Distribs., Inc., v. Jones* 517 F.3d 926, 928 (7th Cir. 2008).

Second, a dismissal with prejudice will allow the Defendant to recover the attorney fees that he has spent in his defense to this point.  Plaintiff's litigation scheme relies on forcing a defendant into a "Catch -22" scenario – either pay thousands of dollars to defend yourself, or pay thousands of dollars in tribute to the Plaintiff, and hope to spare your reputation before your name becomes publicly associated with Plaintiff's pornographic films.  The *only* effective deterrent to this behavior is the potential for an award of attorney fees and costs to the prevailing party, a deterrent that is specifically authorized by the Copyright Act, 17 U.S.C. §505.  However, in order for Mr. Trinh to be declared the prevailing party in this case, following Plaintiff's disavowal of its claims, the dismissal in the instant matter need be "with prejudice."  Mr. Trinh does not seek a windfall.  On the contrary, Mr. Trinh merely seeks to break even after Plaintiff's unfounded

allegations of pornographic copyright infringement, and be made whole for the expenses he has incurred thus far.

In contrast to the goals that would be served by a dismissal with prejudice, no legitimate goals would be served by dismissing this matter without prejudice. Plaintiff has clearly indicated that it is not willing to stand behind its claims, and there is no reason to believe that it would do so in a subsequent suit unless it is allowed to do so without incurring any financial risk. Plaintiff's is an offshore entity from a notorious "asset protection" jurisdiction that does not appear to have any U.S. assets, or even any real ownership interest in the film that forms the basis of this suit. This reduces any promise of §505 attorney fees to a "Potemkin Village", as the court in *Righthaven LLC v. Wolf* recognized. 813 F.Supp.2d 1265, 1271 n.2 (D. Colo. 2011)("even though copyright law expressly provides for an award of costs and reasonable attorney fees to a party prevailing in its defense of a meritless infringement action, the economic realities of securing counsel and paying in advance the costs of litigation turns this remedy into a Potemkin Village"). The entire purpose of incorporating AF Holdings in Nevis is to foil attempts by successful defendants to collect attorney fees under §505. Dismissing the instant matter without prejudice would allow the Plaintiff to press meritless claims in an attempt to force cost of defense settlements, without any effective deterrent or financial repercussions.

As such, Mr. Trinh respectfully requests that this matter be put to rest, with prejudice, so that he may recover the attorney fees that he has already committed and move on with his life. Indeed, this is the only way to accomplish true justice in the instant case.

### IV.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court dismiss the instant matter, with prejudice, and allow Defendant to move on with his life without suffering personal and financial repercussions based upon Plaintiff's failures.

DATED: December 27, 2012           NICHOLAS RANALLO, ATTORNEY AT LAW


By: _____/s/ Nicholas Ranallo

9

Nicholas Ranallo (Cal Bar # 275016)
Attorney for David Trinh
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 27th of December, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/          Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law