Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | No. 3:12-CV-02393-CRB |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S RESPONSE TO** |
| v. | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| DAVID TRINH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant David Trinh ("Defendant") has filed a Motion to Dismiss for Failure to Post Undertaking. (ECF No. 32.) Plaintiff has not posted the undertaking because, in addition to being well outside of Plaintiff's means, payment of the undertaking would prejudice Plaintiff, setting a highly unfavorable precedent for not only Plaintiff but other similarly situated copyright holders as well. Plaintiff contends that the Honorable Court was erroneous in determining that Defendant had a reasonable probability of success in the instant action, for the reasons described in Plaintiff's Response to Motion to Post Undertaking. (*See*, generally, ECF No. 20.) Ultimately, Plaintiff should not have to pay merely for the privilege of protecting its valid copyrights. It was not the intent of the Copyright Act that plaintiffs should be forced to front the entire monetary expenditure of copyright infringers before pursuing litigation against them simply because the initial evidentiary basis for alleging such infringement was an IP address. Though IP addresses are not perfect, they are the most

perfect tool available for victims of copyright infringement to assert their rights in the face of infringement committed online.  The Copyright Act's intent, of course, is to allow copyright holders to assert their rights in the face of infringement. As noted by the Court's Order, "although state provisions regarding security for costs or expenses are inapplicable in federal question cases, courts may apply state practice as a discretionary matter *when not inconsistent with federal legislation.*" (*See* ECF No. 23 at 1) (Emphasis added.) Thus, the Court itself has recognized that, though it has the discretion to apply state practice regarding security, *it may not do so* when such practice would be inconsistent with federal legislation. Imposition of an undertaking in the instant action, on the grounds proffered by the Court, is not only inconsistent with the purpose and intent of the Copyright Act, but directly contradicts the purpose and intent of the Copyright Act.  However, even if the Court should find that Plaintiff's Complaint should be dismissed for its failure to post the undertaking, the dismissal should be without prejudice.

## BACKGROUND

On November 9, 2012, this Court granted Defendant's Motion to Post Undertaking. (ECF No. 23.) The Court reasoned that "Defendant has…shown a reasonable probability that he will obtain a judgment in his favor…by noting that Plaintiff's current evidence of infringement is weak." (*Id.* at 2.)  The Court's assertion that Plaintiff's current evidence of infringement is weak is based *solely* on the fact that Plaintiff's current evidence of infringement stems from the observation of conduct committed over a particular IP address. (*Id.*) ("As many courts have noted, however, the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes.") (*Citing SBO Pictures, Inc. v. Does 1-3036,* No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011).)  The Court never explains how this perfunctory conclusion leads it to a further egregious conclusion; that this evidential showing by Plaintiff leads the Court to conclude that Defendant has a "reasonable *probability*" of obtaining a

judgment in its favor. Though the Court also notes its belief that "Plaintiff's negligence claim is deeply flawed" (*Id.*), the negligence claim is an alternative theory of Defendant's liability; as such, the crux of the issue in the instant action is whether Defendant has a reasonable probability of succeeding on Plaintiff's primary claim that Defendant is the direct and contributory infringer of Plaintiff's copyright. (*See* ECF No. 13, Plaintiff's Amended Complaint.)

There is thus literally no further analysis of the strength of Defendant's probability of success other than the fact that Plaintiff's claim is based upon an IP address. As a practical matter, any claim of copyright infringement committed online—or, for that matter, any claim of *any* sort of tortious act committed online—must be founded upon an IP address. (*See* ECF No. 7, Plaintiff's Application for Leave to Take Expedited Discovery.) The Court's Order Requiring Plaintiff to Post Undertaking (ECF No. 23.) thus amounts to an assertion that any plaintiff basing a claim of harm committed online on an IP address has given the defendant a reasonable probability of success. As a result, the Court's rule appears to be this: any plaintiff alleging a harm committed online and that is also a foreign corporation has to post an undertaking. Though the Court finds that Plaintiff's concern regarding the impact upon commerce in California "strains its credibility" (ECF No. 29 at 2), Plaintiff would once again contend that IP addresses are the *only* method by which similarly situated plaintiffs who are harmed online can pursue redress for those harms. Plaintiff leaves aside considerations of impacts on other types of litigants; rather, Plaintiff's instant Response to Defendant's Motion to Dismiss simply asserts that the Order Requiring Plaintiff to Post Undertaking directly contradicts the purpose and intent of the Copyright Act.

## LEGAL STANDARD

"Although state provisions regarding security for costs or expenses are inapplicable in federal question cases, courts may apply state practice as a discretionary matter when not inconsistent with

federal legislation." (ECF No. 23 at 1, Order Granting Motion to Post Undertaking) (*Citing* 10 Wright, Miller & Kane, Federal Prac. & Procedure: Civil 3d § 2671.)

## I. THE COURT'S IMPOSITION OF SECURITY IN THE INSTANT ACTION, ON THE GROUNDS ESTABLISHED BY THE COURT, DIRECTLY CONTRADICTS THE PURPOSE AND INTENT OF THE COPYRIGHT ACT

The Copyright Act, on its face, was intended to allow copyright holders to assert their rights in the face of copyright infringement. This can be inferred, *inter alia*, from the $150,000 statutory maximum established for a given instance of infringement. (*See,* generally, United States Copyright Act.) As a practical matter, when a given quasi-anonymous individual commits copyright infringement over the Internet, the IP address by which such infringement was committed presents the *only* manner by which the infringer can be identified. (*See* Plaintiff's Application for Expedited Discovery, ECF No. 7); (*See* ECF No. 10, Order Granting Plaintiff's Application for Expedited Discovery.) All claims of copyright infringement committed online will thus necessarily be founded upon an IP address.

The Court, in its Order Requiring Plaintiff to Furnish Security (ECF No. 23), asserts that "Defendant has…shown a reasonable probability that he will obtain a judgment in his favor…by noting that Plaintiff's current evidence of infringement is weak." (*Id.* at 2.) The Court's assertion that Plaintiff's current evidence of infringement is weak is based *solely* on the fact that Plaintiff's current evidence of infringement stems from the observation of conduct committed over a particular IP address. (*Id.*) ("As many courts have noted, however, the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes.") (*Citing SBO Pictures, Inc. v. Does 1-3036,* No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011).) Regardless of the Court's previously expressed skepticism, it is indisputable that, as a practical matter, claims of online copyright infringement—and, relatedly, claims of *any* harm committed online—must be founded upon an IP address. The Court's assertion

must thus be viewed in the aggregate: if Plaintiff's evidence of infringement is "weak" in the instant action solely because it is based on an IP address, then all such claims are "weak", and all copyright holders (outside of California) seeking to assert their rights against online copyright infringers will, on the basis of this logic, be forced to post an undertaking prior to proceeding in any action. This reads into the Copyright Act a bar to copyright enforcement that Congress clearly did not intend; had Congress intended to impose such a bar, it would have included such a bar within the statute. No such bar exists. As such, the Court has unilaterally read into the Copyright Act the requirement that claims of online copyright infringement must be accompanied by a burdensome—indeed, prohibitive— posting of security.

In summary, Plaintiff's assertion that the Court's Order, and the reasoning upon which it is based, directly contradicts the Copyright Act is based on the following chain of logical propositions: (1) All victims of online copyright infringement must necessarily base their claims upon IP addresses; (2) the Court ordered Plaintiff to post an undertaking *solely* based on the fact that its claims were based upon an IP address; (3) in the aggregate, the precedent set by this holding would require all victims of online copyright infringement—as well as, generally, all victims of harms committed online—to post an undertaking before asserting such claims; (4) this precedent would unilaterally read into the Copyright Act a requirement that victims of online copyright infringement must post a burdensome undertaking before asserting their rights; (5) such a bar directly contradicts the intent of the Copyright Act, whose, *inter alia*, provision for a $150,000 statutory maximum per incident of infringement indicates that Congress intended the Copyright Act to make it easier for copyright holders to assert their rights.

Since the Court may apply state practice only when not inconsistent with federal legislation (*See* ECF No. 23 at 1), and the basis upon which the Court has granted security in the instant action

directly contradicts the Copyright Act, the Court ought not have imposed security on Plaintiff in the instant action.

## II. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED *WITHOUT PREJUDICE*

Defendant argues that "dismissal with prejudice is appropriate in the instant case." (ECF No. 32 at 3.) In support of this proposition, Defendant asserts that: (1) state and federal case law support dismissal with prejudice; and (2) dismissal with prejudice best supports the policies underlying §1030 and the balance of equities in the instant case. As set forth below, each of Defendant's assertions is incorrect.

### A. STATE AND FEDERAL CASE LAW *DO NOT* SUPPORT DISMISSAL WITH PREJUDICE

Defendant argues that "state and federal case law support dismissal with prejudice." (ECF No. 32 at 4.) In support of this proposition, Defendant first asserts that "The clearest statement (in a published decision) supporting dismissal with prejudice for failure to post an undertaking pursuant to §1030 can be found in the California Supreme Court case of *Lyons v. Wickhorst*, 42 Cal.3d 911 (Cal., 1986)." *Id.* Defendant's citation, however, is to a state court case; though the statute that the Court has chosen to govern its imposition of security is a state statute, Defendant has offered **_no case law_** in support of the proposition that the Court should follow the forum state court's *interpretation* of the statute. In addition, the *Lyons* Court embedded its reference to plaintiff's failure to give security for costs as an appropriate ground for dismissal with prejudice in a footnote, and that footnote consisted of a citation to the Witkin California Procedure Treatise. A treatise is not even binding authority in state court, and is thus most certainly not binding authority in the instant federal suit. Furthermore, even if the *Lyons* Court's citation to the Treatise were acceptable, there is no case citation provided, by the *Lyons* Court or by Defendant's Motion, as to the specific context or cases that were dismissed for plaintiff's failure to give security for costs. Such citation would allow for

proper assessment of the situational factors which led to dismissal with prejudice in some instances; without such citation, the proffered language from the *Lyons* footnote is merely offhand dicta, and has no relevance to the determination of whether the instant action should be dismissed with prejudice. Defendant also failed to point out *G.S. v. Sajahtera,* a case heard by the California Court of Appeals in which the lower court dismissed the case ***without prejudice*** because plaintiff failed to post an undertaking under Cal. Code Civ. Proc. §1030. *G.S. v. Sajahtera,* No. B206769 (Cal. Ct. App. April 29, 2009) (the lower court "dismissed the case (without prejudice) because G.S. [plaintiff] failed to file an undertaking within the prescribed period.") The circumstances surrounding *G.S. v. Sajahtera* are quite similar to the instant action, in that Plaintiff's only failure in *G.S.* was failing to post the undertaking, rather than the litany of misconduct on the part of the plaintiffs in the cases which Defendant subsequently cites, and which Plaintiff will now address.

Defendant goes on to cite *Pittman v. Avish Partnership* as providing "further support for dismissal with prejudice." (ECF No. 32 at 5.) The situation in *Pittman*, however, is overwhelmingly distinguishable from that of the instant action. In *Pittman*, Plaintiff herself contradicted several of the factual bases upon which her case rested, *including the factual contention that she was actually present in the state at the time of the events in question*. *See Pittman v. Avish Partnership,* 2:10-cv-01390-JST–OP (C.D. Cal. June 2, 2011), ECF No. 71 at 6. Even if one were to accept the proposition that IP address-based evidence of infringement is weak, the evidence does not *directly contradict* the claim that the subscriber of the IP address committed copyright infringement. The *Pittman* Court does not express why it declined to dismiss the case without prejudice, but the Court certainly does not indicate in its Order granting bond (*See* ECF No. 32 at 5) that it is bound to dismiss the case with prejudice because of Plaintiff's failure to post the bond should, for instance, Plaintiff bring suit again and possibly pay a bond prior to the statute of limitations runs out. In any event, it is clear that the weight of the facts were much more heavily in favor of Defendant in

*Pittman* than they are in the instant action. A related point is the fact that the evidentiary record had been much more fully developed in *Pittman* than in the instant action; that case had been pending for *16 months* by the time the Court issued its Order to Post Bond, whereas the instant action has not even reached the discovery stage. While the *Pittman* Order certainly demonstrates that a Court may dismiss with prejudice where Plaintiff fails to post an ordered bond, the parties to that case had been given much more opportunity to present and gather evidence prior to the imposition of the bond than the parties to the instant action. As such, Plaintiff contends that it would be premature for the Court to dismiss the instant action with prejudice, on the sole basis that Plaintiff's claim, as it currently stands, is based on the IP address observed to have infringed upon Plaintiff's copyright. If the Court chooses to dismiss the case, Plaintiff should, at the very least, be given the opportunity to further bolster the evidentiary support for its claim considering Plaintiff has over a year to conduct such an investigation and/or reveal further evidence. It is apparently undisputed between the parties that Defendant's IP address was observed infringing upon Plaintiff's copyright, and Plaintiff should have the opportunity to address whatever evidentiary flaws the Court finds in Plaintiff's claim, without having to post the burdensome sum imposed by this Court's Security Order.

Defendant goes on to assert that "the Ninth circuit has never directly spoken on the matter" of whether a case should be dismissed with prejudice for failure to post security. (ECF No. 32 at 5.) Defendant subsequently cites a series of cases *in other circuits* in which dismissal with prejudice is ordered by the Court as a result of failure to post security. The Court, however, ordered Plaintiff to post security pursuant to Cal. Code Civ. Proc. § 1030(d). (*See* ECF No. 23.) As such, the interpretation by other circuits of the security statutes of other states is *completely irrelevant to the instant action*. In addition, Defendant mischaracterizes the relevance to the instant action of each of the cases he cites. In *Atlanta Shipping Corp. v. Chemical Bank,* Plaintiff *requested that the Court enter judgment* so that Plaintiff could "pursue its appeal rather than try this case under principles of

law enunciated by the [lower] Court." *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F. 2d 240, 245 (2nd Cir. 1987.) The lower Court thus dismissed Plaintiff's Complaint with prejudice "***in view of this representation.***" *Id.* (emphasis added). Plaintiff in the instant action has not made any such representation, and so the Second Circuit's interpretation of a different bond statute under a completely different set of circumstances is completely irrelevant here.

Defendant next cites to *Hodge v. American Home Assurance Co.* (ECF No. 32 at 6.) The *Hodge* Court affirmed the order of dismissal with prejudice, but did not do so solely on the basis of Plaintiff's failure to post a non-resident undertaking, as Defendant suggests. Rather, the *Hodge* Court cited "plaintiff's repeated inability to comply with court warnings and court orders, i.e., plaintiff's failure to comply with the court's order addressed to the expert witness requesting documents regarding his qualifications as an expert, plaintiff's counsel's repeated in- court references to settlement negotiations in flagrant disregard of the court's warning…" in addition to his failure to post the undertaking. *Hodge v. American Home Assurance*, 25 F. 3d 1037 (unpublished) (1st Cir. 1994). The Court also noted that "dismissal with prejudice is a 'harsh sanction' which should be employed only when a plaintiff's misconduct has been extreme." *Id.* Plaintiff has not engaged in any misconduct, much less the extreme misconduct contemplated by the *Hodge* Court, in its litigation of the instant action, making dismissal with prejudice of the instant action highly inappropriate.

Defendant next cites to *Drake v. St. Paul Travelers Ins. Co.* (*See* ECF No. 32 at 6.) Defendant grossly mischaracterizes the holding in *Drake*. Defendant asserts that the Court's Order affirmed circuit court decision and noted that "Plaintiff's lawsuit was subsequently dismissed with prejudice after he failed to provide the required bond." *Id.* The dismissal to which the Court refers, however, was for claims that Plaintiff had filed in state court, claims for which the state court demanded that Plaintiff post a bond because he had been declared a vexatious litigant. *Drake v. St. Paul Traveler's Insurance Co.,* 353 Fed. Appx. 901 (5th Cir. 2009). That dismissal was not the

subject of the district court action subsequently filed by Plaintiff, for which the appeal cited by Defendant's Motion was heard by the Fifth Circuit. Indeed, the Court of Appeals ruled that it was not an abuse of discretion for the district court to **deny defendants' Motions for Entry of a Vexatious Litigant Order** against Plaintiff. *Id.* As such, *Drake* simply does not stand for the proposition that Defendant has ascribed to it, as the state court's bond order was simply not before the Fifth Circuit in the action.

Defendant next cites to *Hawkins v. Lindsley*. (*See* ECF No. 32 at 6.) *Hawkins*, however, involved the interpretation of section 61-b of New York General Corporation Law. *Hawkins v. Lindsley,* 327 F. 2d 356, 359. Section 61-b was a provision in place for stockholders' derivative actions. *See Ames v. Voit*, 97 F. Supp. 89 (S.D. NY 1951). Section 61-b "authoriz[ed] the Court, at the instance of the corporation anytime during the pendency of the action 'instituted or maintained', to require a shareholder who brought a derivative suit to post security for those possible expenses, if the shareholder did not own at least 5 percent of the corporation's shares or own shares with a value of at least $50,000."[1] A case from a different circuit, interpreting a law from a different state which was applicable **only to stockholders' derivative suits** is certainly not appropriate authority for determining whether dismissal should be with prejudice in the instant action,

Defendant next cites to *Lattomus v. General Business Svcs. Corp*. (*See* ECF No. 32 at 6.) Once again, the Court dismissed with prejudice for several reasons in addition to plaintiff's failure to post the security. Instead, as the 4th Circuit pointed out:

> the district court noted that its exercise of discretion to dismiss under [Federal] Local Rule 103(4) [the security statute] was taken 'upon consideration of the entire record in these proceedings. The entire record as of that date revealed **numerous instances** of the appellants' **failure to comply with court orders and procedural rules**. For example, all four appellants failed to answer an initial set of interrogatories and document requests, and three of the four have yet to comply with a court order compelling answers and document production, while the fourth complied belatedly.

---

[1] The History of the New York Court of Appeals: 1932-2003, Meyer, Bernard S. and Burton C. Agata, Columbia University Press Jul 14, 2006 at p. 114.

The appellants also failed to respond to a second set of interrogatories, despite several requests for extensions of time.

*Lattomus v. General Business Svcs. Corp.*, 911 F. 2d 723 (4th Cir. 1990) (unpublished opinion) (emphasis added.) Once again, the Court decided to take the harsh step of dismissing with prejudice on the basis of substantial, repeated instances of misconduct, and not merely because the plaintiff failed to post a bond. There was no misconduct in this case. Plaintiff should not suffer this unjust result.

Defendant completes his review of irrelevant cases with *Rua v. Glodis*. (ECF No. 32 at 6.) The bond alluded to by Defendant in his characterization of the *Rua* holding involved a statute that required medical malpractice claims to be first brought before a tribunal, whose purpose was to determine whether the medical malpractice claims had any merit. *Rua v. Glodis,* No. 10-40251-FDS (D. Mass. June 14, 2012). As described by the Court, the statute provided that "If a finding is made for the defendant[s] . . . the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars." *Id.* Plaintiff's failure to post the bond "*required* [the Court] to dismiss those claims with prejudice." *Id.* In addition, Plaintiff had declined to show any proof whatsoever to the aforementioned tribunal. *Id.* Once again, Defendant has cited to a case where, though the word "bond" is used, the statute itself and the background circumstances are *completely irrelevant* to the instant action.

Thus, the string of cases cited by Defendant supporting dismissal with prejudice, some of which are unpublished, and none of which interpret the Cal. Code Civ. Proc. §1030(d) (or even a statute that is substantially similar to the fees and costs provided for by §1030(d)), all involve either bond statutes for extremely precise circumstances that are wholly irrelevant to the instant action, or exhibit some additional, serious misconduct on the part of plaintiff aside from mere failure to post a bond (except for the *Atlanta Shipping Corp.* case, wherein dismissal with prejudice was granted *at Plaintiff's request* so that Plaintiff could appeal.)

11

As such, Plaintiff contends that, even if the Court does not overturn its Order Requiring Plaintiff to Post Undertaking, the Court should at least dismiss the action without prejudice, so that Plaintiff may take appropriate steps to bolster the evidentiary bases of its claims and seek justice for the infringement of its copyright.

### B. DISMISSAL WITH PREJUDICE NEITHER ALIGNS WITH THE POLICIES OF §1030 NOR SUPPORTS THE BALANCE OF EQUITIES IN THE INSTANT CASE

As previously mentioned, Plaintiff has used the only method available to Plaintiff, and other similarly situated entities, to combat online infringement of its copyright—that of IP address tracing. Imposition of security poses an insurmountable bar to Plaintiff's litigation of the case, and, in the aggregate, would make enforcement of copyrights in the face of online infringement prohibitive for all but the wealthiest of copyright holders. This case, viewed in isolation, may not drive that point home, but the fact is that the logic of the Order Requiring Plaintiff to Furnish Security would allow any person who commits harms online to merely step back and say "IP address identification isn't good enough, cough up some money." Cal. Code Civ. Proc. §1030 was enacted to ensure that corporations outside of California don't file frivolous lawsuits, but the instant action is not frivolous—IP address tracing is the best and only method available to detect perpetrators of online copyright infringement, and that is the method Plaintiff has used. If anything, a Motion for Security would be more appropriate after discovery has taken place, and the true position of the respective parties to this action is clarified. At this time, security has been imposed on Plaintiff solely because of Plaintiff's having made an IP address-based allegation; once again, this is the best and only method available. Even if the Court chooses to dismiss the case, the true purpose of §1030, as well as consideration of the balance of equities in the instant action, would favor dismissal without prejudice. Dismissal without prejudice would allow Plaintiff to bolster its investigation and refile in the future if it is able to gather further evidence sufficient to alleviate the Court's concerns. If

dismissal is granted with prejudice, then Plaintiff will *never* be able to achieve justice for the harm committed against it. And though the Court may assert that Plaintiff should simply post the bond if it has sufficient belief in the strength of its case, posting the bond sets absolutely horrendous precedent for plaintiff, and others similarly situated—a bond would have to be posted in every action involving IP address-based claims, and as a practical matter, that situation would entail *every single action* alleging online copyright infringement. Neither the balance of equities in this case, nor §1030, supports a situation where individuals may infringe upon copyrights over the Internet with impunity, safe in the knowledge that they can simply move for imposition of security if they happen to get caught by IP address tracing—the best and only method available for detecting such acts. Perhaps the Court would proffer, in retort, a law and economics argument, asserting that only those copyright holders who can afford to post such a security deserve to enforce their copyrights; the ones who cannot afford to post such a security, the Court may assert, simply do not produce a product that is of sufficient value to merit the Court's allowing them to enforce the copyright. Such an argument, however, is contrary to the purpose of the Copyright Act, and also fails to take into account the massive scale of copyright infringement. Assuming even 100 individuals infringe upon Plaintiff's copyright in a given month (the actual number is far, far higher), Plaintiff would be forced to budget $4.8 million[2] just for the right to pursue legitimate claims of copyright infringement. The Copyright Act provides *all copyright holders* the opportunity to seek redress for infringement of their copyrights, including online infringement. The Copyright Act does not inquire into the relative social, artistic, or economic value of the underlying works, because that is contrary to its purpose. The Copyright Act is designed to protect artistic expression, generally, and without playing favorites; IP addresses are the only avenue available to copyright holders to pursue such protection for online copyright infringement, and dismissal with prejudice of Plaintiff's action here absolves

---

[2] Assuming that the security imposed would be the same as that imposed by the Court in the instant action

Defendant of any liability for that infringement (a result which undoubtedly disrupts the balance of equities between the parties), and contravenes both the policy behind §1030 (meant to disrupt, as demonstrated in *Lyons*, the most frivolous of lawsuits) as well as that of the Copyright Act.

Further, a dismissal with prejudice is a dismissal on the merits. If this Court dismisses this case, it dismisses this case for only one reason: that Plaintiff has failed to post a bond. This alone cannot justify a dismissal on the merits. Plaintiff brought a legitimate lawsuit, the Court required that Plaintiff post a significant bond to continue with its lawsuit, and if the Court dismisses this case, it has nothing to do with the merits of this case; it has, instead, everything to do with Plaintiff's failure to pay the bond. It says absolutely *nothing* about the merits of Plaintiff's case.

Additionally, dismissal with prejudice on a case where the plaintiff failed to post a bond is extremely limited. In *Atikinson v. Elk Corporation* (2003) 109 Cal.App. 4th 739, 748-749, the California Court of Appeals noted:

> '[i]n the absence of express authority, a trial court may, under the circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice' [citation omitted] … However, the power to of the court to dismiss actions with prejudice 'has in the past been confined to two types of situations: (1) the plaintiff has failed to prosecute diligently [citation omitted]; or (2) the complaint has been shown to be 'fictitious or sham' such that plaintiff has no valid cause of action. [citation omitted].

Neither scenario applies here. First, prosecution was never an issue in this case: the case was in its infancy when this bond was required. Second, Plaintiff stated a legitimate case for copyright infringement with sufficiently supported allegations that should have (and would have) been carried out through trial. In other words, the only two ways to dismiss a case with prejudice for failure to post a bond are not evident here.

More specifically to the circumstances in the instant matter, it should be noted that a dismissal for failure to post a cost undertaking is not a bar to another action asserting the same

claims. In that regard, the California Supreme Court held in *Rosenthal v. McMann* (1892) 93 Cal. 505, 509-510 that:

> [a] judgment upon the merits is one which determines, either upon an issue of law or fact, which party is right. A judgment that a party cannot be heard can only conclude as to that question. It could not determine the merits of the action which the court refused to consider at all. *Although not on the merits, should it preclude an absent plaintiff, after becoming a resident here, or after he is able to give security, from bringing another suit? Not being a bar under the statute [*Code of Civil Procedure §581] *we see no reason why it should.* (Emphasis added.)

But a dismissal *with* prejudice bars in this suit would prevent Plaintiff from reasserting those same claims against the dismissed party.  The wise message of the *Rosenthal* court is clear: Where the dismissal of an action is not based on the merits--not based on a determination "either upon an issue of law or fact...which party is right"--the action *must* be dismissed *without* prejudice. The alternative conclusion, *i.e.,* dismissal with prejudice, would result in the preclusion of that plaintiff from reasserting its potentially meritorious claim.  This would not be in accord with the purpose and role of the California § 1030 bond requirement.

## CONCLUSION

For the reasons contained herein, Defendant's Motion to Dismiss should be denied, or, in the alternative, Plaintiff's Complaint should be dismissed without prejudice.

Respectfully Submitted,

**DATED: January 10, 2013**

By:     /s/ Brett Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 10, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.