\Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRINH <br><br> Defendant. | Case No. 3:12-cv-02393-CRB <br><br> **REPLY MEMO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** <br><br> Judge: Honorable Charles R. Breyer <br> Hearing Date: February 22, 2013 <br> Courtroom 6 – 17th Floor |

### I.  INTRODUCTION

On October 5, 2012, Defendant David Trinh moved this court for an order requiring Plaintiff to post an undertaking to cover anticipated costs and attorney fees to which he may be entitled under Copyright Act §505. On October 19, 2012, Plaintiff filed its opposition to the motion, raising several arguments regarding why Mr. Trinh is not entitled to the requested relief.

On November 9th, 2012, this Court entered an order requiring Plaintiff to post a required undertaking within 30 days "or face dismissal of its action." Plaintiff has failed to comply with this Court's November 9th order and, on December 27th, 2012, Defendant moved to dismiss pursuant to Fed. R. Civ. Proc. 41(b), in accordance with this Court's November 9th Order.

In response, Plaintiff has argued essentially that it has not complied with the order because the order was improvidently entered and that, in any event, this matter should be dismissed without prejudice so that Plaintiff may bring an identical suit as the one it has chosen not to pursue

here.

For the reasons set forth below, Plaintiff's arguments must be rejected. This Court has ample authority to dismiss this matter, with prejudice, pursuant to Fed. R. Civ. Proc. 41(b) and in accordance with its prior order, and should exercise such authority in the interest of justice.

## II. LEGAL ARGUMENT

### A. THIS COURT HAS ALREADY DETERMINED THAT AN UNDERTAKING IS APPROPRIATE AND PLAINTIFF HAS DEMONSTRATED NO GROUNDS FOR RELIEF

The first third (and much of the final section) of Plaintiff's opposition is devoted to the proposition that this Court was incorrect in ordering Plaintiff to post an undertaking in the present suit, and therefore dismissal based upon this Court's prior decision would somehow be inappropriate or unfair. Plaintiff has already sought reconsideration of this Court's order requiring security, which has been denied. AF Holdings has refused to post the bond in this case simply because they disagree with the court's order imposing it. Indeed, Plaintiff's opposition states explicitly that "Plaintiff has not posted the undertaking because, in addition to being well outside of Plaintiff's means, payment of the undertaking would prejudice Plaintiff, setting a highly unfavorable precedent..." ECF No. 35 at 1.

The simple fact is that this court *has* ordered an undertaking, based on the fact that Plaintiff is a foreign corporation that has brought this suit, and hundreds like it, based on objectively weak evidence. Plaintiff has already sought reconsideration of the Court's order, and has been rejected. Plaintiff's belief that complying with a court order will set "a highly unfavorable precedent," does not justify its refusal to do so. In addition, although Plaintiff argues that the bond is somehow "outside of Plaintiff's means," they have chosen not to offer any support for this proposition, either in opposition to the imposition of bond or in its opposition to dismissal. As discussed below, a Plaintiff can obtain relief from a bond requirement based on inability to pay, but Plaintiff has not (and cannot) show entitlement to such relief.

"Where the plaintiff establishes indigency, a trial court has discretion to waive the posting

of security under Code of Civil Procedure section 1030." *Baltayan v.. Getemyan,* 90 Cal.App. 4th 1427, 1433–34 (Cal.Ct.App.2001); *Alshafie,* 89 Cal.Rptr.3d at 794 ("Even if the defendant establishes the grounds for an undertaking, the trial court may waive the requirement if the plaintiff establishes indigency."). It is well established that "[t]he party seeking relief from the requirement of posting a bond or undertaking has the burden of proof to show entitlement to such relief." *Williams v. FreedomCard, Inc.,* 20 Cal.Rptr.3d 220, 222 (Cal. Ct. App. 2004). Plaintiff herein has offered no evidence to support any claims of financial inability to pay, nor any declarations of any kind in opposition to the instant motion. An unsupported plea of indigence should not relieve AF Holdings of the consequences of its *choice* to avoid posting the required bond.

The Central District of California considered a similar situation in *Pittman v. Avish Partnerships,* 2011 WL 9160942 (C.D. Cal. June 2, 2011)*,* a case in the Central District of California that was cited in this Court's November 9th Order requiring security and defendant's motion to dismiss. *Pittman* also involved a non-resident federal Plaintiff that was required to post an undertaking, in accordance with California's practice under California Code of Civil Procedure §1030. The Plaintiff in Pittman likewise argued that the court should forego a bond requirement, since the Plaintiff would not satisfy such a requirement if ordered.

The court in *Pittman* considered in detail the type of showing that a Plaintiff would need in order to obtain relief from the bond requirement, including the "spectrum" of potential showings that a Plaintiff could be required to make to establish entitlement to relief. The court determined that at a minimum, "a sworn statement of hardship that includes some financial information but no supporting documentation may be sufficient." *Pittman,* 2011 WL 9160942 at *5, quoting *Alshafie,* 89 Cal. Rptr.3d at 797. This minimum standard was actually met by the Plaintiff in Pittman, but the court nonetheless found her declaration of indigence to be insufficient.[1] The

---

[1] Notably, the court in *Pittman* found the Plaintiff's declarations to be insufficient because, inter alia, it did not account for prior litigation proceeds. *Pittman* at *5, *8. Here, Plaintiff is suing thousands of individuals in hundreds of cases throughout the U.S., and has undoubtedly collected a large number of multi-thousand dollar settlements in its campaign. Nonetheless, Plaintiff argues that it has no money to post any sort of required bond, or to satisfy a judgment that is ultimately obtained against them.

court, quoting *Alshafie*, stated that "[A] plaintiff seeking such a waiver would be well advised to provide the detailed financial information requested on the mandatory Judicial Council form for obtaining in forma pauperis status" because "[c]ompleting that form would provide the trial court with a solid basis for making the waiver decision.". *Id.* at *7.

Plaintiff herein has offered absolutely no support for the proposition that it is actually unable to post the required bond – only that it has chosen not to do so based on its disagreement with the order imposing it. As noted in Defendant's original brief, and highlighted further below, the Court in *Pittman* ultimately dismissed Plaintiff's complaint, with prejudice, based on the failure to post the required undertaking. Defendant respectfully requests the same result in the instant case.

**B.     THIS COURT HAS THE POWER TO DISMISS THE ACTION WITH PREJUDICE**

Plaintiff's opposition next argues that "State and Federal Case Law Do Not Support Dismissal With Prejudice." The paragraphs that follow acknowledge, however, that there are examples of district courts in California, and throughout the country, that have found dismissal with prejudice to be appropriate for failure to post security. Plaintiff's opposition brief specifically acknowledges that "**the *Pittman* Order certainly demonstrates that a Court may dismiss with prejudice where Plaintiff fails to post an ordered bond**" ECF No. 35, pg. 8, ln. 4-6 (emphasis added).

Plaintiff attempts to distinguish *Pittman* on the grounds that the Plaintiff's behavior leading to the imposition of an undertaking was more egregious, or its case weaker, but this argument misses the point entirely. The simple fact is that, as is obvious from the dismissal attached as Exhibit A to Defendant's Motion to Dismiss, the order in Pittman was an "Order Dismissing Case For Plaintiff's Failure to Post the Court-Ordered Security Bond." As noted above, the propriety of an undertaking in the instant matter has already been determined. The sole question is whether this court may dismiss the matter with prejudice based on the Plaintiff's

4

failure to provide the required security. The answer is yes, as Plaintiff must concede.

As noted, *Pittman* is not the sole support for the proposition that dismissal with prejudice following a failure to post security under §1030 is appropriate, though it is the most closely analogous. The California Supreme Court has likewise recognized that dismissal with prejudice is an appropriate option, despite Plaintiff's attempts to obscure this issue.

Plaintiff's opposition cites to the California Court of Appeals in *Atkinson v. Elk Corporation* (2003) 109 Cal. App. 4th 739, 748-49 statement that

> '[i]n the absence of express authority, a trial court may, under the circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice' [citation omitted] … However, the power to of the court to dismiss actions with prejudice 'has in the past been confined to two types of situations: (1) the plaintiff has failed to prosecute diligently [citation omitted]; or (2) the complaint has been shown to be 'fictitious or sham' such that plaintiff has no valid cause of action. [citation omitted].

Plaintiff argues that since "neither scenario applies here," then dismissal with prejudice is inappropriate. Notably, it was the **precise formulation** set forth above that the California Supreme Court examined in *Lyons v. Wickhurst*, 42 Cal.3d 911 (Cal., 1986), a case cited in Defendant's Motion to Dismiss. Moreover, *Atkinson* itself cites to the *Lyons* decision. In *Lyons*, the Supreme Court examined the precise formulation, and noted that "**Several additional grounds for dismissal have been recognized over the years. These include...(4) plaintiff's failure to give security for costs.**" Lyons, 41 Cal. 3d at p. 915, fn.4)(emphasis added). The California Supreme Court has thus weighed in on Plaintiff's precise argument, and has acknowledged that a plaintiff's failure to give security for costs is an appropriate grounds for dismissal with prejudice.[2]

Plaintiff's citation to *Rosenthal v. McMann* (Cal. 1892) 93 Cal. 505,509-510, is equally unavailing. Indeed, this decision pre-dates the Supreme Court decision in *Lyons* by nearly 100 years. As the California Supreme Court explicitly noted in *Lyons,* dismissal based on a Plaintiff's failure to give security for costs is an "additional ground" for dismissal with prejudice that has

---

[2] Plaintiff's argument based on *Atkinson,* and its subsequent argument based on *Rosenthal,* are apparently taken directly from the Plaintiff's <u>unsuccessful</u> arguments in *Zelsman-Kerdman v. WWMR, Inc.,* an unpublished decision from the California Court of Appeals, 2007 WL 4480051 (Cal. App. 2007) at *15-17.

"been recognized over the years." To the extent that *Rosenthal* is inconsistent with *Lyons,* it is the decision in *Rosenthal* that must yield.

Plaintiff makes numerous arguments that the other federal cases cited by Defendant in support of dismissal with prejudice are distinguishable on the facts, and because they are based on different states' statutes requiring security. It is true that each case has its own facts, and many were based on other state statutes requiring security. Nonetheless, each stands for the proposition that district courts (who follow the forum state's practice in requiring security) have the authority to dismiss with prejudice based on a plaintiff's failure to provide security. As noted above, Plaintiff has already conceded that a federal case, in this circuit, interpreting the exact security statute at issue herein "**certainly demonstrates that a Court may dismiss with prejudice where Plaintiff fails to post an ordered bond."** Defendant's citations further support this proposition, despite the factual differences that necessarily exist.

Finally, Plaintiff's opposition seemingly does not dispute that Fed. R. Civ. Proc. 41(b) explicitly provides for dismissal for failure to comply with a court order, and that any dismissal under that rule is presumed to be with prejudice, except in limited circumstances not applicable here, or when the order dismissing the action so provides. It is undisputed that this court's November 9th Order required Plaintiff to post an undertaking, pursuant to CCP §1030, or Plaintiff would "face dismissal". It is also undisputed that Plaintiff has chosen not to comply with this Court's argument. As such, this Court has explicit authority to dismiss the matter with prejudice.

C.  **IN THE INTEREST OF JUSTICE, THIS COURT SHOULD DISMISS THE PRESENT ACTION WITH PREJUDICE**

AF Holdings' final argument is that this court should dismiss this matter without prejudice. Plaintiff offers no reasonable argument about why this is true. Their opposition again stresses their belief that the Order requiring security was incorrect and improvidently entered, and signals the end of the world for copyright-holders. As noted above, however, their disagreement with the Order does not give license to disregard it with impunity, even when they believe that "posting the

bond sets absolutely horrendous precedent for Plaintiff..." ECF No. 35 at pg. 13.

Plaintiff's argument in support of dismissal without prejudice is entirely circular, and amounts to a statement that dismissal without prejudice is appropriate because then the Plaintiff may bring a future suit against the defendant, based on these same facts. Plaintiff's opposition argues that this outcome would allow them to "bolster its investigation and refile in the future if it is able to gather further evidence sufficient to alleviate the Court's concerns..." ECF No. 35 at 12-13.

Plaintiff offers absolutely no reason why this contemplated future investigation could not have been conducted prior to naming and serving Mr. Trinh, and publicly displaying his name on Prenda Law's website as an accused pornography pirate (along with multiple other individuals whose cases have dismissed or functionally terminated). See Exhibit A and Ranallo Declaration at ¶3-7. This list, to which Mr. Trinh has been added, indicates that the individuals thereon are accused of "various civil *and criminal acts* against our clients." See Exhibit B and Ranallo Declaration.

Moreover, it is worth noting that AF Holdings has already attempted a "further investigation" in two of its cases in this district, and in each their attempts to name a defendant based on such investigation were rejected. Each suit involved defendants that were originally accused only of negligence, based on their alleged failure to secure their internet connections. See AF Holdings v. Botson, 12-cv-02048-EJD (N.D. Cal) and AF Holdings v. Hatfield, 12-cv-02049. After the negligence claims were thrown out, Plaintiff then attempted to sue each as the infringer of its copyright, despite its prior admission that each was only the ISP subscriber and that AF Holdings did not know whether the subscriber was the actual infringer.

In *Botson,* Plaintiff's request to amend the complaint was denied (prior to opposition by the defendant) based on the fact that "the proposed SAC contains little, if any, new allegations," and specifically noted that "the court is concerned that the proposed amendments are **sought in bad faith**. The timing of this request...as well as the generality of the motion and SAC are suggestive of **an attempt to simply keep the only identified defendant 'on the hook'."** *AF*

7

1  *Holdings v. Botson,* 5:12-cv-02048-EJD, 2012 WL 5426091 at *2; ECF No. 32 (Order Denying
2  Plaintiff's Motion for Leave to File Second Amended Complaint) (N.D. Cal. November 6, 2012).
3  A copy of this order is annexed hereto as Exhibit C.  Judge Davila's explanation succinctly
4  describes the circumstances of this case, where Plaintiff seeks dismissal of a case that it has
5  chosen not to be responsible for, while nonetheless keeping the only identified defendant "on the
6  hook."

7      AF Holdings "investigation" in the *Hatfield* case was eerily similar.  AF Holdings accused
8  the account-holder of negligence and, when this cause was thrown out, changed its tune and
9  decided that Mr. Hatfield was the accuser, based on its "investigation".  At a hearing on Plaintiff's
10 proposed amendment, Judge Hamilton advised counsel for AF Holdings that he "would have to
11 persuade the court that he had discovered additional evidence, based on the same identification of
12 a defendant that he had known about for more than a year.  See *AF Holdings v. Hatfield,* 4:12-cv-
13 02049, 2013 WL 97755 (N.D.Cal. January 7, 2013) at *3; ECF No. 45 at pg. 4 (N.D. Cal. January
14 7, 2013).  A copy of this order is attached hereto as Exhibit D.

15     In response, Plaintiff submitted a proposed amended complaint adding details that, in its
16 mind, made Mr. Hatfield the infringer. See Exhibit D at pg 5-6. Judge Hamilton examined these
17 allegations in detail, and determined that "the new allegations in the revised proposed SAC are
18 vague and speculative, and do not demonstrate diligence or add any substance to the claims." Id.
19 at pg. 11.  In addition, Judge Hamilton noted that Plaintiff's conduct was "at least suggestive of
20 bad faith."  Exhibit D at 10; 2013 WL 97755 at *7.  Notably, as of January 15, 2013, Mr.
21 Hatfield's name continues to appear on Prenda Law's website, in an obvious attempt to continue a
22 shame campaign, despite allegations that have been rejected.

23     Essentially, Plaintiff is asking this court to dismiss Mr. Trinh without prejudice, so that it
24 can conduct an insufficient, bad faith investigation and later attempt to bring the same claims that
25 it presently refuses to stand behind.  Indeed, Plaintiff's response goes so far as to argue that they
26 may, in this future suit, pay a required bond – though they refuse to do so in the present case.  See
27 ECF No. 35 at 7 ("should, for instance, Plaintiff bring suit again and possibly pay a bond prior to
28

the statute of limitations"). The argument that this matter should be dismissed without prejudice, so that Plaintiff can file a second suit and perhaps pay a bond in that one, is hard to accept.

The instant case is Plaintiff's opportunity to pursue Mr. Trinh, and now is when it must decide whether it would like to do so. Nobody has forced Plaintiff to file this suit when they did, based on the evidence that they have chosen to proceed with. Moreover, AF Holdings has decided not to post the required undertaking, because of its view that it is a "horrendous precedent." There is simply no reason to allow AF Holdings to escape all responsibility for its actions and decisions in this case so that they may, if they so choose, commence future litigation based on the same essential allegations.

### III. CONCLUSION

A non-resident undertaking is not a forfeiture, it is merely a guarantee that Plaintiff will be able to satisfy its obligations if its claims fail. It is important to remember that AF Holdings is not being asked to pay $48,000 in order to prove its claims – it is only being asked to demonstrate that it will be financially responsible for its decision to proceed in the manner that they have chosen. If AF Holdings were correct and Mr. Trinh were found liable, they would owe nothing and would be assured to reap substantial financial rewards, plus costs and attorney fees. Plaintiff would like responsibility for ones actions to be a one-way street, imposed upon individual internet subscribers but not applicable to the offshore litigation machine that brings suit. In truth, the only way to make AF Holdings honestly evaluate its claims *prior* to naming and embarrassing a defendant is to make them financially responsible for their behavior when it misses the mark. If Plaintiff will not put its money where its proverbial mouth is, Mr. Trinh requests that they be forced to close said mouth in the future, and should not be allowed to continue its campaign of shame and embarrassment based on allegations that it chooses not to stand behind.

Respectfully Submitted,

DATED: January 17, 2013                    NICHOLAS RANALLO, ATTORNEY AT LAW

                                            By:  _____/s/ Nicholas Ranallo
                                                  Nicholas Ranallo (Cal Bar # 275016)
                                                  Attorney for David Trinh
                                                  371 Dogwood Way
                                                  Boulder Creek, CA 95006
                                                  (831) 703-4011
                                                  Fax: (831) 533-5073
                                                  nick@ranallolawoffice.com

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 17th day of January, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

                                                      /s/            Nicholas R. Ranallo

                                                      Nicholas Ranallo, Attorney at Law