Paul Duffy (Bar No. 224159)
Anti-Piracy Law Group
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: (800) 380-0840
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

Nicholas Ranallo, Attorney at Law
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
nick@ranallolawoffice.com

Attorney for David Trinh

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRINH, <br><br> Defendant. | No. 3:12-CV-02393-CRB <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** <br><br> Date: February 22, 2013 <br> Time: 10 A.M. <br> Judge: Hon. Charles R. Breyer <br> Courtroom: Courtroom 6 <br> File Date: May 10, 2012 <br> Trial Date: None Set |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC and David Trinh submit this Joint Case Management Conference Statement pursuant to the Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).

**1.      Jurisdiction and Service**

*The basis for the court's subject matter jurisdiction over Plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

AF Holdings LLC: Per L.R. 3-5, and as alleged in Plaintiff's Amended Complaint (ECF No. 13 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over David Trinh because, upon credible information and belief gathered by Plaintiff, David Trinh resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by David Trinh to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case. Mr. Trinh has been properly served in this case.

David Trinh: Mr. Trinh has admitted that personal jurisdiction is appropriate. Defendant likewise recognizes that this court has subject matter jurisdiction over Copyright Act claims.

**2.      Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

AF Holdings LLC: Plaintiff is an organization that holds the copyrights to the adult entertainment content titled, "Popular Demand" (hereinafter "Video"). David Trinh is the alleged copyright infringer. David Trinh, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted

works available for distribution to others. David Trinh operated under the cover of a network address when he joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another.

<u>David Trinh:</u>

As an initial matter, Mr. Trinh denies that Plaintiff actually holds the copyrights to the work that forms the basis of the instant suit. Indeed, on November 29, 2012, the attorney for Alan Cooper (the name of the AF Holdings representative identified on the assignment in the instant case) filed a letter seeking leave to intervene in several AF Holdings cases currently pending in the District of Minnesota (See, e.g. 0:12-cv-01449-JNE-FLN (ECF # 18) & 0:12-cv-02687-RHK-JJG (ECF # 11)). Mr. Cooper's letter explained that he was a former caretaker for John Steele, an attorney associated with AF Holdings and Prenda Law, Inc. The caretaker's letter expressed concern that his identity was being used, without his consent, in a large number of copyright infringement suits throughout the country in connection with AF Holdings and Ingenuity 13, two entities represented by Prenda Law and Plaintiff's counsel herein. If Mr. Cooper's concerns are well-founded, then the assignment in this suit (and perhaps a great many further documents associated with AF Holdings) are essentially forgeries which cannot support standing.

Even assuming that AF Holdings own valid copyrights and has standing to sue, Mr. Trinh explicitly denies the allegations of copyright infringement. In connection with a prior motion, Mr. Trinh has specifically denied uploading, downloading, or otherwise sharing the work that forms the basis of the instant suit. Moreover, Mr. Trinh has denied that he has the particular BitTorrent client that, according to the complaint in this suit, was used to share the work. Finally, Mr. Trinh has denied that he was even home at the time of the infringement.

**3. Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

<u>AF Holdings LLC</u>: Plaintiff believes that it states a *prima facie* case for copyright infringement. Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video. The Video is currently registered in the U.S. Copyright Office,

copyright no. PA0001754383. Plaintiff received the rights to this Video on December 20, 2011, pursuant to an assignment agreement. David Trinh, using IP address 69.181.62.141, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, Azureus 4.7.0.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties. David Trinh's illegal download was detected on December 26, 2011 at 6:31:51 PM (UTC) and David Trinh, as part of a group of BitTorrent users in a single swarm, shared a particular unique file with hash value 6C10F2DCFF52961B876AA592183103BAC958E989 which was common to all of the participants in the swarm.

On October 5, 2012, Defendant filed a Notice of Motion and Defendant's Motion to Post Undertaking. (ECF No. 20). On November 9, 2012, the Court granted Defendant's Motion, and required that Plaintiff "post an undertaking of $48,000 with the Court within thirty (30) days of this Order, or face dismissal of the action." (*Id.*) Plaintiff filed its Motion for Leave to File a Motion for Reconsideration of the Court's Order Requiring Plaintiff to Post an Undertaking. (ECF No. 25). In that Motion, Plaintiff asserted that not only did the Court's order lack a legal basis to require such an undertaking or dismiss the case for not posting such, but also that Plaintiff could not and would not post the undertaking that the Court unlawfully levied upon it. Despite its arguments, the Court denied Plaintiff Motion for Leave to file the Motion for Reconsideration. (ECF No. 29). No bond has been posted by Plaintiff for the reasons stated in its Motion for Leave to File a Motion for Reconsideration of the Court's Order Requiring Plaintiff to Post an Undertaking. (ECF No. 25).

<u>David Trinh</u>:

Defendant does not concede that Plaintiff has even stated a prima facie case of copyright infringement against him. Plaintiff has put forth literally no facts to support the inference that David Trinh is the infringer of its clients copyrights, instead relying on formulaic recitation of the elements of a copyright cause of action and conclusory statements that Mr. Trinh infringed the particular work at issue.

Moreover, as described above, Defendant has significant questions regarding Plaintiff's

standing to pursue the instant action. The assignment to AF Holdings, in light of the recent information regarding Alan Cooper, seems especially suspect. Defendant has genuine concerns that AF Holdings is not the real party in interest in the present suit, and has not received sufficient rights to confer standing.

The most important issue, however, appears to be whether Plaintiff's failure to post the required undertaking warrants dismissal with, or without, prejudice.

**4.   Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

AF Holdings LLC: On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) The case was referred for all discovery purposes to Magistrate Judge Donna M. Ryu on June 1, 2012. (ECF No. 8.) On June 14, 2012, the Court granted the Plaintiff's Application. (ECF No. 10.)

On August 24, 2012, Plaintiff moved to continue the Initial Case Management Conference ("ICMC") hearing scheduled for August 31, 2012 to September 28, 2012. (ECF No. 15.) This Motion was granted by Judge Charles R. Breyer and the ICMC hearing was continued to December 7, 2012. (ECF No. 17.)

On October 5, 2012, Defendant filed its Notice of Motion And Defendant's Motion to Post Undertaking. (ECF No. 20.) This Motion was opposed by Plaintiff. (ECF No. 21). Motion was granted by Judge Charles R. Breyer. (ECF No. 23.) On November 14, 2012, Plaintiff filed its Motion for Leave to File a Motion for Reconsideration of the Court's Order Requiring Plaintiff to Post an Undertaking. (ECF No. 25). The Court denied Plaintiff's Motion for Leave to file the Motion for Reconsideration. (ECF No. 29.)

On December 27, 2012, Defendant filed a Motion to Dismiss. (ECF No. 32.) Plaintiff filed its Response to Defendant's Motion to Dismiss on January 10, 2013 (ECF No. 35.) On January 17, 2013, Defendant filed his Reply to Plaintiff's Response to Defendant's Motion to Dismiss. (ECF No. 36.)

On January 29, 2013, previous attorney for Plaintiff Brett Gibbs, jointly with the undersigned, filed a motion for Brett Gibbs to withdraw as Plaintiff's counsel and for the

5

undersigned to be substituted as Plaintiff's counsel. (ECF No. 37.) This motion was granted on February 4, 2013.

<u>David Trinh</u>:

Plaintiff's descriptions of the motions thus far is accurate.

**5. Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

<u>AF Holdings LLC</u>: Plaintiff filed its Amended Complaint on August 19, 2012 naming David Trinh as the Defendant. Plaintiff does not foresee any future amendments to the Complaint for now.

<u>David Trinh</u>:

David Trinh does not anticipate any further amendments to the complaint, especially in light of the Motion to Dismiss described above.

**6. Evidence Preservation**

*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voice mails, and other electronically-recorded material.*

<u>AF Holdings LLC</u>: Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of David Trinh's infringing activity using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. 6881's processes are designed to ensure that information gathered about David Trinh is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial. AF Holdings LLC has preserved all documents related to its investigation and prosecution of Mr. Trinh.

<u>David Trinh</u>: Mr. Trinh is aware of his obligation to preserve relevant evidence, including electronic evidence, and has every intention of complying with this obligation.

**7. Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

<u>AF Holdings LLC</u>: Plaintiff is in the process of formulating and filing initial disclosures.

<u>David Trinh</u>: Defendant will likewise file initial disclosures in accordance with any discovery plan, if such a plan is necessary in light of the Motion to Dismiss for failure to post the required undertaking.

**8. Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modification of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

<u>AF Holdings LLC</u>: Pursuant to Plaintiff's Subpoena issued to David Trinh's ISP, SBC Internet Services d/b/a AT&T, Plaintiff was provided with the identifying information of the account holder associated with IP holder 69.181.62.141, which belonged to the Defendant David Trinh. Plaintiff may take David Trinh's deposition as the case progresses further, as well as issuing deposition to third-parties with information relevant to Plaintiff's allegations. Plaintiff also anticipates issuing interrogatories and requests for admissions to Defendant should this Court allow this case to continue without the posting of the bond.

<u>David Trinh</u>:

Mr. Trinh has not propounded any discovery at this point, and will await the outcome of the pending Motion to Dismiss.

Should this case be allowed to proceed, Mr. Trinh intends to utilize the full range of discovery options, including written discovery and depositions. Mr. Trinh anticipates that he would depose Alan Cooper and John Steele in connection with the allegations described above. as well as the PMK at AF Holdings regarding its incorporation, corporate structure, and the creation and licensing of the work that forms the basis for the instant suit. Mr. Trinh likewise anticipates that he may need to depose relevant individuals at Heartbreaker Productions (the original copyright holder) that have knowledge regarding creation, licensing, distribution, and revenues derived from the subject work. Mr. Trinh anticipates further discovery directed at Peter Hansmeier, the individual responsible for IP

address harvesting at 6881 Forensics, LLC.  Finally, Mr. Trinh will pursue discovery as to such other individuals that are determined to have significant relevant information following initial discovery, and may seek further  discovery in support of affirmative defenses and/or counterclaims.

### 9. Class Actions

*If a class action, a proposal of how and when the class will be certified.*

AF Holdings LLC: Not applicable.

David Trinh: N/A

### 10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

AF Holdings LLC: Not applicable.

David Trinh: N/A

### 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

AF Holdings LLC: Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that David Trinh infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that David Trinh has injured the business reputation and business of Plaintiff by David Trinh's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against David Trinh, enjoining and restraining David Trinh and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring David Trinh to destroy all copies of those unlawfully copyrighted files in his possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against David

1  Trinh for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and

2  fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an

3  amount to be ascertained at trial.

4  <u>David Trinh</u>: Defendant seeks dismissal of all counts and recovery of costs and attorney fees,

5  pursuant to 17 U.S.C. §505.

**12.    Settlement and ADR**

*Prospects for settlement ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

<u>AF Holdings LLC</u>: Currently, there is no ADR phone conference set in this case.

<u>David Trinh</u>: Currently, no ADR selection has taken place, and the parties have not set forth an initial discovery plan.

**13.    Consent to Magistrate Judge For All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceddings including trial and entry of judgment.*

<u>AF Holdings LLC</u>: Not applicable.

<u>David Trinh</u>:        Not Applicable.

**14.    Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

<u>AF Holdings LLC</u>: This case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

<u>David Trinh</u>: Defendant agrees

**15.    Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial and any request to bifurcate issues, claims, or defenses.*

<u>AF Holdings LLC</u>: Not applicable.

<u>David Trinh</u>: The pending motion to dismiss will likely dispose of this matter.

9
JOINT CASE MANAGEMENT CONFERENCE STATEMENT    No. 3:12-CV-02393-CRB

**16. Expedited Schedule**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Orde 64, Attachment A. If all parties agree, they shall instead of this Statement, file an excuted Agreement for Expedited Trial and a Joint Expedited Case Management Statement.*

<u>AF Holdings LLC</u>: Not applicable.

<u>David Trinh</u>: N/A

**17. Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, preprial conference and trial.*

<u>AF Holdings LLC</u>:

Any future timeline on these matters is entirely dependent on whether this case still exists in the near future. If the Court follows its past order, and dismisses this case for failure to post a bond, all of this will be moot, and no scheduling will be necessary.

<u>David Trinh</u>:

Defendant agrees that scheduling dates noted below will likely be mooted, in light of the motion to dismiss. Nonetheless, Defendant proposes the following basic dates, should the motion to dismiss be denied:

- Initial disclosures: April 1, 2013
- Non-expert cutoff – October 1, 2013
- Opening Expert Disclosure: October 15, 2013
- Rebuttal Expert Disclosure: November 31, 2013
- Last day for filing dispositive motions: February 1, 2014
- Pre-trial conference: March 27, 2014
- Trial: April 30, 2014

### 18. Trial

*Whether the case will be tried to a jury to the court and the expected length of the trial.*

<u>AF Holdings LLC</u>: Plaintiff is willing to estimate two full days should it be allowed to litigate this case by the Court.

<u>David Trinh</u>: Defendant would expect any trial to last at least two days.

### 19. Disclosure of Non-Party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations, including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

<u>AF Holdings LLC</u>: Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.) Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

<u>David Trinh</u>: Defendant has filed his certification, noting that there are no known persons, associations of persons, firms, partnerships, corporations or other entities that may have a personal or affiliated financial interest in the defendant's outcome in this matter.

### 20. Other Matters

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

<u>AF Holdings LLC</u>: None.

<u>David Trinh</u>: None

1 | DATED: February 15, 2013

By: /s/ Paul Duffy
Paul Duffy (Bar No. 224159)
Anti-Piracy Law Group
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: (800) 380-0840
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

DATED: February 15, 2013

NICHOLAS RANALLO, ATTY AT LAW

By: /s/ Nicholas Ranallo
Nicholas Ranallo
371 Dogwood Way
Boulder Creek, CA 95006
(831) 703-4011
nick@ranallolawoffice.com
*Attorney for David Trinh*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 15, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                        /s/ Nicholas Ranallo_____
                                        Nicholas Ranallo