IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID TRINH,<br><br>    Defendant.<br>_____/ | No. C 12-02393 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

    Plaintiff AF Holdings brought suit against Defendant David Trinh, alleging copyright infringement and negligence in connection with someone at Defendant's IP address accessing pornography over the Internet. <u>See generally</u> Compl. (dkt. 1) and FAC (dkt. 13).

    In November 2012, the Court granted Defendant's Motion to Post an Undertaking. <u>See generally</u> Order re Undertaking (dkt. 23). The Court found that Defendant had met his burden under California Code of Civil Procedure § 1030, which required that he demonstrate that (1) Plaintiff is a foreign corporation (Plaintiff is organized under the laws of the Federation of Saint Kitts and Nevis) and (2) that "there is a reasonable probability that the moving defendant will obtain judgment" (Plaintiff's case was weak). <u>Id.</u> at 2. The Court recognized that the bond amount should be "significant but no greater than necessary." <u>Id.</u> at 3. It ordered Plaintiff to post an undertaking of $48,000 with the Court within thirty days "or face dismissal of the action." <u>Id.</u> at 4.

1  Plaintiff moved the Court to reconsider its Order, and, in December 2012, the Court
2  declined to do so. See Order re Reconsideration (dkt. 29) at 2 ("That Plaintiff disagrees with
3  the Court does not render the Court's analysis a manifest failure."). Thirty days have
4  elapsed, and Plaintiff did not post the undertaking. Defendant now moves to dismiss
5  Plaintiff's case for failure to post the undertaking, pursuant to § 1030(a) as well as Federal
6  Rule of Civil Procedure 41(b). See MTD (dkt. 32) at 3. The Court GRANTS the Motion.[1]

7  Defendant argues that it "has not posted the undertaking because, in addition to being
8  well outside of Plaintiff's means, payment of the undertaking would prejudice Plaintiff,
9  setting a highly unfavorable precedent for not only Plaintiff but other similarly situated
10 copyright holders as well." Opp'n (dkt. 35) at 1. Neither is a reason not to dismiss. Plaintiff
11 has already argued, in connection with both the original Motion to Post Undertaking and the
12 Motion for Reconsideration, that it should not have to post an undertaking. It lost that
13 argument. Moreover, a plaintiff can obtain relief from a bond requirement if it is unable to
14 pay. See Baltayan v. Getemyan, 90 Cal. App. 4th 1427, 1433-34 (2001) ("[w]here the
15 plaintiff establishes indigency, a trial court has discretion to waive the posting of security
16 under Code of Civil Procedure section 1030."); Pittman v. Avish Partnership, No. 10-1390,
17 2011 WL 9160942, at *5 (C.D. Cal. June 2, 2011) (noting, in case applying § 1030, that
18 "[t]he party seeking relief from the requirement of posting a bond or undertaking has the
19 burden of proof to show entitlement to such relief."). The Central District, in Pittman, id.,
20 held that, at a minimum, "a sworn statement of hardship that includes some financial
21 information but no supporting documentation may be sufficient." Plaintiff has offered no
22 support for its contention that the bond is "well outside of [its] means." See Opp'n at 1. The
23 case will therefore be dismissed.

24 Defendant urges that the Court dismiss with prejudice, so that he can achieve some
25 finality, and also be a prevailing party under the Copyright Act, 17 U.S.C. § 505, able to
26 recover his attorneys' fees. See MTD at 8. Plaintiff urges that the Court dismiss without

---

[1] Counsel for Plaintiff failed to appear at the motion hearing held on February 22, 2013, but that is not the Court's basis for granting the Motion.

2

1 prejudice "so that Plaintiff may take appropriate steps to bolster the evidentiary basis of its
2 claims and seek justice for the infringement of its copyright." See Opp'n at 12. It reasons
3 that "a dismissal with prejudice is a dismissal on the merits. If this Court dismisses this case,
4 it dismisses this case for only one reason: that Plaintiff has failed to post a bond. This alone
5 cannot justify a dismissal on the merits." Id. at 14.

6     Section 1030(d) states that "The Plaintiff shall file the undertaking not later than 30
7 days after service of the court's order requiring it or within a greater time allowed by the
8 court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's
9 action or special proceeding shall be dismissed." The section does not state whether
10 dismissal should be with or without prejudice, and the Ninth Circuit has not appear to have
11 spoken on this issue. Rule 41(b), however, permits a court to dismiss a complaint "[i]f the
12 plaintiff fails to prosecute or to comply with these rules or a court order." Dismissals under
13 Rule 41(b) operate as adjudications on the merits. See Fed. R. Civ. P. 41(b); Stewart v. U.S.
14 Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (explaining that "with prejudice" is shorthand for
15 an adjudication on the merits).

16     Although the parties debate the relevance of a variety of cases from California[2] and
17 from other federal jurisdictions,[3] see MTD at 5-6, Opp'n at 6-11, Plaintiff concedes that "a
18 Court may dismiss with prejudice where Plaintiff fails to post an ordered bond," Opp'n at 8
19 (discussing Pittman, 2011 WL 9160942). Plaintiff here failed to post the bond that was
20 ordered by the Court, and has not demonstrated that it is unable to do so. There is no
21 compelling reason to let the case languish, or to give Plaintiff additional time to bolster
22 evidence it could have sought before brining suit.

23     Accordingly, the Court GRANTS the Motion to Dismiss with prejudice pursuant to
24 //
25 //

---

[2] See, e.g., Lyons v. Wickhorst, 42 Cal.3d 911 (Cal. 1986) (explaining that "plaintiff's failure to give security for costs" is a basis for dismissal with prejudice in California).

[3] See, e.g., Atlanta Shipping Corp. v. Chemical Bank, 818 F.2d 240, 245 (2d Cir. 1987) (in which lower court dismissed case with prejudice when plaintiff failed to post security).

3

Rule 41(b).

**IT IS SO ORDERED.**

Dated: February 25, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE