# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS LLC,

     Plaintiff,                    No. 2:12-cv-01657 GEB KJN

     v.

TREVOR NOORDMAN,

     Defendant.               ORDER

_____/

     Presently pending before the undersigned is plaintiff's motion for default judgment, filed on January 7, 2013, and originally noticed for hearing on February 7, 2013. (Dkt. No. 18.)[1] On January 14, 2013, defendant, who is proceeding without counsel, filed a response to plaintiff's motion for default judgment. (Dkt. No. 24.) In light of defendant's pro se status, the court liberally construed defendant's response as a request to set aside the clerk's entry of default, and required plaintiff to file either a statement of non-opposition to defendant's request or an opposition brief clarifying why such relief would not be appropriate in light of applicable Ninth Circuit precedent. (Dkt. No. 25.) On January 30, 2013, plaintiff filed a timely opposition to defendant's request to set aside the entry of default. (Dkt. No. 28.)

---

[1] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

After considering the parties' filings and appropriate portions of the record, and for the reasons stated below, the court grants defendant's request to set aside the clerk's entry of default and denies plaintiff's motion for default judgment as moot.[2]

BACKGROUND

In this action, plaintiff alleges that defendant Trevor Noordman infringed on plaintiff's copyrighted video entitled *Popular Demand* (the "Video") by using an online peer-to-peer media distribution system, a "BitTorrent" file sharing protocol, to reproduce and distribute the Video to numerous, unidentified third parties. (See generally First Amended Complaint, Dkt. No. 11, ¶¶ 1, 3-4.) Plaintiff asserts claims of copyright infringement and contributory infringement in regards to its copyrighted Video. (Dkt. No. 11.) Plaintiff filed its original complaint on June 20, 2012, naming John Doe as the defendant. (Dkt. No. 1.) After the court granted plaintiff's request for expedited discovery upon internet service providers, plaintiff was allegedly able to discover defendant's identity through defendant's IP address of 98.242.5.13 and file a first amended complaint substituting the name "Trevor Noordman" in place of "John Doe." (Dkt. Nos. 1, 6, 7, 11.)

A proof of service of summons indicates that defendant was personally served with process on December 3, 2012. (Dkt. No. 16-2.) On January 2, 2013, plaintiff requested that the Clerk of Court enter defendant's default, which the Clerk subsequently entered on January 7, 2013. (Dkt. Nos. 16, 17.) That same day, on January 7, 2013, plaintiff filed the instant motion for default judgment and served a copy of the motion on defendant via first-class mail. (Dkt. No. 18.) Plaintiff seeks a judgment for at least $150,000 in statutory damages plus $2,865 in attorneys' fees and costs, for a total of $152,865. (Id.)

---

[2] The court's January 17, 2013 order stated that it would reschedule a hearing on plaintiff's motion for default judgment and defendant's request to set aside the clerk's entry of default if it is deemed necessary. (Dkt. No. 25 at 4.) However, the court has determined that no hearing is necessary and that these matters are suitable for determination on the papers and without oral argument. See E.D. Cal. L.R. 230(g).

2

1    One week later, on January 14, 2013, defendant filed his response to the motion
2 for default judgment, which, as noted above, the court liberally construes as a request to set aside
3 the clerk's entry of default. (Dkt. No. 24.) In particular, defendant's response stated:

> I was recently informed that there was a request to enter default in my case. I wanted to report that I had no idea what court this case was filed in, and I also responded to the servings I received from [plaintiff's counsel] Brett L. Gibbs 15 days after I received it (Dec, 3rd) given the 21 day limit. I responded via e-mail to Brett L. Gibbs and asked him what court the case would be heard in because the papers served to me had no court name aside from "Eastern District." Mr. Gibbs quickly responded that it was in the Sacramento division. I continued to ask him if any other trial, or court dates were arranged and was given no response. In this letter is the e-mail conversation between me and Mr. Gibbs. I was informed by a woman via the courts main office phone number to write this letter and send it to the address.

(Dkt. No. 24 at 1.) The e-mail chain attached to defendant's filing shows that, after defendant was served with process on December 3, 2012, defendant contacted plaintiff's counsel on December 18, 2012, indicating that defendant "wanted to respond to your guys summonings for a civil case" and inquiring whether the case was venued in Fresno, Sacramento, or Redding. (Id. at 2.) After plaintiff's counsel responded that the case was venued in the Sacramento division, defendant again contacted plaintiff's counsel on December 21, 2012 to inquire when defendant should expect to receive trial dates from the court. (Id.)

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

////

////

1 Fed. R. Civ. P. 55(a).³

2  Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause...." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "Mesle") (modification in original) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

  Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Mesle, 615 F.3d at 1091; Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. See, e.g., Brandt, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*") (emphasis added). "The court's discretion is especially broad where...it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." Mesle, 615 F.3d at 1091 n.1.

---

³ As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

4

1    Additionally, the Ninth Circuit has emphasized that resolution of a motion to set
2 aside the entry of default is necessarily informed by the well-established policies favoring
3 resolution of lawsuits on the merits and generally disfavoring default judgments. See Mesle, 615
4 F.3d at 1091 ("Crucially,...judgment by default is a drastic step appropriate only in extreme
5 circumstances; a case should, whenever possible, be decided on the merits") (citations and
6 quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir.
7 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their
8 merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining
9 when a default should be set aside are solicitous towards movants, especially those whose actions
10 leading to the default were taken without the benefit of legal representation." Mesle, 615 F.3d at
11 1089.

12    With the above principles in mind, the court proceeds to consider defendant's
13 request to set aside the clerk's entry of default.

14    Culpable Conduct

15    In this case, although defendant clearly failed to timely respond to plaintiff's
16 complaint in accordance with the Federal Rules of Civil Procedure, the court cannot conclude
17 that defendant's conduct was culpable under the standard set forth in Mesle. In Mesle, the Ninth
18 Circuit explained that, at least where a defaulting defendant is not a lawyer and is unrepresented
19 at the time of the default,:

> [The] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer...As we have previously explained, in this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process...We have typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond...[I]t is clear that simple carelessness is not sufficient to

5

1         treat a negligent failure to reply as inexcusable, at least without
2         demonstration that other equitable factors, such as prejudice, weigh
        heavily in favor of a denial of the motion to set aside a default.

3 Mesle, 615 F.3d at 1092-93 (citations and quotation marks omitted).

4       The Ninth Circuit indicated that a more stringent standard likely applies to

5 legally sophisticated parties, who may be deemed culpable merely if they "received actual or

6 constructive notice of the filing of the action and failed to answer." Mesle, 615 F.3d at 1093.

7 The Ninth Circuit reasoned that "[w]hen considering a legally sophisticated party's culpability in

8 a default, an understanding of the consequences of its actions may be assumed, and with it,

9 intentionality." Id.; see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840

10 F.2d 685, 690 (9th Cir. 1988) ("Here, it is apparent that Eclat, through its president, Mr.

11 Bujkovsky, had actual notice of the summons and complaint...Mr. Bujkovsky, as a lawyer,

12 presumably was well aware of the dangers of ignoring service of process").

13       Here, nothing suggests that defendant is an attorney or an otherwise legally

14 sophisticated party, and defendant was not represented by counsel at the time of the entry of

15 default. Indeed, no attorney has appeared on defendant's behalf. As such, intentionality cannot

16 be presumed.

17       Furthermore, although defendant did not file an answer or response that complies

18 with the Federal Rules of Civil Procedure, the record does not show that defendant willfully

19 ignored the action. To the contrary, defendant contacted plaintiff's counsel on more than one

20 occasion to inquire regarding the venue of the action and upcoming court dates. From

21 defendant's response, it appears that defendant may have misunderstood his obligations in

22 regards to responding to plaintiff's complaint, being under the impression that an e-mail response

23 to plaintiff's counsel within 21 days of service was sufficient. Such a misunderstanding by a pro

24 se litigant is not indicative of "devious, deliberate, willful, or bad faith" conduct. Mesle, 615

25 F.3d at 1092. Additionally, defendant's relative promptness in seeking relief from the default

26 (one week after the clerk's entry of default and the filing of plaintiff's motion for default

1    judgment) further suggests that defendant did not willfully ignore his obligation to respond.
2    (Dkt. Nos. 17, 18, 24.)
3            Accordingly, the court finds that plaintiff did not engage in culpable conduct
4    leading to the default.
5            Lack of a Meritorious Defense
6            Defendant's response to plaintiff's motion for default judgment does not address
7    the merits of plaintiff's claims and does not explicitly set forth a meritorious defense.  This factor
8    therefore weighs against setting aside the entry of default.  Nevertheless, the court does not find
9    this factor to be dispositive, especially because defendant was only relatively recently served with
10   process in December 2012, is proceeding without counsel, and likely has not had a meaningful
11   opportunity to evaluate plaintiff's claims and investigate the facts.  See Brandt, 653 F.3d at 1112
12   (suggesting that a court may, within its discretion, grant relief from default even after finding one
13   of the "good cause" factors to be true).  Because the record does not affirmatively show the
14   absence of a meritorious defense, but at best is undeveloped at this juncture, the court does not
15   give this factor controlling weight.
16           Prejudice
17           Finally, the court finds that setting aside the entry of default would result in little
18   cognizable prejudice to plaintiff.  "To be prejudicial, the setting aside of a judgment must result
19   in greater harm than simply delaying resolution of the case.  Rather, 'the standard is whether
20   [plaintiff's] ability to pursue his claim will be hindered.'"  TCI Group Life Ins. Plan v. Knoebber,
21   244 F.3d 691, 701 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per
22   curiam)).  Merely being forced to litigate on the merits cannot be considered prejudicial in this
23   context.  Id.
24           Here, as noted above, plaintiff only served defendant with process in December of
25   2012, and defendant promptly responded to plaintiff's motion for default judgment.  There is no
26   indication that the relatively short delay in this case resulted in any tangible harm, such as loss of

1 evidence, increased difficulties of discovery, etc. See TCI Group Life Ins. Plan, 244 F.3d at 701.
2 Therefore, the undersigned finds that plaintiff's ability to pursue its claims will not be hindered
3 by setting aside the entry of default.
4       Taking all of the factors in consideration, the court finds it appropriate to set aside
5 the clerk's entry of default. Defendant's pro se status and lack of culpability with respect to the
6 default, the absence of prejudice to plaintiff in setting aside the default, and the well-established
7 policies favoring a resolution on the merits and disfavoring default judgments strongly militate in
8 favor of setting aside the entry of default.
9       Plaintiff's opposition chastises the court for a purported policy "that entry of
10 default will always be set aside if the defendant against whom default has been entered manages
11 to submit, again, any sort of document, before default judgment has been entered." (Dkt. No. 28
12 at 2.) Plaintiff contends that this "foregone conclusion" upsets the predictability and even
13 playing field created by the Federal Rules of Civil Procedure. (Id.) However, this court is
14 constrained by the fact that the Ninth Circuit's "rules for determining when a default should be
15 set aside are solicitous towards movants, especially those whose actions leading to the default
16 were taken without the benefit of legal representation." Mesle, 615 F.3d at 1089. Additionally,
17 although the rules are solicitous towards pro se defendants, setting aside an entry of default is
18 never a foregone conclusion and requires a careful analysis of the factors discussed above.
19 Under the facts of this case, such an analysis compels the conclusion that setting aside the entry
20 of default is warranted and in the interests of justice.
21       Notwithstanding the foregoing, the undersigned is sympathetic to litigants facing
22 opposing parties who may be tempted to make a habit of missing deadlines and failing to follow
23 the rules of litigation procedure and/or court orders. At present, the undersigned has given
24 defendant the benefit of the doubt. However, *defendant is cautioned that any future failure to*
25 *comply with deadlines, the court's orders, the Federal Rules of Civil Procedure, or the court's*
26 ////

8

*Local Rules may result in the imposition of appropriate sanctions.*[4] If defendant requires additional time to meet a deadline, defendant should meet and confer with opposing counsel and, if necessary, shall request extensions of time from the court well in advance of the deadline at issue.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's response (dkt. no. 24), construed as a request to set aside the Clerk's entry of default, is GRANTED.

2. The Clerk's entry of default (dkt. no. 17) is VACATED.

3. Defendant shall file in court and serve on plaintiff his answer or other responsive pleading to plaintiff's operative complaint within 28 days of the date of service of this order.

4. Plaintiff's motion for default judgment (dkt. no. 18) is DENIED AS MOOT.

IT IS SO ORDERED.

DATE: February 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] A copy of the court's Local Rules can be obtained from the Clerk of Court or can be viewed on the court's website at http://www.caed.uscourts.gov.

9

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, ) | No. 2:12-cv-01657-GEB-KJN |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S NOTICE OF VOLUNTARY** |
| v. ) | **DISMISSAL OF ACTION WITHOUT** |
| ) | **PREJUDICE** |
| TREVOR NOORDMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntary dismisses this action in its entirety without prejudice.

In accordance with Federal Rule of Civil Procedure 41(a)(1), Defendant has neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

///

///

///

///

///

///

Respectfully Submitted,

**DATED: February 8, 2013**

By:     /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 8, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, and that a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

>Trevor Noordman
>1217 Nevada Avenue
>Los Banos, CA 93635-4038

>/s/ Brett L. Gibbs, Esq.
>Brett L. Gibbs, Esq.

3
NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE