Paul Duffy (Bar No. 224159)
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: (800) 380-0840
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br>v.<br><br>DAVID TRINH,<br><br>        Defendant. | Case No. 3:12-CV-02393-CRB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR COSTS AND ATTORNEY FEES**

On March 22, 2013 Defendant filed a motion for costs and attorneys fees. (ECF No. 51.) Defendant argues that he is entitled to $8,425.00 in attorney's fees and costs. (*Id.*) The Court should not discretionarily award attorney fees to Defendant. Defendant is not entitled to any attorney's fees or costs because the imposition of fees will not further the interests of the Copyright Act. Even if Defendant were entitled to attorney's fees and costs, the amount should be reduced substantially, as set forth below.

**FACTUAL BACKGROUND**

Plaintiff initiated this action by bringing allegations of copyright infringement under the Copyright Act and related contributory infringement and negligence claims against an unknown defendant. (ECF No.1.) Plaintiff sought, and the Court granted, discovery to identify the unknown defendant. (ECF Nos. 7, 10.) Plaintiff amended its complaint and named David Trinh as the Defendant in this action. (ECF No. 13.) Defendant brought a motion to require Plaintiff to post an

undertaking to proceed in this action. (ECF No. 20.) The Court granted Defendant's motion and required Plaintiff to post an undertaking of $48,000.00 with the Court. (ECF No. 23.) Plaintiff was unable to post a bond of $48,000.00 for a single case of copyright infringement and, as a result, the Court dismissed the case with prejudice. (ECF No. 45.) Defendant filed a motion for attorney's fees and costs. (ECF No. 51.) Plaintiff responds to Defendant's motion herein.

## ARGUMENT

The Court should deny Defendant's motion. The Court should discretionarily decline to award attorney fees to Defendant. Defendant is not entitled to any attorney's fees or costs because the imposition of fees will not further the interests of the Copyright Act. Even if Defendant were entitled to attorney's fees and costs, the amount should be reduced substantially.

### I. THE COURT SHOULD DISCRETIONARILY DECLINE TO AWARD ATTORNEYS FEES

The Copyright Act permits a court to award attorney fees and costs to the prevailing party. 17 U.S.C. § 505. The award of attorney's fees is discretionary.[1] *Id.* ("the court may also award a reasonable attorney's fee to the prevailing party as a part of the costs."); *Fogerty v. Fantasy Inc.,* 510 U.S. 517 (1994) (explaining that the decision to award attorney fees to a prevailing party is left to the sound discretion of the trial court). In exercising that discretion, courts looks to various non-exclusive factors approved by the Supreme Court, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, n.19.

Plaintiff has brought meritorious claims against the Defendant and still maintains that Defendant committed the actions alleged in Plaintiff's amended complaint. (ECF No. 13.) Plaintiff is simply unable to post an undertaking of $48,000.00 with the Court in order to litigate its claims. While Defendant makes numerous unsupported *ad hominem* attacks against Plaintiff and Plaintiff's counsel for bringing this action against him, Defendant does not demonstrate that Plaintiff's claims are frivolous, brought with malicious motivation, or objectively unreasonable. (ECF No. 51.)

---

[1] While Defendant labels his motion as one for both costs and attorney's fees, Defendant only seeks to be reimbursed for the attorney's fees. (*See generally* ECF Nos. 51, 51-14.)

Plaintiff simply wishes to protect its copyrighted work from the epidemic level of infringement that is taking place over the Internet. (ECF No. 13.) Further, Plaintiff has already been deterred from bringing litigation such as this as it cannot afford to post an undertaking with the court every time it wishes to litigate its claims. Further deterrence through an award of attorney's fees is, therefore, unnecessary. The Court should use its discretion and not award Defendant attorney's fees.

## II.  DEFENDANT IS NOT ENTITLED TO ANY ATTORNEY'S FEES OR COSTS BECAUSE THE IMPOSITION OF FEES WILL NOT FURTHER THE INTERESTS OF THE COPYRIGHT ACT

Defendant is not eligible for an award of costs and fees under the Copyright Act because awarding them will not further the interests of the Copyright Act.  Under the Copyright Act, a court may award a prevailing party its reasonable attorney's fees only if the "imposition of fees will further the interests of the Copyright Act." *Mitek Holdings, Inc. v. Arce Engineering, Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-28 (1994) (discussing the propriety of attorney's fees under the Copyright Act in light of the Act's policy goals). The Copyright Act aims "to stimulate artistic creativity for the public's ultimate good." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). "It is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* The policies of the Copyright act are furthered if a successful claim or defense increases public exposure to a creative work. *See id.*

The instant action has not furthered—much less implicated—the interests of the Copyright Act. The substance of every pleading filed by Defendant consists of primarily *ad hominem* attacks against Plaintiff, Prenda Law, Inc., and associated attorneys. (ECF Nos. 20, 22, 30, 32, 51.) The Court dismissed this case with prejudice due to Plaintiff's inability to post an undertaking of $48,000 with the Court. (ECF No. 45.) Nothing was been litigated regarding the merits of Plaintiff's copyright infringement claims or Defendant's defenses. No successful claim or defense increased the public's exposure to a creative work. Therefore, the policy goals of the Copyright Act have not been furthered in this action. Defendant offers no basis to conclude that Plaintiff's copyright infringement

3

claim against Defendant was anything but meritorious. The Supreme Court has recognized the peril posed by digital piracy. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928 (2005) (citing the concern "that digital distribution of copyrighted material threatens copyright holders as never before.'). The enforcement efforts of companies like Plaintiff further the goals of the Copyright Act by reversing the "disdain for copyright protection [brought about by mass-digital piracy]." *Metro-Goldwyn-Mayer Studios, Inc.*, 545 U.S. at 929. Defendant fails to cite to any case that would support an award of fees under the circumstances here. Defendant's motion for costs and fees should be denied.

### III. DEFENDANT'S REQUEST FOR $8,425.00 IS EXCESSIVE UNDER THE CIRCUMSTANCES

Defendant also requests $8,425.00 in attorney's fees. (ECF No. 51 at 18.) This is based on Defendant's counsel Nicholas Ranallo's representation that he spent 33.7 hours litigating this case at an hourly rate of $250/hour. (*Id.*) A substantial portion of the time spent litigating this matter stems from Defendant's motion for undertaking. (ECF No. 51-14) (showing that Defendant's counsel spent at least 14.8 of the 33.7 hours researching, drafting, editing, and filing Defendant's motion for undertaking). Defendant's counsel filed the same formulaic motion for undertaking in two other Northern District of California cases involving Plaintiff. *AF Holdings, LLC v. Joe Navasca*, No. 3:12-cv-02396-EMC (N.D. Cal. Dec. 12, 2012), ECF No. 22; *AF Holdings, LLC v. Andrew Magsumbol*, No. 3:12-cv-04221-SC (N.D. Cal. Jan 28, 2013), ECF No. 20. Defendant's counsel cannot claim that the entirety of the time that he researched for and drafted the motions for undertaking was for this case. The 14.8 hours spent by Defendant's counsel regarding the motions for undertaking should be divided evenly among the three cases: for a total of 5 hours spent on the motion for undertaking in the instant case. This reduces Defendant's counsel's total hours by 9.8 hours (14.8 hours minus 5 hours) to a total of 23.9 hours (33.7 hours minus 9.8 hours). At an hourly rate of $250/hour Defendant could be awarded only a total of $5,975.00 if Defendant was actually entitled to any attorney's fees or costs.

**CONCLUSION**

The Court should not grant Defendant's motion. The Court should discretionarily decline to award attorney fees to Defendant. Defendant is not entitled to any attorney's fees or costs because the imposition of fees will not further the interests of the Copyright Act. Even if Defendant were entitled to attorney's fees and costs, the amount should be reduced substantially as set forth herein.

Respectfully Submitted,

**DATED: April 5, 2013**

By:     /s/ Paul Duffy
Paul Duffy (Bar No. 224159)
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: (800) 380-0840
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

**DATED: April 5, 2013**          By:               /s/  Paul Duffy