Paul Duffy (Bar No. 224159)
2 N. LaSalle Street, 13th Floor
Chicago, IL 60601
Phone: (312) 952-6136
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID TRINH, )<br>)<br>Defendant. )<br>)<br>) | **Case No. 3:12-CV-02393-CRB**<br><br>**APPLICATION OF AF HOLDINGS, LLC FOR ORDER STAYING PROCEEDINGS AND ENFORCEMENT OF ORDER GRANTING ATTORNEY FEES PENDING APPEAL**<br><br>Judge: Hon. Charles R. Breyer |

AF Holdings, LLC ("AF Holdings") hereby apples to this Court for an order staying the enforcement of its May 24, 2013 Order awarding attorneys' fees and costs to counsel for the Defendant in this matter, pending resolution of AF Holdings' appeal before the United States Court of Appeals for the Ninth Circuit. The basis for this Application is that enforcement of the Order awarding attorneys' fees and costs could materially harm AF Holdings' financial condition.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ORDER STAYING ENFORCEMENT OF ORDER ISSUING ATTORNEYS' FEES**

### I. FACTUAL BACKGROUND

Plaintiff initiated this action by bringing allegations of copyright infringement under the Copyright Act and related contributory infringement and negligence claims against an unknown defendant. (ECF No.1.) Plaintiff sought, and the Court granted, discovery to identify the unknown defendant. (ECF Nos. 7, 10.) Once Plaintiff identified the infringing party, Plaintiff amended its complaint and named David Trinh as the Defendant in this action. (ECF No. 13.) Defendant brought a motion to require Plaintiff to post an undertaking to proceed in this action. (ECF No. 20.) The Court granted Defendant's motion and required Plaintiff to post an undertaking of $48,000.00 with the Court. (ECF No. 23.) Plaintiff was unable to post a bond of $48,000.00 for a single case of copyright infringement and, as a result, the Court dismissed the case with prejudice. (ECF No. 45.) Defendant filed a motion for attorney's fees and costs. (ECF No. 51.) The Court granted Defendant's motion on May 24, 2013, and awarded Defendant fees in the amount of $9,425.00. (ECF 58.)

### II. ARGUMENT

The Court should stay its Order granting those fees until after the appeal of this case is decided. Federal Rule of Appellate Procedure ("FRAP") Rule 8 applies to an appellant's request for a stay of an order of the district court pending appeal. FRAP 8(a). The determination as to whether to do so is upon application of a four-part analysis:

(a) Whether the applicant for a stay has made a strong showing that it is likely to succeed on the merits;

(b) Whether the applicant will be irreparably injured absent a stay;

(c) Whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(d) Where the public interest lies.

*See Hilton v. Braunskill,* 481 U.S. 770, 776-77 (1987). Application of that standard favors a stay in this case.

**A. AF Holdings Has Made A Strong Showing Of Success On The Merits.**

Plaintiff has shown that it has a strong chance of success on the merits upon appeal and thus the Court should grant a stay.

An applicant seeking a stay is not required to show that "success is more likely than not"; instead, it must show that there is a "fair prospect" for success, or "a substantial case on the merits," or that "serious legal questions are raised." *Leiva-Perez v. Holder,* 640 F.3d 962, 967-68 (9th Cir. 2011). Here, Plaintiffs have made this showing because, while the Court's award of fees was pursuant to the Federal Copyright Act, there was no full adjudication of copyright claims on the merits in this action.

The Copyright Act permits a court to award attorney fees and costs to the prevailing party. 17 U.S.C. § 505. The award of attorney's fees is discretionary. *Id.* ("the court may also award a reasonable attorney's fee to the prevailing party as a part of the costs."); *Fogerty v. Fantasy Inc.,* 510 U.S. 517 (1994) (explaining that the decision to award attorney fees to a prevailing party is left to the sound discretion of the trial court). In exercising its discretion, courts looks to various non-exclusive factors approved by the Supreme Court, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, n.19.

Plaintiff believes that it brought meritorious claims against the Defendant and still maintains that Defendant committed the actions alleged in Plaintiff's amended complaint. (ECF No. 13.) As Plaintiff indicated, however, it was unable to post an undertaking of $48,000.00 with the Court in order to litigate its claims. While Defendant made numerous unsupported *ad hominem* attacks against Plaintiff and Plaintiff's counsel for bringing this action against him, Defendant did not demonstrate that Plaintiff's claims are frivolous, brought with malicious motivation, or objectively unreasonable. (*See generally* ECF No. 51.) Plaintiff brought this action to protect its copyrighted work from the epidemic level of infringement that is taking place over the Internet. (ECF No. 13.) Further, the Court's order requiring an undertaking already has deterred Plaintiff from bringing litigation such as this, as it cannot afford to post an undertaking each time it seeks to litigate its claims. Further deterrence through an award of attorney's fees is, therefore, unnecessary.

The question of whether Plaintiff should be required to post a substantial undertaking in order to bring a lawsuit is distinct from whether the Defendant succeeded on the merits. Plaintiff believes that it has more than a fair prospect of success on the merits because this case turned upon whether the Plaintiff was able or willing to post an undertaking of $48,000 simply to pursue its claim. The Defendant did not obtain a judgment upon the merits of its copyright claim and Plaintiff believes there is a fair prospect that the award of fees under the Copyright Act may be reversed on appeal.

**B. Plaintiff Will Be Injured If The May 24 Order Is Not Stayed.**

Plaintiff has already been penalized by the financial hardship of being required to post a significant undertaking in order to continue its lawsuit. Requiring it to pay attorney fees before its appeal is decided will further cause injury to it and amounts to a second financial penalty being imposed on it in the same case.

The Court should also stay the requirement to pay attorney fees until after the Appeal is concluded, because imposition of fees does not further the interests of the Copyright Act. Under the Copyright Act, a court may award a prevailing party its reasonable attorney's fees only if the "imposition of fees will further the interests of the Copyright Act." *Mitek Holdings, Inc. v. Arce Engineering, Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-28 (1994) (discussing the propriety of attorney's fees under the Copyright Act in light of the Act's policy goals). The Copyright Act aims "to stimulate artistic creativity for the public's ultimate good." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). "It is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id*. The policies of the Copyright act are furthered if a successful claim or defense increases public exposure to a creative work. *See id*.

This matter action has not furthered—much less implicated—the interests of the Copyright Act. The substance of every pleading filed by Defendant consists of primarily *ad hominem* attacks against Plaintiff, Prenda Law, Inc., and associated attorneys. (ECF Nos. 20, 22, 30, 32, 51.) The

Court dismissed this case with prejudice due to Plaintiff's inability to post an undertaking of $48,000 with the Court. (ECF No. 45.) Nothing was litigated regarding the merits of Plaintiff's copyright infringement claims or Defendant's defenses. No successful claim or defense increased the public's exposure to a creative work. Therefore, the policy goals of the Copyright Act have not been furthered in this action. The Supreme Court has recognized the peril posed by digital piracy. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928 (2005) (citing the concern "that digital distribution of copyrighted material threatens copyright holders as never before.'). The enforcement efforts of companies like Plaintiff further the goals of the Copyright Act by reversing the "disdain for copyright protection [brought about by mass-digital piracy]." *Metro-Goldwyn-Mayer Studios, Inc.*, 545 U.S. at 929.

### C. There Are No Parties Who Will Be Prejudiced By A Stay.

The underlying case has been dismissed, and the Court dismissed it with prejudice. (ECF No. 45.) Much of the claim for attorney fees were a consequence of counsel for Defendant, who has made the professional decision to thwart cases seeking to recover for digital copyright infringement. Much of the work subject to the attorney fee award was performed after Plaintiff chose not to post the undertaking and the case was dismissed, and much of the work is duplicative of that which Defendant's counsel has filed in similar cases throughout the Northern District of California. As a consequence, staying the May 24 Order will not unduly prejudice any parties.

### D. The Public's Interest Will Not Be Harmed By A Stay.

Finally, granting a stay will not cause harm to the public. As set forth above, the determinant which caused dismissal of this case was the court's imposition of the $48,000 undertaking, which deterred Plaintiff from proceeding. As a consequence of that decision, Plaintiff has been, and continues to be, deterred from bringing copyright claims such as the underlying case at least until the appeal is concluded. Given that, granting Plaintiff a stay in paying attorney fees until after the appeal will not have an impact upon the public's interest.

### III. CONCLUSION

The Court's Orders in this case have already had the result of severely deterring cases such as the underlying case in this District. There is no prejudice in slowing down the payment of attorney's

fees that the Court awarded until after the appeal of this matter is concluded. The equities of this matter strongly favor staying execution of the May 24, 2013 Order until after Plaintiff has had the opportunity to complete the appellate process. For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application for a Stay.

                                              Respectfully submitted,
                                              AF Holdings, LLC

DATED: June 6, 2013

                                              By: s/ Paul A. Duffy
                                              *One of its attorneys*
                                              Paul A. Duffy, Esq.
                                              2 N. LaSalle Street
                                              13th Floor
                                              Chicago, IL 60602
                                              (312) 952-6136
                                              pduffy@pduffygroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system.

By: s/ Paul A. Duffy