Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant David Trinh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., | Case No. 3:12-cv-02393-CRB |
| Plaintiff, | |
| v. | **DAVID TRINH'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR STAY** |
| DAVID TRINH | |
| Defendants. | |

## I.    **INTRODUCTION**

On May 24, 2013, this Court granted defendant David Trinh's Motion for Attorney's Fees pursuant to 17 U.S.C. §505 and awarded $9425.00 to Mr. Trinh.  On June 6, 2013, Plaintiff AF Holdings, LLC filed an application to stay enforcement of the attorney fee award pending AF Holdings' appeal.  Plaintiff's automatic stay of enforcement has now expired.  As described further below, AF Holdings' application falls far short of the required showing in order to obtain a stay without posting sufficient security.  Plaintiff fails to identify any error in the Court's original orders, and likewise completely fails to show any prejudice to Plaintiff in the absence of a stay. AF Holdings argument that Defendant will not be  prejudiced by a stay is clearly false, and AF Holdings' argument that the public interest would be served by such a stay is likewise erroneous. In short, AF Holdings' has not established its entitlement to a stay, and this court should deny any request that is not accompanied by a supersedeas bond sufficient to cover the entire judgment,

1 pursuant to Fed. Rule Civ. Proc. 62(d), as well as additional costs and attorney's fees of the
2 proposed appeal, pursuant to Fed. Rule App. Proc. 7.

3                                        II.    **LEGAL STANDARD**

4       In determining whether to grant a stay pending an appeal of its judgment, the Court
5 considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on
6 the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance
7 of the stay will substantially injure the other parties interested in the proceeding; and (4) where the
8 public interest lies." *Nken v. Holder,* 556 U.S. 418, 434 (2009), (quoting *Hilton v. Braunskill,* 481
9 U.S. 770, 776 (1987). As described below, although Plaintiff's application for a stay recognizes
10 the appropriate standard, Plaintiff fails to establish its entitlement to the relief requested.

11

12                                        III.    **ARGUMENT**

13 **A.    AF HOLDINGS HAS NOT MADE A STRONG SHOWING OF LIKELY SUCCESS**
14 **ON THE MERITS**

15       As an initial matter, Plaintiff's application fails because it has not shown a likelihood of
16 success on the merits regarding any of the numerous orders that they desire to challenge. Indeed,
17 each decision will be reviewed under a standard that is deferential to the district court's findings,
18 and the district court's original findings are squarely supported by applicable law. Undoubtedly
19 the chief motive for this appeal is the Court's award of attorney fees, which is reviewed for abuse
20 of discretion. *Maljack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir.
21 1996). There is ample support for an award of fees herein under any standard, and it is somewhat
22 farfetched to argue that such an award is, in fact, an abuse of this court's discretion. As previously
23 described at great length by Defendant, each and every one of the "Fogerty Factors" counsels in
24 favor of an award of fees to Mr. Trinh, and Plaintiff did not even address the relevant factors in its
25 opposition to fees. Moreover, there is ample support for this court's conclusions that an Plaintiff's
26 evidence of infringement was weak and that Plaintiff's negligence claim was "deeply flawed." As
27 such, imposition of an undertaking was entirely appropriate. AF Holdings has failed to raise any

28
                                                    2

argument regarding its likelihood of success with regard to the other orders that it seeks to appeal – thus failing to satisfy its burden of making a strong showing of likely success on the merits.

## B.   IRREPARABLE HARM TO AF HOLDINGS

Plaintiff's application likewise affords no basis to conclude that AF Holdings will be irreparably harmed by the requirement of a bond, or the refusal to grant a stay in the absence of a proper bond. Indeed, Plaintiff's entire submission on this point is unsupported, conclusory, and nonetheless insufficient to establish entitlement to relief (even if each unsupported conclusion is accepted). Indeed, almost the entirety of this section is devoted to further arguments regarding why the initial award of fees was improper. Plaintiff's sole argument that seems to fit under this section can be summarized as follows:  "Plaintiff has already been penalized by the financial hardship of being required to post a significant undertaking in order to continue the lawsuit. Requiring it to pay attorney fees before its appeal is decided will further cause injury to it and amounts to a second financial penalty being imposed in the same case."  ECF No. 61 at 4.

As an initial matter, Plaintiff's argument fails to identify any actual harm to AF Holdings, and boils down to an unsupported statement that AF Holdings would be harmed by a stay because AF Holdings would be harmed by a stay. This is plainly insufficient. To warrant a stay, there must be a showing of more than some possibility of irreparable injury. Instead, the Ninth Circuit requires that the applicant show that "there is a probability of irreparable injury if the stay is not granted." *Lair v. Bullock,* 697 F.3d 1200, 1214 (9th Cir. 2012).  Moreover, it is well established that "monetary injury is not normally considered irreparable..." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1202 (9th Cir. 1980).

It is clear, in light of the foregoing, that Plaintiff has not established irreparable injury as required for the relief it requests. Moreover, given the facts surrounding AF Holdings, there is simply no reason to believe that any person or entity would be harmed by the denial of its application herein. Indeed, AF Holdings' 30(b)(6) deponent previously has testified that AF Holdings entire business model consists of litigation, and that all prior proceeds of this litigation

1  are sitting in Prenda Law's client trust account for AF Holdings. Moreover, the only expenses that

2  AF Holdings incurs are related to litigation, and they have withdrawn virtually every one of their

3  cases that were pending. Finally, it appears that the only identified/unidentified beneficiaries of

4  the trust that owns AF Holdings are the unborn children of Prenda Law paralegal, and purported

5  manager of AF Holdings, Mark Lutz. It is difficult to believe that the unsubstantiated claims of

6  harm to some unborn individuals satisfies the requirement of irreparable injury required by

7  Plaintiff's application.

8

9  **C.    SUBSTANTIAL INJURY TO MR. TRINH**

10        Plaintiff's argument that "There are no parties who will be prejudiced by a stay" is also

11  plainly incorrect. AF Holdings is a highly questionable entity, organized in St. Kitts and Nevis,

12  which is wholly controlled by a paralegal and some unborn children. AF Holdings presently owes

13  Mr. Trinh $9425 that he has incurred in defending himself. As of the date of filing of the instant

14  motion, this is an undeniable fact. Moreover, as recognized by Judge Otis Wright in imposing a

15  substantial appellate bond upon, inter alia, AF Holdings, the parties and entities involved herein

16  were subject to a "sanctions award for fraudulent conduct" based upon a "web of mysterious

17  offshore entities controlled by the Prenda parties" a substantial bond and extraordinary conditions

18  are appropriate.  A copy of Judge Wright's order is annexed hereto as Exhibit A.  A stay in this

19  matter, without substantive conditions guaranteeing defendant's ability to collect after success on

20  appeal, will substantially prejudice defendant. It will allow AF Holdings, Prenda Law, and the

21  associated fraudulent entities to take steps to dissipate AF Holdings' assets, including through

22  continued payments to Prenda Law and 6881 Forensics – both entities with substantial

23  connections to Plaintiff – thereby frustrating Mr. Trinh's attempts to ultimately collect on his

24  judgment. Indeed, Mr. Trinh intends to undertake prompt discovery to identify and isolate any

25  assets belonging to AF Holdings and execute immediately upon those assets. In the event that

26  such assets have been transferred in order to frustrate the instant judgment, Mr. Trinh likewise

27  intends to identify and isolate the assets of the transferees. Granting Plaintiff's application for a

28

stay, without requiring sufficient security, would leave Mr. Trinh with substantial questions regarding whether he will ever be able to collect on any judgment.  This will harm Mr. Trinh by, inter alia, denying him funds that can be used for his appeal.

Plaintiff's argument under this prong is nonsensical.  Indeed, AF Holdings essentially argues that Mr. Trinh should not have been awarded fees, and therefore he will not be harmed by withholding those fees pending the outcome of the appeal.  Plaintiff takes issue with the fact that counsel for the defendant has "made the professional decision to thwart cases seeking to recover for digital copyright infringement."  This is completely irrelevant to the question of whether Mr. Trinh will be prejudiced by the stay and AF Holdings' argument can again be boiled down to the statement that Mr. Trinh will not be prejudiced by a stay because Mr. Trinh will not be prejudiced by a stay.  Again, Plaintiff's showing is insufficient.

## D.      THE INTEREST OF THE PUBLIC

Finally, Plaintiff argues that "granting a stay will not cause harm to the public" since "Plaintiff has been, and continues to be, deterred from bringing copyright claims" by this court's order requiring an undertaking.  Plaintiff's argument is intentionally misleading.  As described in the Reply in Support of Defendant's Motion for Attorney Fees, Plaintiff was not deterred by the undertaking in the instant matter, and filed multiple new cases after the imposition of the undertaking.  See ECF No. 53 at 5.  In actuality, Plaintiff has been forced to withdraw all of its pending copyright claims based on the fact that it has been judicially determined to have committed a fraud upon the court, and has been judicially prohibited from using Alan Cooper's name as a representative of AF Holdings.  The public interest is certainly not served by allowing a fraudulent enterprise to avoid the consequences of its fraud.  Instead, the public interest is properly served by assuring that all litigants are held responsible for their actions and by assuring that creditors  of suspect companies are granted sufficient security to guarantee that they will ultimately collect all that has been determined to be due.

# IV.   CONCLUSION

AF Holdings application for a stay is fatally defective, and must be rejected.  As Plaintiff is certainly aware, it may secure the stay that it requests by providing sufficient security to ensure that Mr. Trinh is ultimately able to collect the sum that he has already been awarded, as well as the sum to which he will be entitled upon the inevitable failure of Plaintiff's appeal.   Although Plaintiff would like to turn back the clock, it cannot.  The fact is that AF Holdings owes Mr. Trinh $9425, and its time for payment has expired.  Plaintiff's application for a stay of execution plainly fails to establish its entitlement to any relief, and it has offered only unsupported and unsupportable conclusions in support of its application.  Indeed, this court should deny any request for any stay that is not accompanied by a supersedeas bond sufficient to cover the entire judgment, pursuant to Fed. Rule Civ. Proc. 62(d), as well as additional costs and attorney's fees of the proposed appeal, pursuant to Fed. Rule App. Proc. 7.


DATED: June 10, 2013             Respectfully Submitted,

NICHOLAS RANALLO, ATTORNEY AT LAW


By:_____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar #275016)
Attorney for David Trinh
371 Dogwood Way,
Boulder Creek, CA 95006
P: 831.703.4011
F: 831.533.5073
nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 10th day of June, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/s/            Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law